# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ANDREW J. MAXWELL,** not individually, but as Trustee for the estate of Eduardo Garcia and Julia Escamilla, now known as Julia Garcia, and **EDUARDO GARCIA**, **JULIA GARCIA**, **BYRON GARCIA**, and **MIRIAHM GARCIA**, individually, | Case No. 1:20-cv-02402 |
| Plaintiffs, | Honorable Rebecca R. Pallmeyer |
| v. | |
| **WELLS FARGO BANK, N.A.**, | |
| Defendant. | |

### PLAINTIFFS' SUR-RESPONSE TO DEFENDANT WELLS FARGO'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT [DE 20]

Plaintiffs, Andrew J. Maxwell, not individually, but as Trustee for the estate of Eduardo Garcia and Julia Escamilla, also known as Julia Garcia, and Eduardo Garcia, Julia Garcia, Byron Garcia, and Miriahm Garcia ( the "Garcias"), respond to Defendant Wells Fargo's Notice of Supplemental Authority in Support of its Motion to Dismiss Plaintiffs' Complaint, as follows:

### INTRODUCTION

Defendant Wells Fargo's Motion to Dismiss Counts One and Two [DE 14] was filed on July 20, 2020. Thereafter, Plaintiffs' Response in Opposition to Wells Fargo's Motion to Dismiss Counts One and Two [DE 17] was filed followed by Wells Fargo's Reply in Support of Its Motion to Dismiss [DE 19], which was filed on August 31, 2020. On February 3, 2021, Wells Fargo filed a sur-reply in support of its motion to dismiss, styled as Notice of Wells Fargo Bank, N.A. of Supplemental Authority in Support of its Motion to Dismiss Plaintiffs' Complaint [DE 20]. In this sur-reply Wells Fargo seeks to supplement its previous motion and briefing by citing three

1

unpublished opinions in matters where Wells Fargo is a defendant in two cases pending in the District of New Jersey and one case pending in the Eastern District of Kentucky. By minute entry [DE 22], the Court granted Plaintiffs leave to file a sur-response.

## ARGUMENT

In its sur-reply, Wells Fargo directs the Court to: *Duncan v. Wells Fargo Bank, N.A.*, 2021 WL 22086 (D.N.J. Jan. 4, 2021) and *Van Brunt v Wells Fargo Bank*, N.A., 2020 WL 7868153 (D.N.J. Dec. 31, 2020), arguing that dismissal of those related cases (which are based upon the same "glitch" at issue here) by Judge Brian R. Martinotti supports dismissal of this case because the New Jersey's Consumer Fraud Act ("NJCFA") is substantially similar to the Illinois Consumer Fraud Act, 815 ILCS 505/1 et seq. ("ICFA"). Defendant fails to elaborate, however, as to how the Acts are similar. Wells Fargo also points to *West v. Wells Fargo Bank, N.A.,* 2020 WL 6706351 (E.D. Ky. Nov. 12, 2020), arguing that Judge Joseph M. Hood found Wells Fargo owed no duty to a borrower, like the plaintiffs here, and as such no causation could be established. Because the relevant substantive law of Illinois is materially different from that of New Jersey and Kentucky, the Court should reject any argument of legal equivalence here.

**A. Illinois' Consumer Fraud Statute, ICFA, differs materially from the NJCFA at issue in *Duncan* and *Van Brunt*.**

The ICFA proscribes "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact." 815 Ill. Comp. Stat. 505/2. The Illinois Supreme Court has held that a plaintiff may recover under the ICFA for unfair as well as deceptive conduct. *Robinson v. Toyota Motor Credit Corp.,* 775 N.E.2d 951, 960 (Ill. 2002); *Saccameno v. Ocwen Loan Servicing, LLC*, 372 F.Supp

3d 609, 628 (N.D. Ill. 2019) ("Plaintiffs may assert claims under ICFA based on either deceptive conduct or unfair conduct (or both). See, e.g., *Camasta v. Omaha Steaks Int'l, Inc.*, No. 12-CV-08285, 2013 WL 4495661, at *8 (N.D. Ill. Aug. 21, 2013) ("Recovery may be obtained for unfair and deceptive conduct, and thus [plaintiff] may proceed under either theory.") (citing *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002)); see also, *Lowry v. Wells Fargo Bank, N.A.*, 2016 WL 593815 (N.D. Ill. 2016). Here, Plaintiffs' ICFA claims are brought as ICFA unfairness claims only.

In *Duncan* and *Van Brunt*, Judge Martinotti applied the heightened pleading standard of Fed R. Civ P. 9(b) applicable to actions sounding in fraud and found plaintiffs' allegations to be conclusory as to the causal nexus of the calculation error to the loss of the home. 2021 WL 22086 at *4-5; 2020 WL 7868153 at *4-5. The heightened standard of Rule 9(b) clearly does not apply to a claim for unfairness under the ICFA. "Allegations of unfair acts under the ICFA are subject to Rule 8(a)'s general pleading standard, while allegations of deceptive acts "sound[] in fraud" and are therefore subject to Rule 9(b)'s heightened pleading standard." *Lowry*, at *6, citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 446 (7th Cir. 2011). This critical difference in pleading standard distinguishes these opinions offered by Wells Fargo and renders them of no persuasive value in this case. Under the more lenient pleading standard of Fed R. Civ P. 8(a), the Garcias have plausibly alleged a causal connection between Wells Fargo's conduct and loss of the subject home.

