**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ANDREW J. MAXWELL,** not individually, but as Trustee for the estate of Eduardo Garcia and Julia Escamilla (nka Julia Garcia); **EDUARDO GARCIA**; **JULIA GARCIA**; **BYRON GARCIA**; and **MIRIAHM GARCIA**, individually, | Case No. 1:20-cv-02402 |
| Plaintiffs, | Honorable Rebecca R. Pallmeyer |
| v. | Honorable Heather K. McShain |
| **WELLS FARGO BANK, N.A.**, | |
| Defendant. | |

## REPORT OF PARTIES' PLANNING MEETING

1. **Meeting**. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on April 30, 2021 via telephone and was attended by:

    Nick Wooten, for Plaintiff Andrew J. Maxwell, not individually, but as Trustee for the estate of Eduardo Garcia and Julia Garcia

    Angela A. Smedley, for the Defendant (whose appearance is forthcoming)

2. **Nature of the Case**.

    a. The case involves the following claims and counterclaims:

    After the Court's ruling on the Motion to Dismiss, the remaining claim is for unfairness under the ICFA. There are no counterclaims.

    This case has the added dimension of the Chapter 7 Trustee for the Garcias being the plaintiff in this case. It is anticipated the Chapter 7 Trustee will complete the administration of the bankruptcy estate in short order and file a motion to relinquish his interest in this case back to the Debtors. Therefore, there may a substitution of the real parties in interest in short order.

    b. The basis for federal jurisdiction:

    This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) and 28 U.S.C. §1367.

        Diversity: The matter in controversy exceeds $75,000.00 exclusive of punitive damages, and/or interest and costs, and is between citizens of different States.

        i.      Domicile of Plaintiffs: Citizens of Illinois
        ii.     Domicile of Defendant: Wells Fargo is a national banking association. Its main office is located in Sioux Falls, South Dakota 57104. Its principal place of business is in San Francisco, California.

3. **Pre-trial Schedule**. The parties jointly propose to the court the following discovery plan:

    a.    Discovery will be needed on the following subjects:

        This case is an "opt-out" from the *Hernandez* class action. It is the Plaintiff's position that, in this unique situation, Rule 1 would be served, judicial economy would be enhanced, and the case would be substantially narrowed and time for discovery shortened by ordering Wells Fargo to produce "cloned discovery" in the form of the documents produced in the Hernandez class action along with the Wells Fargo depositions taken in Hernandez. Plaintiff believes resolution of this question is the paramount and threshold issue since it covers over 200,000 pages and 54 deposition transcripts.

        Plaintiff proposes that resolution of the question regarding cloned discovery from the *Hernandez* action will control whether and to what extent any additional discovery will be required. The Plaintiff believes that a conference with Judge McShain on this matter would be appropriate. Once a decision is made on the issue of cloned discovery, the parties can determine if any other discovery is necessary beyond party depositions specific to this case.

        Wells Fargo opposes Plaintiff's proposal on the ground that it is premature. Wells Fargo submits that it would be more appropriate to commence discovery with loan-level documents from the Garcias' loan file, and subsequently address the issue of cloned discovery only if Plaintiff continues to believe it is necessary after reviewing the loan-level production. Wells Fargo also opposes Plaintiff's proposal on the grounds that the production of *Hernandez* class discovery would violate the protective order in that matter and is overbroad and irrelevant for this single-plaintiff case.

        The Parties agree there will be a need for a protective order, as there is likely to be requested of Defendant certain information that is proprietary and confidential, and there is likely to be information pertaining to the Garcias' personal and confidential information. The Plaintiff has proposed the use of the Court's model confidentiality order with Option B of paragraph 4, regarding depositions. Wells Fargo agrees that the Court's standard model confidentiality order should govern in the first instance but anticipates and reserves the right to propose appropriate modifications, subject to the agreement of Plaintiff and approval by the Court.

b.     Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be made by June 4, 2021. The Plaintiff believes that determination of an appropriate discovery cutoff also is impacted by the decision on cloned discovery. The Plaintiff believes that discovery could be completed in approximately 90-120 days if cloned discovery is ordered. Otherwise, the Plaintiff would expect the discovery period would need to be approximately one year.

