# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW J. MAXWELL, not individually, but as Trustee for the estate of Eduardo Garcia and Julia Escamilla (nka Julia Garcia), et al. | ) ) ) | Case No. 1:20-cv-02402 |
| | ) | Judge Rebecca R. Pallmeyer |
| Plaintiffs, | ) | |
| vs. | ) | Judge Heather K. McShain |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

**DEFENDANT WELLS FARGO BANK, N.A.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

---

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Wells Fargo Bank, N.A. ("Defendant") hereby supplements its objections and responses to Plaintiff Andrew Maxwell's ("Plaintiff") First Set of Interrogatories. Defendant reserves the right to further supplement, modify, or amend these responses up to and through the time of trial.

**DEFENDANT'S RESPONSE TO INTERROGATORIES**

**INTERROGATORY NO. 1**

Fully identify each and every person with whom You consulted, spoke, corresponded, or otherwise conferred in providing any information or documents with respect to the answers to these interrogatories, requests to produce, and requests to admit, and indicate for which interrogatory, request to produce, and request to admit each person was consulted.

**RESPONSE TO INTERROGATORY NO. 1**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege. Defendant further objects to this Interrogatory on the ground that it

1

is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege. Defendant further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case.

Subject to the foregoing objections, Defendant responds: Wells Fargo states that the person identified in the verification will validate these responses on behalf of Wells Fargo, which were prepared based on the business records of Wells Fargo, and with the assistance of in-house and outside counsel at Winston & Strawn LLP. This individual may only be contacted through undersigned counsel. Wells Fargo anticipates designating a corporate representative to discuss specific topics at deposition, trial, or evidentiary hearing, as may be appropriate.

**INTERROGATORY NO. 2**

Identify each loan modification application made by the Garcias between February 1, 2008 and February 18, 2011, stating the date each application was received, listing any correspondence you sent to the Garcias while each application was pending, the type(s) of loan modification or loss mitigation option(s) for which the Garcias were considered on each application, and the date the Garcias were notified of each denial.

**RESPONSE TO INTERROGATORY NO. 2**

Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of this case.

Subject to and without waiving these objections, Defendant states the following: Defendant will produce the Garcia's Loan File in response to this Interrogatory.

**INTERROGATORY NO. 3**

Identify the date of submission of the Garcias' loan modification application that is the subject of the July 26, 2019 letter (*Exhibit B* to Plaintiffs' Complaint).

**RESPONSE TO INTERROGATORY NO. 3**

Defendant objects to this Interrogatory on the ground that it seeks information in the possession of, known to, or otherwise equally available to Plaintiff.

Subject to and without waiving these objections, Defendant responds that the Garcias' loan modification application that is the subject of the July 26, 2019 letter was submitted on April 23, 2010.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

Defendant objects to this Interrogatory on the ground that it seeks information in the possession of, known to, or otherwise equally available to Plaintiff.

Subject to and without waiving these objections, Defendant responds that the Garcias' loan modification application that is the subject of the July 26, 2019 letter was submitted on April 22 and April 23, 2010.

**INTERROGATORY NO. 4**

Identify by name, job title and business address, all Wells Fargo employees who worked on the application identified in Interrogatory No. 3. For purposes of this Interrogatory, if any

employee identified is no longer employed with Wells Fargo, please state the date of termination of employment with Wells Fargo and provide your last contact information in Your possession to include the employee's last known name, address, phone number and any personal email account.

**RESPONSE TO INTERROGATORY NO. 4**

Defendant objects to this Interrogatory as harassing. Defendant further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to the Interrogatory on the ground that it seeks information the disclosure of which would invade the privacy of third parties. Defendant also objects to this Interrogatory on the ground that it is impermissibly compound.

**INTERROGATORY NO. 5**

Identify all third-party providers who worked on and/or provided any service related to the Garcias' application identified in Interrogatory No. 3. For purposes of this Interrogatory, please identify the specific task(s) performed by each third-party.

**RESPONSE TO INTERROGATORY NO. 5**

Defendant objects to this Interrogatory as harassing. Defendant further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and disproportionate to the claims and defenses in this case. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Interrogatory as vague and ambiguous as to the term "third-party providers."

