# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW J. MAXWELL, not individually, but as Trustee for the estate of Eduardo Garcia and Julia Escamilla (nka Julia Garcia), et al. | ) ) ) | Case No. 1:20-cv-02402 |
| | ) | Judge Rebecca R. Pallmeyer |
| Plaintiffs, | ) | |
| vs. | ) | Judge Heather K. McShain |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

**DEFENDANT WELLS FARGO BANK, N.A.'S SUPPLEMENTAL OBJECTIONS AND**
**RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS**

---

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Wells Fargo Bank, N.A. ("Defendant") hereby supplements its objections and responses to Plaintiff Andrew Maxwell's ("Plaintiff") First Set of Requests for Admission. Defendant reserves the right to supplement, modify, or amend these responses up to and through the time of trial.

**PRELIMINARY STATEMENT**

The following responses ("Responses") and objections ("Objections") to Plaintiff's Requests are based upon Defendant's knowledge, information, and belief at this time. Defendant has made a reasonable and good faith effort to respond. However, Defendant has not fully completed its investigation relating to the facts in this action, has not fully completed discovery in this action, and has not completed preparation for trial. The responses contained herein are based only on such information and documents which are presently available and specifically known to Defendant and disclose only those contentions which presently occur to Defendant. It is

anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions and legal conclusions, all of which may lead to substantial additions to, and variations in, the contentions set forth herein. Defendant specifically reserves the right to amend these responses should additional information become available and to use such information.

No incidental or implied admissions are intended in this response. The fact that Defendant has responded to the Requests should not be taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by the Requests or that such response constitutes admissible evidence. The fact that Defendant has responded to the Requests is not intended to and shall not be construed to be a waiver by Defendant of all or any part of any objection to the Requests.

These introductory paragraphs shall apply to the responses given herein and shall be incorporated by this reference as though fully set forth in each of the following responses. Defendant makes this response to the Requests solely for the purpose of this action. The response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, privacy and the like, and any and all other objections on ground that it would require the exclusion of the response herein if such were offered in court, all of which objections and ground are reserved and may be interposed at the time of trial.

## **RESPONSES & OBJECTIONS**

### **REQUEST FOR ADMISSION NO. 1**

Admit that Wells Fargo denied the Garcias for a trial mortgage loan modification on or about November 20, 2008.

### **RESPONSE TO REQUEST NO. 1**

Admitted.

**REQUEST FOR ADMISSION NO. 2**

Admit that Wells Fargo wrongly denied the Garcias for a trial mortgage loan modification on or about August 24, 2010.

**RESPONSE TO REQUEST NO. 2**

Defendant objects to this Request to the extent that the term "wrongly" is vague, ambiguous and implies a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted that Defendant denied the Garcias for a trial mortgage loan modification on or about August 24, 2010 as a result of a calculation error in its decisioning software.

**REQUEST FOR ADMISSION NO. 3**

Admit that Wells Fargo wrongly denied the Garcias for a trial mortgage loan modification on or about November 12, 2010.

**RESPONSE TO REQUEST NO. 3**

Defendant objects to this Request to the extent the term "wrongly denied" is vague, ambiguous and implies a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted that Defendant denied the Garcias for a trial mortgage loan modification on or about August 24, 2010 as a result of a calculation error in its decisioning software and notified the Garcias by letter dated November 12, 2010.

**REQUEST FOR ADMISSION NO. 4**

Admit that in November 2010, Wells Fargo used the same mortgage loan modification underwriting tool as it used on August 24, 2010.

**RESPONSE TO REQUEST NO. 4**

Defendant objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Request on the grounds that it is vague, ambiguous and overbroad.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted that Wells Fargo's HPA Tool was used during those time periods.

**REQUEST FOR ADMISSION NO. 5**

Admit that Wells Fargo wrongly denied the Garcias for a trial mortgage loan modification on or about December 1, 2010.