As discussed in paragraph 101 of DE 1, Wells Fargo admits that the borrowers would have received a trial modification but for Wells Fargo's error. This is a direct admission of wrongdoing. In addition, the Garcias have pled in exacting detail the needless harms inflicted upon them by Wells Fargo's conduct. These allegations are contained at DE 1, Para. 112-120. Further, in

opposition to Wells Fargo's motion at DE 17, page 11, the Garcias explained that a trial modification under HAMP would have required Wells Fargo to calibrate their modification payment to no more than 31% of their reduced monthly income. In effect, Wells Fargo's admission that the Garcias qualified for a trial modification is a concession that their modified payment would have been affordable. Further, under HAMP directives, Wells Fargo would have been required to provide a permanent modification after the Garcias made three trial modification payments. *See Making Home Affordable - Understand the Terms of Your Modification - Trial Period*. The Garcias' allegations appear to go much further than those in either *Duncan* or *Van Brunt*, by demonstrating that the failure to provide the trial modification was tantamount to denying the permanent modification by precluding the new affordable HAMP payment of not more than 31% of the Garcias' current income at the time of their application for the HAMP modification. The Garcias' allegations more than satisfy the requirements of Rule 8(a).

> **B. Wells Fargo has waived any argument related to "loss of chance" and that argument does not support dismissal on the facts presented in this case.**

The last case offered by Wells Fargo is the *West v. Wells Fargo Bank* case from the Eastern District of Kentucky. This case was dismissed on Wells Fargo's "loss of a chance"[1] argument - that Wells Fargo deprived the borrowers of the opportunity to enter into a *trial* modification of the borrowers' loan. As a threshold matter, this argument was not made by Wells Fargo in its motion to dismiss, cannot be raised for the first time in a sur-reply, and is now waived. *See Campos v.*

---

[1] The applicability and viability of the "loss of chance" doctrine in Illinois is questionable, and certainly not an issue that should be resolved at the pleading stage. See *Murillo v. United States*, 2020 WL 7042889; *Hajian v. Holy Family Hosp.*, 652 NE 2d 1132, 273 Ill. App.3d 932 (1st Dist., 3rd Div. 1995).

*Cook Cnty.,* 932 F.3d 972, 976 n.2 (7th Cir. 2019) ("Parties waive arguments which they develop for the first time in a reply brief."). For this reason, *West* has no relevance to the case at hand.

In the first instance, this position can only be maintained if there is a fundamental misunderstanding of the HAMP program. As set out above, the trial modification under HAMP is calibrated to no more than 31% of the borrower's current reduced income. The trial modification is then made permanent after three timely payments. Therefore, bungling the eligibility for a trial modification is, in effect, bungling an affordable permanent modification calibrated to the reduced income of the Garcias.

Moreover, the allegations at issue here are materially different from the facts in *West*. In *West*, the court looked to the holding in *Portfolio Owner, LLC v. Corporex Realty & Inv. LLC,* where it was held that "as a general matter, a mortgagee has no duty to reach an agreement on a loan modification with a mortgagor in default." 112 F. Supp.3d 555 at 572 (E.D. Ky. 2015). The Garcias already explained in DE 17, pgs. 3-6, that Wells Fargo's duties arose from a voluntary undertaking through its participation as a *mortgage servicer* in HAMP. Those duties were imposed upon Wells Fargo by the Servicer Participation Agreement. See DE 17-1. Therefore, Wells Fargo's conduct is properly analyzed under the negligence standard for a *voluntary undertaking*. The Garcias incorporate by reference their arguments from DE 17, pgs. 3-6. Wells Fargo was required to exercise reasonable care in its performance of the voluntary undertaking. Wells Fargo failed to do so and caused harm.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an order denying Wells Fargo's Motion to Dismiss Counts One and Two [DE 14], or for such other and further relief the Court deems just and proper.

Dated:  February 16, 2021					*Respectfully Submitted,*

*/s/ Nick Wooten*
Nicholas H. Wooten
Nick Wooten, LLC
5125 Burnt Pine Drive
Conway, Arkansas 72034
(833) 937-6389
nick@nickwooten.com
***Lead Trial Counsel***

*/s/ Rusty A. Payton*
Rusty A. Payton,
Payton Legal Group, LLC
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

*/s/ Salvador J. Lopez*
Salvador J. Lopez
Robson & Lopez, LLC
180 W. Washington Street, Suite 700
Chicago, Illinois 60602
312-523-2166
lopez@robsonlopez.com

***Counsel for the Plaintiff***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Plaintiffs' Sur-Response to Defendant Wells Fargo's Notice of Supplemental Authority in Support of its Motion to Dismiss Plaintiffs' Complaint [DE 20]** was served via the Court's Electronic Filing System on all parties and counsel of record on the following date.

Dated: February 16, 2021                              By: */s/ Nick Wooten*