    Wells Fargo believes that cloned discovery would be inappropriate in this case and anticipates that all fact discovery could be completed by February 4, 2022.

c.     The parties have discussed discovery of electronically stored information ["ESI"]. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties propose the following methodologies for identifying ESI, eliminating duplicative ESI, developing filters or keywords for searches:

    The Plaintiff's position is that the availability of cloned discovery would likely obviate the need for any additional ESI discovery in this case. If, however, cloned discovery is not ordered, the Plaintiff will have to develop search terms to submit to Wells Fargo reasonably targeted to address the Plaintiff's burden in this case.

    Wells Fargo's position is that cloned *Hernandez* discovery would be overbroad and irrelevant and is thus inappropriate for this case.

d.     The number of depositions needed by the Plaintiff will also turn upon the issue of cloned discovery. In *Hernandez,* there were 54 depositions of Wells Fargo witnesses taken. If the Plaintiffs are provided those transcripts, then the Plaintiff would anticipate a single 30(b)(6) deposition to cover case specific facts. If these are not ordered produced, then the Plaintiff would likely need at least ten depositions. Defendant anticipates the need for up to ten depositions.

e.     Reports from retained experts under Rule 26(a)(2) due:

    From Plaintiff 30 days after the close of fact discovery. Depositions to be taken within 30 days of receipt of the expert's report.

    From Defendant by 30 days after the deposition of Plaintiff's expert(s). Deposition to be taken within 30 days of receipt of any expert's report.

f.     All potentially dispositive motions should be filed by 30 days after completion of expert discovery.

    [Note: The court will not consider a summary judgment motion until the parties have first discussed settlement. Any motion for summary judgment must be

        accompanied by a statement signed by lead counsel for both parties certifying that they have engaged in good faith settlement efforts.]

4. **Trial Schedule**.

        The Parties have not provided proposed dates for this section because Plaintiff believes that resolution of the cloned discovery issue will affect how quickly the case could be ready for trial. If cloned discovery is ordered, then the Plaintiff believes the case could be tried within approximately 8-10 months. Without cloned discovery, the case may take closer to eighteen months to be made ready for trial. The Parties propose to file an amended report when this issue is resolved.

    a. Final pretrial order: Plaintiff to prepare proposed draft by [TBD]; parties to file joint final pretrial order by [TBD].

    b. The case should be ready for trial by [TBD]. At this time, Plaintiff expects the trial to take approximately seven (7) days. Based on current knowledge, Defendant expects the trial to take significantly less time, as this is a single-plaintiff case.

5. **Expected Evidentiary Proceedings**.

    The Parties anticipate there may be the following types of evidentiary hearings: a jury trial.

6. **Settlement**. At least 10 days prior to the Rule 16[b] scheduling conference, Plaintiff is directed to make a written settlement demand to the Defendant. At least 3 days prior to the scheduling conference, Defendant is to respond in writing to the Plaintiff's settlement demand.

7. **Consent**. The parties do not consent unanimously to proceed before a Magistrate Judge.

| | |
|---|---|
| Dated: May 5, 2021 | *Respectfully submitted,* |
| | |
| */s/ Nick Wooten* | */s/ Scott P. Glauberman* |
| Nicholas H. Wooten | Scott P. Glauberman |
| NICK WOOTEN, LLC | Winston & Strawn LLP |
| 5125 Burnt Pine Drive | 35 West Wacker Drive |
| Conway, Arkansas 72034 | Chicago, Illinois 60601 |
| (833) 937-6389 | (312) 558-8103 |
| nick@nickwooten.com | sglauber@winston.com |
| | |
| Rusty A. Payton, | Angela A. Smedley (*pro hac vice* |
| PAYTON LEGAL GROUP | application forthcoming) |
| 20 North Clark Street, Suite 3300 | Winston & Strawn LLP |
| Chicago, Illinois 60602 | 200 Park Avenue |
| (773) 682-5210 | New York, NY 10166-4193 |
| info@payton.legal | (212) 294-6700 |
| | Asmedley@winston.com |
| Salvador J. Lopez | |
| ROBSON & LOPEZ, LLC | *Counsel for Defendant* |
| 180 W. Washington Street, Suite 700 | |
| Chicago, Illinois 60602 | |
| (312) 523-2166 | |
| lopez@robsonlopez.com | |
| | |
| *Counsel for the Plaintiff* | |