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5

Defendant objects to this Interrogatory as harassing. Defendant further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and disproportionate to the claims and defenses in this case. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Interrogatory as vague and ambiguous as to the term "third-party providers."

Subject to and without waiving these objections, Defendant responds that it has no responsive information for Interrogatory No. 5.

## INTERROGATORY NO. 6

Identify the software and/or mortgage loan modification underwriting tool that Wells Fargo used from February 1, 2008 to February 18, 2011 in determining whether the Garcias met threshold requirements for a mortgage loan modification.

## RESPONSE TO INTERROGATORY NO. 6

Defendant objects on the ground that the terms "identify" and "underwriting tool" are vague and ambiguous. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Interrogatory on the ground that it is overbroad and disproportionate to the claims and defenses in this case. Defendant also objects to this Interrogatory to the extent it seeks confidential and proprietary information.

Subject to and without waiving these objections, Defendant states that from approximately April 2010 and continuing through the decisions with respect to Plaintiffs' loans, it used an automated mortgage loan modification underwriting tool (Wells Fargo's "HPA Tool") to determine its customers' eligibility for government-mandated mortgage modifications.

**INTERROGATORY NO. 7**

Identify the date upon which Wells Fargo first became aware of the error in its mortgage loan modification underwriting tool that led to Wells Fargo's denial of the Garcias' loan modification.

**RESPONSE TO INTERROGATORY NO. 7**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work-product protection. Defendant further objects to this Interrogatory on the ground that the term "became aware of" is vague and ambiguous.

**SUPPLEMENTAL RESPONSE TO INTEROGATORY NO. 7**

Defendant objects on the ground that the terms "identify" and "underwriting tool" are vague and ambiguous. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Interrogatory on the ground that it is overbroad and disproportionate to the claims and defenses in this case. Defendant also objects to this Interrogatory to the extent it seeks confidential and proprietary information.

Subject to and without waiving these objections, Defendant states that from approximately April 2010 and continuing through the decisions with respect to the Garcias' loan on August 24, 2010, it used an automated mortgage loan modification underwriting tool (Wells Fargo's "HPA Tool"), which stands for Home Preservation Application, to determine its customers' eligibility for government-sponsored mortgage modifications.

**INTERROGATORY NO. 8**

Explain in detail how Wells Fargo determined and calculated the amount of the July 26, 2019 check issued to the Garcias (*Exhibit B* to Plaintiffs' Complaint).

**RESPONSE TO INTERROGATORY NO. 8**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work-product protection. Defendant further objects to this Interrogatory to the extent it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of this case. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case.

**INTERROGATORY NO. 9**

Explain in detail how Wells Fargo determined and calculated the amount of the November 18, 2019 check issued to the Garcias (*Exhibit C* to Plaintiffs' Complaint).

**RESPONSE TO INTERROGATORY NO. 9**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work-product protection. Defendant further objects to this Interrogatory to the extent it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of this case. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case.

**INTERROGATORY NO. 10**

Explain in detail the process, including all calculations, that You used when You denied the Garcias' loan modification described in Interrogatory No. 3, specifically indicating the errors in the calculations.

**RESPONSE TO INTERROGATORY NO. 10**

Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of this case. Defendant further objects to the Interrogatory as vague and ambiguous as to the term "process." Defendant also objects to this Interrogatory to the extent it seeks confidential and proprietary information.

Subject to and without waiving these objections, Defendant states: Defendant will produce documents that include information responsive to this Interrogatory.

**INTERROGATORY NO. 11**

Explain in detail Your denial of paragraph 31 of Plaintiffs' Complaint.

**RESPONSE TO INTERROGATORY NO. 11**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory to the extent it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Interrogatory on the ground that it is compound, overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory to the extent it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Interrogatory on the ground that it is

compound, overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

Subject to and without waiving these objections, Defendant states: Wells Fargo did detect a calculation error regarding foreclosure attorneys' fees affecting certain accounts that were in the foreclosure process between April 13, 2010, and October 2, 2015, when the error was corrected.