**RESPONSE TO REQUEST NO. 5**

Defendant objects to this Request to the extent the term "wrongly denied" is vague, ambiguous and implies a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 6**

Admit that in December 2010, Wells Fargo used the same mortgage loan modification underwriting tool as it used on August 24, 2010.

**RESPONSE TO REQUEST NO. 6**

Defendant objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and overbroad.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted that Wells Fargo's HPA Tool was used during those time periods.

**REQUEST FOR ADMISSION NO. 7**

Admit that Wells Fargo wrongly denied the Garcias for a trial mortgage loan modification on February 7, 2011.

**RESPONSE TO REQUEST NO. 7**

Defendant objects to this Request to the extent the term "wrongly denied" is vague, ambiguous and implies a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 8**

Admit that in February 2011, Wells Fargo used the same mortgage loan modification underwriting tool as it used on August 24, 2010.

**RESPONSE TO REQUEST NO. 8**

Defendant objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and overbroad.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted that Wells Fargo's HPA Tool was used during those time periods.

**REQUEST FOR ADMISSION NO. 9**

Admit that Wells Fargo sold the Garcias' Family Home at a judicial foreclosure sale on February 18, 2011.

**RESPONSE TO REQUEST NO. 9**

Defendant objects to this Request on the ground that it seeks information in the possession of, known to, or otherwise equally available to Plaintiff.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 10**

Admit that Wells Fargo's calculation error in its mortgage loan modification underwriting tool caused the Garcias to be denied for a trial mortgage loan modification.

**RESPONSE TO REQUEST NO. 10**

Defendant objects to this Request on the grounds that is vague, ambiguous, and compound.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted as to the decision in August 2010.

**REQUEST FOR ADMISSION NO. 11**

Admit that on August 24, 2010, the foreclosure on the Garcias' mortgage loan and Family Home proceeded because Wells Fargo denied the Garcias' application for a trial mortgage loan modification.

**RESPONSE TO REQUEST NO. 11**

Denied.

**REQUEST FOR ADMISSION NO. 12**

Admit that if the Garcias had been approved for the trial loan mortgage modification on August 24, 2010, the Garcias would have had the opportunity to enter the trial payment plan.

**RESPONSE TO REQUEST NO. 12**

Admitted.

**REQUEST FOR ADMISSION NO. 13**

Admit that the trial payment plan would have required the Garcias to make three monthly payments prior to February 1, 2011.

**RESPONSE TO REQUEST NO. 13**

Admitted that the trial payment plan would have required the Garcias to make at least three monthly payments prior to February 1, 2011.

**REQUEST FOR ADMISSION NO. 14**

Admit that if the Garcias had been approved for the trial loan mortgage modification on August 24, 2010, and after timely making all three trial plan payments, the Garcias would have entered into a permanent loan modification.

**RESPONSE TO REQUEST NO. 14**

Defendant objects to this Request on the ground that it is speculative. Subject to and without waiving the foregoing general and specific objections, Defendant responds that it lacks knowledge and information sufficient to form a basis as to the truth or falsity of this Request in light of the multiple factors required to determine whether a permanent loan modification is granted and, on that basis, denies this Request.

**REQUEST FOR ADMISSION NO. 15**

Admit that a permanent loan modification would have caused the foreclosure proceeding to be dismissed.

**RESPONSE TO REQUEST NO. 15**

Defendant objects to this Request on the ground that it is vague, ambiguous, and unintelligible. Defendant further objects to this Request on the ground that it is speculative and seeks information based on an unfounded presupposition that the Garcias would have completed the trial period payments and qualified for a permanent modification.

**REQUEST FOR ADMISSION NO. 16**

Admit that the calculation error in Wells Fargo's mortgage loan modification underwriting tool caused the Garcias to lose their Family Home through the judicial foreclosure sale.

**RESPONSE TO REQUEST NO. 16**

Denied.

**REQUEST FOR ADMISSION NO. 17**

Admit that Wells Fargo purchased the Garcias' Family Home at the February 18, 2011 judicial foreclosure sale for a bid of $144,500.