**INTERROGATORY NO. 12**

Explain in detail Your denial of paragraph 32 of Plaintiffs' Complaint.

**RESPONSE TO INTERROGATORY NO. 12**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Interrogatory on the ground that it is compound, overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Interrogatory on the ground that it is compound, overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

Subject to and without waiving these objections, Defendant states: Wells Fargo needed to develop its own software tool to determine borrower eligibility for the HAMP loan modifications at issue. The software tool provided by the government for mortgage servicers to use in determining whether Family Homeowners met certain threshold requirements did not contain an equivalent decisioning module.

**INTERROGATORY NO. 13**

Explain in detail Your denial of paragraph 33 of Plaintiffs' Complaint.

**RESPONSE TO INTERROGATORY NO. 13**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory to the extent it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant objects to this Interrogatory on the ground that it is compound, overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

**INTERROGATORY NO. 14**

Explain in detail Your denial of paragraph 36 of Plaintiffs' Complaint.

**RESPONSE TO INTERROGATORY NO. 14**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Interrogatory on the ground that it is compound, overbroad, unduly burdensome, oppressive, and not

proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

**INTERROGATORY NO. 15**

Explain in detail Your denial of paragraph 47 of Plaintiffs' Complaint.

**RESPONSE TO INTERROGATORY NO. 15**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory to the extent it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant objects to this Interrogatory on the ground that it is compound, overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

**INTERROGATORY NO. 16**

Explain in detail Your denial of paragraph 51 of Plaintiffs' Complaint.

**RESPONSE TO INTERROGATORY NO. 16**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory to the extent it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant also objects to this Interrogatory on the ground that it is compound, overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the

extent it seeks confidential and proprietary information. Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

**INTERROGATORY NO. 17**

Explain in detail Your denial of paragraph 125 of Plaintiffs' Complaint.

**RESPONSE TO INTERROGATORY NO. 17**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory to the extent it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq.* Defendant objects to this Interrogatory on the ground that it is compound, overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

**INTERROGATORY NO. 18**

Explain in detail Your denial of paragraph 126 of Plaintiffs' Complaint.

**RESPONSE TO INTERROGATORY NO. 18**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that it is vague and ambiguous as to the terms "conduct directed at consumers generally." Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

**INTERROGATORY NO. 19**

Explain in detail Your denial of paragraph 127 of Plaintiffs' Complaint.

**RESPONSE TO INTERROGATORY NO. 19**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that it is vague and ambiguous as to the term "conduct." Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

**INTERROGATORY NO. 20**

Explain in detail Your Sixth Defense (Good Faith). Specifically, explain in detail Your position that "the Bank at all times acted in good faith and honesty in fact, and always observed reasonable commercial standards of fair dealing in the trade, when dealing with the Garcias."

**RESPONSE TO INTERROGATORY NO. 20**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

**<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20</u>**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that it is premature at this stage in the litigation.

Subject to and without waiving these objections, Defendant states: Our Sixth Affirmative Defense is based upon the fact that as the Complaint admits, Wells Fargo did not act intentionally, but made a mistake, one that it publicly disclosed in 2018. It began a voluntary remediation program to assist affected borrowers, including the Garcias, in the fall of 2018. Wells Fargo sent the Garcias a letter notifying them of the mistake, stated Wells Fargo's desire to make things right, enclosed a payment, offered to mediate, and informed them about a class action case. Wells Fargo eventually sent the Garcias a total of $24,500 in payments in an effort to remediate the error.

**INTERROGATORY NO. 21**

Explain all efforts and investigations that Wells Fargo undertook to determine which consumers who were wrongfully denied a loan modification lost their home to foreclosure as a result of Wells Fargo's denial for a loan modification.

**RESPONSE TO INTERROGATORY NO. 21**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work-product protection. Defendant further objects to this Interrogatory to the extent it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant further objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, not proportional to the needs of the case, and is not limited by any timeframe. Defendant also objects to the terms "efforts" and "investigations" as vague and ambiguous. Defendant also objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case.