**RESPONSE TO REQUEST NO. 17**

Defendant objects to this Request on the ground that it seeks information in the possession of, known to, or otherwise equally available to Plaintiff.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 18**

Admit that a deficiency judgment was entered against the Garcias personally after the judicial foreclosure sale.

**RESPONSE TO REQUEST NO. 18**

Defendant objects to this Request on the ground that it seeks information in the possession of, known to, or otherwise equally available to Plaintiff.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: The Bank admits that a deficiency judgment was obtained by Deutsche Bank as Trustee for a Morgan Stanley Trust.

**REQUEST FOR ADMISSION NO. 19**

Admit that the Order of possession on the Garcias' Family Home was entered on March 29, 2011.

**RESPONSE TO REQUEST NO. 19**

Defendant objects to this Request on the ground that it seeks information in the possession

of, known to, or otherwise equally available to Plaintiff.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 20**

Admit that on August 24, 2010, Wells Fargo calculated the Garcias' mortgage loan account as having a delinquency in the total amount of $76,179.

**RESPONSE TO REQUEST NO. 20**

Defendant objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted that on August 24, 2010, the Garcias' mortgage loan account was delinquent in an amount totaling $76,178.52.

**REQUEST FOR ADMISSION NO. 21**

Admit that the July 26, 2019 letter refers to Wells Fargo's August 24, 2010 wrongful denial of the Garcias for a HAMP Tier 1-Standard trial loan modification.

**RESPONSE TO REQUEST NO. 21**

Defendant objects to this Request on the ground that it seeks information in the possession of, known to, or otherwise equally available to Plaintiff. Defendant objects to this Request to the extent the term "wrongful denial" implies a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted that the July 26, 2019 letter refers to Wells Fargo's August 24, 2010 denial of the Garcias for a HAMP Tier 1-Standard loan modification. Except as expressly admitted, Defendant otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 22**

Admit that Wells Fargo's faulty calculation was the sole reason for the August 24, 2010 denial of the Garcias for a HAMP trial loan modification.

**RESPONSE TO REQUEST NO. 22**

Defendant objects to this Request to the extent the terms "faulty calculation" and "sole reason" imply a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 23**

Admit that Wells Fargo outsourced foreclosure or related functions, including loss mitigation and loan modification, to Third Party Providers from September 1, 2008 to March 29, 2011.

**RESPONSE TO REQUEST NO. 23**

Defendant objects to this Request on the ground that the terms "outsourced" and "Third Party Providers" are vague and ambiguous. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and disproportionate to the claims and defenses in this case.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows with respect to the Garcias' loan at issue here: Denied.

**REQUEST FOR ADMISSION NO. 24**

Admit that between 2010 and 2018, Wells Fargo failed to detect systematic errors in its automated mortgage loan modification underwriting tool.

**RESPONSE TO REQUEST NO. 24**

Defendant objects to this Request on the ground that is overly broad, unduly burdensome, and seeks information not relevant to the claims and defenses in this case. Defendant further objects to this Request on the ground that the term "systematic errors" is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 25**

Admit that the automated mortgage loan modification underwriting tool was used to determine Wells Fargo customers' eligibility for a government-mandated mortgage modification between January 8, 2009 and February 7, 2011.

**RESPONSE TO REQUEST NO. 25**

Defendant objects to this Request on the ground that the term "automated mortgage loan modification underwriting tool" is vague and ambiguous. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant also objects to this Request on the ground that it is overbroad.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Denied.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 25.**

Defendant objects to this Request on the ground that the term "automated mortgage loan modification underwriting tool" is vague and ambiguous. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant also objects to this Request on the ground that it is overbroad.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted that Defendant used an automated mortgage loan modification

underwriting tool to determine Wells Fargo customers' eligibility for mortgage modifications for government-sponsored loans between April 2010 and continuing through the decision with respect to the Garcias' loan on August 24, 2010. As to the remaining time frame in the Request, denied.