**INTERROGATORY NO. 22**

Please identify each and every lay witness whom You reserve the right to call at trial, along with a summary of that individual's anticipated testimony, full name, address, telephone number, and a copy of all documents provided by each witness to You or to such witness by You.

**RESPONSE TO INTERROGATORY NO. 22**

Defendant objects to the extent that the Interrogatory seeks information protected by the work product doctrine. Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that it is prematurely seeking information relating to the anticipated testimony of "each and every lay witness [Defendant] reserve[s] the right to call at trial."

Subject to and without waiving the foregoing general and specific objections, Defendant will provide a witness list at the time set forth by the applicable rules and pretrial orders issued in this case.

**INTERROGATORY NO. 23**

Identify each and every document You reserve the right to utilize at trial, in any deposition, or during any hearing.

**RESPONSE TO INTERROGATORY NO. 23**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the work-product doctrine. Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive and not proportional to the needs of the case. Defendant further objects on the ground that the Interrogatory is premature as to trial exhibit lists at this stage in the litigation.

Subject to and without waiving the foregoing general and specific objections, Defendant will provide a trial exhibit list at the time set forth by the applicable rules and pretrial orders issued in this case.

**INTERROGATORY NO. 24**

Identify each person employed or formerly employed by Wells Fargo, or who was an agent of Wells Fargo at any point, that was deposed in the *Hernandez* class action. For each person identified, state their full name, their position with Wells Fargo, a summary of their testimony and their last known contact information.

**RESPONSE TO INTERROGATORY NO. 24**

Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work-product protection. Defendant also objects to this Interrogatory to the extent that it seeks documents or confidential material produced by Defendant in the *Hernandez, et al. v. Wells Fargo & Company, et al.* action that are prohibited from disclosure by a protective order. Defendant further objects to this Interrogatory on the ground that it is compound, overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Interrogatory on the ground that it seeks information the disclosure of which would invade the privacy of third parties.

**INTERROGATORY NO. 25**

List every document produced in the *Hernandez* class action by Wells Fargo that was not specific to an individual borrower. For each document listed, please identify the document, the author of the document, the purpose of the document and summarize the contents of the document.

**RESPONSE TO INTERROGATORY NO. 25**

Defendant also objects to this Interrogatory on the ground that documents produced by Defendant in the *Hernandez, et al. v. Wells Fargo & Company, et al.* action are prohibited from disclosure by a protective order. Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims and defenses in this case.

Dated: October 29, 2021

Respectfully submitted,

Angela A. Smedley (*pro hac vice*)
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Phone: 212-294-6700
Fax: 212-294-4700
asmedley@winston.com

Shawn R. Obi (*pro hac vice*)
Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071
Phone: 213-615-1700
Fax: 213-615-1750
sobi@winston.com

*Counsel for Wells Fargo Bank, N.A.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 29th day of October 2021, the foregoing was served upon the following:

Rusty A. Payton
Payton Legal Group
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Salvador J. Lopez
Robson & Lopez, LLC
180 W. Washington Street, Suite 700
Chicago, Illinois 60602
(312) 525-2166
lopez@robsonlopez.com

Nicholas H. Wooten
Nick Wooten, LLC
5125 Burnt Pine Drive
Conway, Arkansas 72034
(833) 937-6389
nick@nickwooten.com

*Attorneys for Plaintiff*

/s/ *Angela A. Smedley*

## **VERIFICATION**

I, Stephanie Nicole Bradford, declare as follows:

1.     I have reviewed WELLS FARGO BANK, N.A.'S RESPONSES TO INTERROGATORIES, SET ONE, and WELLS FARGO BANK, N.A.'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE, in the action titled *Maxwell, et al. v. Wells Fargo Bank, N.A.*, Case No.1:20-cv-02402 (N.D. Il.).

2.     The facts and matters set forth in the above-referenced documents are true, correct, and complete to the best of my current knowledge and belief.

3.     I declare under penalty of perjury that the foregoing is true and correct.


Executed on October 29, 2021.

Stephanie Nicole Bradford
Vice President Loan Documentation
Wells Fargo Bank, N.A.
October 29, 2021.

19