## REQUEST FOR ADMISSION NO. 26

Admit that between September 1, 2008 and March 29, 2011, Wells Fargo failed to verify that its software for mortgage modification eligibility was correctly calculating whether its customers met threshold requirements for a mortgage modification.

## RESPONSE TO REQUEST NO. 26

Defendant objects to this Request to the extent the term "failed to verify" implies a legal conclusion. Defendant further objects to this Request on the ground that it is harassing.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Denied.

## REQUEST FOR ADMISSION NO. 27

Admit that between September 1, 2008 and March 29, 2011, Wells Fargo failed to regularly and properly audit its mortgage modification software for compliance with government requirements.

## RESPONSE TO REQUEST NO. 27

Defendant objects to this Request to the extent it implies a legal conclusion. Defendant further objects to this Request on the ground that the terms "regularly" and "properly" are vague and ambiguous. Defendant objects to this Request to the extent it seeks information protected by the bank examiner privilege. *See* 12 C.F.R. § 4.36 *et seq.*

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 28**

Admit that from September 1, 2008 to March 29, 2011, Wells Fargo had no training manuals regarding its employees who worked on and/or provided any service related to Wells Fargo's loss mitigation and loan modification process, foreclosures and bankruptcies.

**RESPONSE TO REQUEST NO. 28**

Defendant objects to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case.

Subject to and without waiving the foregoing general and specific objections, Defendant answers as follows: Denied.

**REQUEST FOR ADMISSION NO. 29**

Admit that from September 1, 2008 to March 29, 2011, Wells Fargo had no policies and procedures in place pertaining to its loss mitigation and modification processes.

**RESPONSE TO REQUEST NO. 29**

Defendant objects to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case.

Subject to and without waiving the foregoing general and specific objections, Defendant answers as follows: Denied.

**REQUEST FOR ADMISSION NO. 30**

Admit that from September 1, 2008 to March 29, 2011, Wells Fargo had no policies and procedures in place pertaining to mortgage loan accounts in foreclosure and Wells Fargo customers' pending mortgage loss mitigation and loan modification applications.

**RESPONSE TO REQUEST NO. 30**

Defendant objects to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case.

Subject to and without waiving the foregoing general and specific objections, Defendant answers as follows: Denied.

**REQUEST FOR ADMISSION NO. 31**

Admit that from September 1, 2008 to March 29, 2011, Wells Fargo had no policies and procedures in place regarding the outsourcing of foreclosure or related functions (including loss mitigation and loan modification, and property management functions for residential real estate acquired through or in lieu of foreclosure) to any agent, independent contractor, consulting firm, law firm (including local counsel in foreclosure or bankruptcy proceedings retained to represent the interests of the owners of mortgages), property management firm, or other third-party.

**RESPONSE TO REQUEST NO. 31**

Defendant objects to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case.

**REQUEST FOR ADMISSION NO. 32**

Admit that from September 1, 2008 to March 29, 2011, Wells Fargo had no policies and procedures in place to ensure the adequacy of third-party provider staffing levels, training, work quality, and workload balance. For purposes of this request, "third-party provider" refers to any third-party who worked on and/or provided any service related to Wells Fargo's loss mitigation and loan modification process, foreclosures and bankruptcies.

**RESPONSE TO REQUEST NO. 32**

      Defendant objects to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case.

**REQUEST FOR ADMISSION NO. 33**

      Admit that from September 1, 2008 to March 29, 2011, Wells Fargo had no policies and procedures in place to ensure the accuracy of work performed by third-party providers. For purposes of this request, "third-party provider" refers to any third-party who worked on and/or provided any service related to Wells Fargo's loss mitigation and loan modification process, foreclosures and bankruptcies.

**RESPONSE TO REQUEST NO. 33**

      Defendant objects to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case.

**REQUEST FOR ADMISSION NO. 34**

      Admit that from September 1, 2008 to March 29, 2011, Wells Fargo had no policies and procedures in place pertaining to the review of consumers' applications for HAMP loan modifications.

**RESPONSE TO REQUEST NO. 34**

      Defendant objects to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Request to the extent it seeks information protected by the bank examiner privilege. *See* 12 C.F.R. § 4.36 *et seq*.

Subject to and without waiving the foregoing general and specific objections, Defendant answers as follows: Denied.

**REQUEST FOR ADMISSION NO. 35**

Admit that from September 1, 2008 to March 29, 2011, Wells Fargo had no policies and procedures in place for the internal review and audit for accuracy of Wells Fargo's denial of its customers' applications for HAMP loan modifications.

**RESPONSE TO REQUEST NO. 35**

Defendant objects to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case and is compound. Defendant further objects to this Request to the extent it seeks information protected by the bank examiner privilege. *See* 12 C.F.R. § 4.36 *et seq*.

Subject to and without waiving the foregoing general and specific objections, Defendant answers as follows: Denied.

**REQUEST FOR ADMISSION NO. 36**

Admit that from September 1, 2008 to March 29, 2011, Wells Fargo had no policies and procedures in place pertaining to auditing and compliance in its mortgage modification and foreclosure procedures.

**RESPONSE TO REQUEST NO. 36**

Defendant objects to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects to this Request to the extent it seeks information protected by the bank examiner privilege. *See* 12 C.F.R. § 4.36 *et seq*.

Subject to and without waiving the foregoing general and specific objections, Defendant answers as follows: Denied.

**REQUEST FOR ADMISSION NO. 37**

Admit that Wells Fargo was ordered to pay a civil money penalty in the amount of seventy million dollars ($70,000,000) in 2016.

**RESPONSE TO REQUEST NO. 37**

Defendant objects to this Request to the extent it seeks information protected by the bank examiner privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case and seeks information equally available to Plaintiff through public sources.

**REQUEST FOR ADMISSION NO. 38**

Admit that the 2016 civil money penalty was based on Well Fargo's practices and violations of the 2011 Consent Order from October 1, 2014 through August 31, 2015, by failing to achieve compliance in a timely manner with the 2011 Consent Order as detailed in the June 16, 2015 Amended Consent Order.

**RESPONSE TO REQUEST NO. 38**

Defendant objects to this Request to the extent it seeks information protected by the bank examiner privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant also objects to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and disproportionate to the claims and defenses in this case. Defendant also objects to this Request to the extent that it seeks information equally available to Plaintiff through public sources.

**REQUEST FOR ADMISSION NO. 39**

Admit that between March 2013 through October 2014, Wells Fargo made escrow calculation errors in 76,720 accounts due to an error in a "proprietary loan decisioning software tool."

**RESPONSE TO REQUEST NO. 39**

Defendant objects to this Request to the extent it implies a legal conclusion. Defendant further objects to this Request to the extent the term "escrow calculation errors" is irrelevant, vague, and ambiguous. Defendant also objects to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and disproportionate to the claims and defenses in this case.

**REQUEST FOR ADMISSION NO. 40**

Admit that the escrow calculation errors led to approximately 184 incorrect loan modification denials.

**RESPONSE TO REQUEST NO. 40**

Defendant objects to this Request to the extent it implies a legal conclusion. Defendant further objects to this Request to the extent the term "escrow calculation errors" is irrelevant, vague, and ambiguous. Defendant also objects to this Request on the ground that it is overbroad, unduly burdensome, oppressive, and disproportionate to the claims and defenses in this case.

**REQUEST FOR ADMISSION NO. 41**

Admit that in October 2015, Wells Fargo discovered another error in its mortgage modification software which caused it to wrongly deny mortgage modifications to 625 customers.

**RESPONSE TO REQUEST NO. 41**

Defendant objects to this Request on the ground that the phrase "another error" is irrelevant, vague, ambiguous, and unintelligible. Defendant further objects to this Request to the extent the term "wrongly deny" is vague and implies a legal conclusion. Defendant also objects

to this Request on the ground that it is compound, overbroad, unduly burdensome, oppressive, and disproportionate to the claims and defenses in this case.

## REQUEST FOR ADMISSION NO. 42

Admit that Wells Fargo did not disclose to the OCC the error in its modification software discovered in October 2015.

## RESPONSE TO REQUEST NO. 42

Defendant objects to this Request to the extent it seeks information protected by the bank examiner privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or work-product protection. Defendant further objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case.

## REQUEST FOR ADMISSION NO. 43

Admit that the "proprietary loan decisioning software tool" was used by Wells Fargo in 2010 and 2011.

## RESPONSE TO REQUEST NO. 43

Defendant objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects on the ground that the term "proprietary loan decisioning software tool" is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted based on Defendant's interpretation of "proprietary loan decisioning software tool."

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 43**

Defendant objects to this Request on the ground that it seeks information that is not relevant to the claims and defenses in this case. Defendant further objects on the ground that the term "proprietary loan decisioning software tool" is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted based on Defendant's interpretation of "proprietary loan decisioning software tool", which is the Home Preservation Application tool or "HPA" tool.

**REQUEST FOR ADMISSION NO. 44**

Admit that the "proprietary loan decisioning software tool" was used by Wells Fargo in wrongly denying the Garcias for a trial modification.

**RESPONSE TO REQUEST NO. 44**

Defendant objects to this Request to the extent the term "wrongly denying" implies a legal conclusion. Defendant further objects on the ground that the term "proprietary loan decisioning software tool" is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Admitted that the August 24, 2010 decision in this case was made using said software, based on Defendant's interpretation of "proprietary loan decisioning software tool."

**REQUEST FOR ADMISSION NO. 45**

Admit that Wells Fargo force-placed insurance on the Garcias' property.

**RESPONSE TO REQUEST NO. 45**

Defendant objects to this Request on the ground that the terms "property" and "force-placed" are vague and ambiguous. Defendant further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendant also

objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

**REQUEST FOR ADMISSION NO. 46**

Admit that the Garcias were actually and proximately injured by reason of Wells Fargo's actions or omissions.

**RESPONSE TO REQUEST NO. 46**

Defendant further objects to this Request on the ground that the terms "actions" and "omissions" are vague and ambiguous. Defendant objects to this Request to the extent it implies a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 47**

Admit that Wells Fargo failed to act in good faith when dealing with the Garcias.

**RESPONSE TO REQUEST NO. 47**

Defendant objects to this Request on the ground that it is vague and ambiguous. Defendant further objects to this Request to the extent it implies a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 48**

Admit that from August 24, 2010 to March 29, 2011, Wells Fargo failed to disclose its calculation error to the Garcias.

**RESPONSE TO REQUEST NO. 48**

Defendant objects to this Request to the extent it implies a legal conclusion. Defendant further objects to this Request on the grounds that it assumes facts not in evidence and is compound.

**REQUEST FOR ADMISSION NO. 49**

Admit that Wells Fargo deceptively told the Garcias that they did not qualify for a HAMP trial modification.

**RESPONSE TO REQUEST NO. 49**

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 50**

Admit that Wells Fargo cannot cause needless harm to consumers in the course of its mortgage servicing operations.

**RESPONSE TO REQUEST NO. 50**

Defendant objects to this Request to the extent it implies a legal conclusion. Defendant further objects to this Request on the ground that it is vague, ambiguous, compound, and unintelligible. Defendant additionally objects to this Request on the ground that it is harassing.

**REQUEST FOR ADMISSION NO. 51**

Admit that wrongfully denying a family a mortgage modification will cause the family needless harm.

**RESPONSE TO REQUEST NO. 51**

Defendant objects to this Request to the extent the term "wrongfully denying" implies a legal conclusion. Defendant further objects to this Request on the ground that it is vague,

ambiguous, unintelligible, and harassing. Defendant additionally objects to this Request on the ground that it is overbroad.

**REQUEST FOR ADMISSION NO. 52**

Admit that Wells Fargo is required to follow the law while conducting its mortgage servicing operations.

**RESPONSE TO REQUEST NO. 52**

Defendant objects to this Request on the ground that it implies a legal conclusion. Defendant further objects to this Request on the ground that it is vague, ambiguous, unintelligible, and harassing. Defendant additionally objects to this Request on the ground that it is overbroad.

**REQUEST FOR ADMISSION NO. 53**

Admit that Wells Fargo cannot engage in unfair conduct while conducting its mortgage servicing operations.

**RESPONSE TO REQUEST NO. 53**

Defendant objects to this Request on the ground that it implies a legal conclusion. Defendant further objects to this Request on the ground that it is vague, ambiguous, unintelligible, and harassing. Defendant additionally objects to this Request on the ground that it is overbroad.

**REQUEST FOR ADMISSION NO. 54**

Admit that wrongfully denying a family a mortgage modification is unfair as that term is defined by the Illinois Consumer Fraud Act.

**RESPONSE TO REQUEST NO. 54**

Defendant objects to this Request to the extent the terms "unfair" and "wrongfully denying" implies a legal conclusion. Defendant further objects to this Request on the ground that it is vague, ambiguous, and constitutes an incomplete hypothetical. Defendant additionally objects to this Request on the ground that it is overbroad.

**REQUEST FOR ADMISSION NO. 55**

Admit that the highest levels of Wells Fargo's management had both notice and knowledge of the errors with the "proprietary loan decisioning software tool" being used by Wells Fargo prior to the Garcias' first being denied for a loan modification.

**RESPONSE TO REQUEST NO. 55**

Defendant objects to this Request to the extent it implies a legal conclusion and is compound and harassing. Defendant further objects to this Request on the ground that the term "highest level of Wells Fargo's management" is vague and ambiguous. Defendant objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or work-product protection.

**REQUEST FOR ADMISSION NO. 56**

Admit that, but for Your calculation error that led you to wrongly deny the Garcias a trial mortgage loan modification, the Garcias' home would not have been sold at judicial foreclosure sale on February 18, 2011.

**RESPONSE TO REQUEST NO. 56**

Defendant objects to this Request to the extent the terms "but for" and "wrongly deny" implies a legal conclusion. Defendant also objects to this Request on the ground that it is speculative.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 57**

Admit that, but for Your calculation error that led you to wrongly deny the Garcias a trial mortgage loan modification, a deficiency judgement would not have been entered against the Garcias on March 29, 2011.

**RESPONSE TO REQUEST NO. 57**

Defendant objects to this Request to the extent the terms "but for" and "wrongly deny" implies a legal conclusion. Defendant further objects to this Request on the ground that it is speculative.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 58**

Admit that, but for your calculation error, the Garcias would have still owned the Home on March 29, 2011.

**RESPONSE TO REQUEST NO. 58**

Defendant objects to this Request to the extent it implies a legal conclusion. Defendant further objects to this Request on the ground that it is speculative.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Denied.

Dated: October 22, 2021                    Respectfully submitted,

*/s/ Angela A. Smedley*
Angela A. Smedley (*pro hac vice*)
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Phone: 212-294-6700
Fax: 212-294-4700
asmedley@winston.com

Shawn R. Obi (*pro hac vice*)
Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071
Phone: 213-615-1700
Fax: 213-615-1750

sobi@winston.com

*Counsel for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of October 2021, the foregoing was served upon the following:

Rusty A. Payton
Payton Legal Group
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Salvador J. Lopez
Robson & Lopez, LLC
180 W. Washington Street, Suite 700
Chicago, Illinois 60602
(312) 525-2166
lopez@robsonlopez.com

Nicholas H. Wooten
Nick Wooten, LLC
5125 Burnt Pine Drive
Conway, Arkansas 72034
(833) 937-6389
nick@nickwooten.com

*Attorneys for Plaintiff*

/s/ *Angela A. Smedley*