# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW J. MAXWELL, not individually, but as Trustee for the estate of Eduardo Garcia and Julia Escamilla (nka Julia Garcia), et al. | ) ) ) | Case No. 1:20-cv-02402 |
| | ) | Judge Rebecca R. Pallmeyer |
| Plaintiffs, | ) | |
| vs. | ) | Judge Heather K. McShain |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

**DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

---

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant Wells Fargo Bank, N.A. ("Defendant") hereby submits the following Objections and Responses to Plaintiff Andrew Maxwell's ("Plaintiff") First Set of Requests for Production of Documents ("Requests"). Defendant reserves the right to supplement, modify, or amend these responses up to and through the time of trial.

## PRELIMINARY STATEMENT

The following responses ("Responses") and objections ("Objections") are made without waiver of, or prejudice to, any objections Defendant may have.

In addition, these Responses and Objections are based on information known to Defendant at this time and should not be viewed as an exhaustive statement of the facts underlying its claims or defenses in this action. Defendant has made a reasonable and good faith effort to respond to these Requests in compliance with Federal Rules of Civil Procedure 33 and 34. However, discovery is ongoing and Defendant has not fully completed its investigation relating to the facts

in this action. The Responses contained herein are based only on such information and documents presently available and specifically known to Defendant. These Responses are provided without prejudice to Defendant's right to produce or rely on subsequently discovered information, facts, or documents. Accordingly, Defendant reserves its right to produce subsequently discovered evidence and facts, and to add, modify, supplement, or otherwise change or amend these Responses as may be appropriate in light of further investigation, discovery, or court rulings. Nothing in these Responses shall limit or waive Defendant's right to offer additional evidence at the time of any hearing or to provide information not yet obtained by or known to Defendant. These Responses are also subject to correction for any inadvertent errors or omissions.

No incidental or implied admissions are intended in these Responses. The fact that Defendant has responded to these Requests should not be taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by these Requests or that such response constitutes admissible evidence. Further, the fact that Defendant has responded to these Requests is not intended to and shall not be construed to be a waiver by Defendant of the objections to these Requests.

Defendant objects to these Requests to the extent they seek or would call for the production of information or documents that: (i) were prepared for or in anticipation of litigation and are work product; (ii) constitute or reflect communications protected by the attorney-client, work product, or common interest privileges; or (iii) are protected by any other privilege under the Federal Rules of Civil Procedure or other applicable law. The production of a document by Defendant in response to these Requests is not intended to waive any privilege, right or objection on the part of Defendant with respect to any such document. In the event that a privileged document(s) is inadvertently produced, such production shall be deemed inadvertent, and shall not constitute a

2

waiver of Defendant's right to assert the applicability for any such document(s). Upon notification that such disclosure was inadvertent, the document(s) or any copies thereof shall be returned immediately.

Defendant intends to produce information electronically, in the manner specified in the Stipulation Regarding Discovery of Electronically Stored Information ("ESI") agreed to by the parties and in accordance with mutually agreed upon custodians, search terms, and production schedule. Defendant objects to the timeframe for production specified, and intends to begin production after entry of an appropriate protective order regarding confidentiality.

**RESPONSES & OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1**

All documents including, but not limited to, the Garcias' application, calculations, worksheets, spreadsheets (in .xls or a comparable format), title reports, appraisals, screenshots, notes, internal and external communications, credit pulls and underwriting notes, or any other document you may have relied on, related to Wells Fargo's denial of the Garcias' loan modification application on or around November 20, 2008.

**RESPONSE TO REQUEST NO. 1**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case

and consistent with the parties' ESI protocol, origination and loss-mitigation records (the "Loan File") for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 2**

All documents including, but not limited to, the Garcias' application, calculations, worksheets, spreadsheets (in .xls or a comparable format), title reports, appraisals, screenshots, notes, internal and external communications, credit pulls and underwriting notes, or any other document you may have relied on, related to Wells Fargo's denial of the Garcias' loan modification application on or around August 24, 2010.

**RESPONSE TO REQUEST NO. 2**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 3**

All documents including, but not limited to, the Garcias' application, calculations, worksheets, spreadsheets (in .xls or a comparable format), title reports, appraisals, screenshots, notes, internal and external communications, credit pulls and underwriting notes, or any other

document you may have relied on, related to Wells Fargo's denial of the Garcias' loan modification application on or around November 12, 2010.

## RESPONSE TO REQUEST NO. 3

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the ground that no denial of the Garcia's loan modification application occurred on or around November 12, 2010. Defendant further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

## REQUEST FOR PRODUCTION NO. 4

All documents including, but not limited to, the Garcias' application, calculations, worksheets, spreadsheets (in .xls or a comparable format), title reports, appraisals, screenshots, notes, internal and external communications, credit pulls and underwriting notes, or any other document you may have relied on, related to Wells Fargo's denial of the Garcias' loan modification application on or around December 1, 2010.

## RESPONSE TO REQUEST NO. 4

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects on the ground

that the Request is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

## REQUEST FOR PRODUCTION NO. 5

All documents including, but not limited to, the Garcias' application, calculations, worksheets, spreadsheets (in .xls or a comparable format), title reports, appraisals, screenshots, notes, internal and external communications, credit pulls and underwriting notes, or any other document you may have relied on, related to Wells Fargo's denial of the Garcias' loan modification application on or around February 7, 2011.

## RESPONSE TO REQUEST NO. 5

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case

6

and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

## REQUEST FOR PRODUCTION NO. 6

All documents including, but not limited to, the Garcias' application, calculations, worksheets, spreadsheets (in .xls or a comparable format), title reports, appraisals, screenshots, notes, internal and external communications, credit pulls and underwriting notes pertaining or in any way relating to the Garcias' application for loss mitigation that is the subject of the "faulty calculation" referenced in the July 26, 2019 letter from Wells Fargo. For purposes of this request, "loss mitigation" shall mean all applications for loan modification, forbearance, deferment, short sale, or deed-in-lieu.

## RESPONSE TO REQUEST NO. 6

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Request on the ground that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 7**

All written correspondence and internal memorandum [*sic*] related to the discovery of the "faulty calculation" on the Garcias' loan referenced in the July 26, 2019 letter.

**RESPONSE TO REQUEST NO. 7**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Request on the ground that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 8**

Any third-party vendor correspondence, including calculations worksheets, worksheets from the mortgage loan modification underwriting tool, memorandum and/or work product in the possession or control of Wells Fargo related to the error in the review of the completed application for loss mitigation that is the subject of the July 26, 2019 letter.

**RESPONSE TO REQUEST NO. 8**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendant further objects to this Request on the ground that it seeks documents protected

8

from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 9

All personnel files of Wells Fargo employees who were involved in the review and determination to deny [the] Garcias' application for a loan modification which is the subject of the July 26, 2019 letter.

## RESPONSE TO REQUEST NO. 9

Defendant objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or work product protection. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of this case. Defendant further objects to this Request on the grounds that it is intended to harass and on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to the Request on the ground that it seeks documents for which the disclosure would invade the privacy of third parties. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 10

With reference to the July 26, 2019 letter, produce in detail the corrected calculations showing that the Garcias "would have been approved for a trial modification."

**RESPONSE TO REQUEST NO. 10**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

Subject to and without waiving these objections, Defendant states the following: Defendant will produce responsive documents, to the extent any exist, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 11**

All written communications via mail, courier, email, fax, or through Wells Fargo's portal that Wells Fargo sent to the Garcias from January 1, 2008 to April 18, 2020.

**RESPONSE TO REQUEST NO. 11**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case as it calls for "all written communications … sent to the Garcias from January 1, 2008 to April 18, 2020." Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 12**

All written communications of any kind that the Garcias sent to You via mail, email, fax, or through Wells Fargo's portal from January 1, 2008 to April 18, 2020.

**RESPONSE TO REQUEST NO. 12**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case as it calls for "all written communications of any kind that the Garcias sent to You … from January 1, 2008 to April 18, 2020." Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 13**

A complete call log itemizing all calls between Wells Fargo and the Garcias from January 1, 2008 to April 18, 2020.

**RESPONSE TO REQUEST NO. 13**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 14**

Recordings of all telephone calls between Wells Fargo and the Garcias from January 1, 2008 to April 18, 2020.

**RESPONSE TO REQUEST NO. 14**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case as it calls for "[r]ecordings of all telephone calls between Wells Fargo and the Garcias from January 1, 2009 to April 18, 2020." Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

Subject to and without waiving these objections, Defendant responds as follows: To the extent responsive exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 15**

All mortgage statements sent to the Garcias from January 1, 2008 to May 26, 2011.

**RESPONSE TO REQUEST NO. 15**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case as it calls for "[a]ll mortgage statements sent to the Garcias from January 1, 2009 to May 26, 2011." Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to this Request as vague and ambiguous as to the term "mortgage statements."

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 16**

Complete copies of the servicing file maintained by Wells Fargo including, but not limited to: Wells Fargo's notes logs, comment logs, and servicing notes maintained in Wells Fargo's internal servicing software, system of record, or maintained by a third-party vendor or default service provider that pertain to the subject loan account from January 1, 2008 to April 18, 2020. For purposes of this request, "notes logs, comment logs, and servicing notes" shall mean and include those "logs" maintained by Wells Fargo including, but not limited to, the loss mitigation department, foreclosure department, bankruptcy, call center, and customer services.

**RESPONSE TO REQUEST NO. 16**

Defendant objects to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case as it calls for "[c]omplete copies of the servicing file … that pertain to the subject loan account from January 1, 2009 to April 18, 2020." Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information. Defendant further objects to this Request as vague and ambiguous as to the terms "servicing file" and "Wells Fargo's internal servicing software, system of record, or maintained by a third-party vendor or default service provider that pertain to the subject loan account."

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 17**

An itemized calculation of how Wells Fargo determined the bid of $144,500 for which the Garcias' home was sold to Wells Fargo at a foreclosure sale on February 18, 2011.

**RESPONSE TO REQUEST NO. 17**

Defendant objects to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case as it calls for an "itemized calculation of how Wells Fargo determined the bid of $144,500 for which the Garcias' home was sold to Wells Fargo at a foreclosure sale on February 18, 2011." Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, documents responsive to this Request. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 18**

A copy of the terms of the trial loan modification offer that the Garcias would have been approved for, had Wells Fargo not made the calculation error(s) described in WFC's 10-Q for quarterly period ending on September 30, 2018, and referenced in the July 26, 2019 letter. For purposes of this request, the "terms" should describe with particularity the effective date, modified principal balance, modified interest rate - whether fixed or variable, modified deferred principal balance (if any), modified principal and interest payment, beginning monthly escrow included in

monthly payment, escrow shortage included in monthly payment, modified term of the loan including the beginning date of payments and the maturity date of the modified loan.

**RESPONSE TO REQUEST NO. 18**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of this case. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

Subject to and without waiving these objections, Defendant states the following: Defendant will produce documents sufficient to show the terms of the trial loan modification offer, to the extent any exist, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 19**

Schedules for auditing the loan modification software that contained the calculation error(s) described in WFC's 10-Q for the quarterly period ending on September 30, 2018.

**RESPONSE TO REQUEST NO. 19**

Defendant objects to the Request as vague, ambiguous, and unintelligible as to the terms "[s]chedules for auditing the loan modification software that contained the calculation error(s) described in WFC's 10-Q for the quarterly period ending on September 30, 2018." Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 20

The mathematical formula and calculations used in making the determination of the dollar amount to send the Garcias on July 26, 2019.

## RESPONSE TO REQUEST NO. 20

Defendant objects to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case as it calls for the "mathematical formula and calculations used in making the determination of the dollar amount to send the Garcias on July 26, 2019." Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information. Defendant further objects to this Request to the extent that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 21

The mathematical formula and calculations used in making the determination of the dollar amount to send the Garcias on November 18, 2019.

## RESPONSE TO REQUEST NO. 21

Defendant objects to the extent that this Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request

on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case as it calls for the "mathematical formula and calculations used in making the determination of the dollar amount to send the Garcias on November 18, 2019." Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information. Defendant further objects to this Request to the extent that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 22

The Garcias' default and delinquent status history on the subject mortgage loan.

## RESPONSE TO REQUEST NO. 22

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects on the ground that the Request is vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

## REQUEST FOR PRODUCTION NO. 23

The Garcias' late and missed payments on the subject mortgage loan.

**RESPONSE TO REQUEST NO. 23**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects on the ground that the Request is vague, ambiguous, unintelligible, and overbroad.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 24**

All documents relating to the foreclosure of the subject mortgage loan.

**RESPONSE TO REQUEST NO. 24**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects on the ground that the Request is vague and ambiguous as to the terms "relating to the foreclosure of the subject mortgage loan." Defendant also objects that the Request is duplicative. Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the claims and defenses in this as it calls for "[a]ll documents relating to the foreclosure of the subject mortgage loan." Defendant further objects on the ground that the Request seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

18

**REQUEST FOR PRODUCTION NO. 25**

All communications and correspondence relating to the Garcias' mortgage loan.

**RESPONSE TO REQUEST NO. 25**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine.  Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the claims and defenses in this case.  Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.  Defendant also objects to this Request to the extent it seeks confidential and proprietary information.  Defendant further objects that the Request is duplicative.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias.  Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 26**

Personnel files for all witnesses disclosed in Your Rule 26 initial disclosures stating for each witness, the witness' positions or job titles with Wells Fargo, duties, date of hire, date of termination (if applicable), experience and qualifications relative to the witness' position with Wells Fargo.

**RESPONSE TO REQUEST NO. 26**

Defendant objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or work product protection.  Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case.  Defendant further objects to this Request on the grounds that it is intended to

harass and on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to the Request on the ground that it seeks documents for which the disclosure would invade the privacy of third parties. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 27

All documents provided to and/or received from the Office of the Comptroller of the Currency ("OCC") as part of its investigation that led to the 2011 Consent Order.

## RESPONSE TO REQUEST NO. 27

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 28

The fully executed 2011 Stipulation and Consent to the Issuance of a Consent Order and the Consent Order.

## RESPONSE TO REQUEST NO. 28

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the claims

and defenses in this case. Defendant further objects on the ground that the Request seeks documents that are in the public record and equally available to Plaintiff.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 29

All written progress reports submitted by the Wells Fargo Compliance Committee to Wells Fargo's Board of Directors and to the Deputy Comptroller for Large Bank Supervision and Examiner-in-Charge, as required by the 2011 Consent Order.

## RESPONSE TO REQUEST NO. 29

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects that Plaintiff is seeking information without regard as to whether it is relevant to Plaintiff's claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 30

The Comprehensive Action Plan submitted to and accepted by the Deputy Comptroller, as required by the 2011 Consent Order, and revisions thereto from April 2011 to present.

## RESPONSE TO REQUEST NO. 30

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks documents protected from disclosure by the bank examination privilege.

21

*See* 12 C.F.R. § 4.36 *et seq*. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 31

Reports submitted by Wells Fargo to its Board of Directors, as required by the 2011 Consent Order, pertaining to Wells Fargo's mortgage servicing, foreclosure, and loss mitigation activities, as well as associated risk management, compliance, quality control, audit, training, staffing, and related functions, from April 2011 to present.

## RESPONSE TO REQUEST NO. 31

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or work product protection. Defendant further objects to this Request on the ground that it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request to the extent it seeks confidential and proprietary information. Defendant also objects that Plaintiff is seeking information without regard as to whether it is relevant to Plaintiff's claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 32

All documents and reports created by the Wells Fargo Compliance Committee and provided to the OCC.

**RESPONSE TO REQUEST NO. 32**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request to the extent it seeks confidential and proprietary information. Defendant also objects that Plaintiff is seeking information without regard as to whether it is relevant to Plaintiff's claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 33**

All documents created for or provided by Wells Fargo's Chief Operational Risk Officer to the Compliance Committee and the Audit & Examination Committee with reference to Wells Fargo's mortgage modification and foreclosure practices, and compliance with HAMP and other government requirements.

**RESPONSE TO REQUEST NO. 33**

Defendant objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request to the extent it seeks confidential and proprietary information. Defendant also objects that Plaintiff is seeking information without regard as to whether it is relevant to Plaintiff's

claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 34

All documents created for or supplied to the Wells Fargo Audit & Examination Committee that contain any reference to HAMP or Wells Fargo's loan modification policies, procedures, or practices.

## RESPONSE TO REQUEST NO. 34

Defendant objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, oppressive and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request to the extent it seeks confidential and proprietary information. Defendant also objects that Plaintiff is seeking information without regard as to whether it is relevant to Plaintiff's claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 35

The Compliance Program implemented by Wells Fargo, as required by the 2011 Consent Order, and revisions thereto from April 2011 to present.

**RESPONSE TO REQUEST NO. 35**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case.  Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine.  Defendant further objects to this Request on the ground that it seeks documents protected from disclosure by the bank examination privilege.  *See* 12 C.F.R. § 4.36 *et seq*.  Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.  Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 36**

The fully executed 2013 Amendment to [the] April 13, 2011 Consent Order.

**RESPONSE TO REQUEST NO. 36**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case.  Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.  Defendant further objects on the ground that the Request seeks documents that are in the public record and equally available to Plaintiff.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 37**

The fully executed 2015 Consent Order Amending the 2011 Consent Order and 2013 Amendment to the 2011 Consent Order (the "2015 OCC Consent Order").

25

**RESPONSE TO REQUEST NO. 37**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects on the ground that the Request seeks documents that are in the public record and equally available to Plaintiff.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 38**

The fully executed 2016 Consent Order for a Civil Money Penalty.

**RESPONSE TO REQUEST NO. 38**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of this case. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects on the ground that the Request seeks documents that are in the public record and equally available to Plaintiff.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 39**

All mortgagee letters from HUD regarding HAMP from January 1, 2008 to the present.

**RESPONSE TO REQUEST NO. 39**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendant also objects to this Request on the ground

that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects on the ground that the Request seeks information beyond the relevant time period. Defendant further objects on the ground that the Request seeks documents that are in the public record and equally available to Plaintiff.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 40**

All complete Servicer Participation Agreements for the Home Affordable Modification Program ("HAMP"), including financial instrument, annual certifications, and assignment and assumption agreements from February 2008 to current.

**RESPONSE TO REQUEST NO. 40**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects on the ground that the Request seeks information beyond the relevant time period.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 41**

Wells Fargo's policies and procedures relative to Your internal foreclosure or related functions, including loss mitigation and loan modification processes, from September 1, 2008 to April 18, 2020.

**RESPONSE TO REQUEST NO. 41**

Defendant objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant objects to this Request on the grounds

that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects on the ground that the Request seeks information beyond the relevant time period. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 42**

Wells Fargo's policies and procedures relative to the qualifications and expertise required of Your employees who worked on and/or provided any service related to Wells Fargo's loss mitigation and loan modification process, foreclosures and bankruptcies, from September 1, 2008 to April 18, 2020.

**RESPONSE TO REQUEST NO. 42**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects on the ground that the Request seeks information beyond the relevant time period. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

28

**REQUEST FOR PRODUCTION NO. 43**

Wells Fargo's training manuals regarding Your employees who worked on and/or provided any service related to Wells Fargo's loss mitigation and loan modification process, foreclosures and bankruptcies, from September 1, 2008 to April 18, 2020.

**RESPONSE TO REQUEST NO. 43**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects on the ground that the Request seeks information beyond the relevant time period. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 44**

Wells Fargo's policies and procedures to ensure adequacy of the staffing levels, training, work quality, and workload balance for Your departments and employees who worked on and/or provided any service related to Wells Fargo's loss mitigation and loan modification process, foreclosures and bankruptcies, from September 1, 2008 to April 18, 2020.

**RESPONSE TO REQUEST NO. 44**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

Defendant further objects on the ground that the Request seeks information beyond the relevant time period.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 45

Wells Fargo's policies and procedures to ensure the accuracy of work performed by Your departments and employees who worked on and/or provided any service related to Wells Fargo's loss mitigation and loan modification process, foreclosures and bankruptcies, from September 1, 2008 to April 18, 2020.

## RESPONSE TO REQUEST NO. 45

Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects on the ground that the Request seeks information beyond the relevant time period. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 46

Wells Fargo's policies and procedures for outsourcing foreclosure or related functions, including loss mitigation and loan modification, and property management functions for residential real estate acquired through or in lieu of foreclosure, to any agent, independent contractor, consulting firm, law firm (including local counsel in foreclosure or bankruptcy proceedings retained to represent the interests of the owners of mortgages), property management

firm, or other third-party (including any affiliate of the Bank), from September 1, 2008 to April 18, 2020.

**RESPONSE TO REQUEST NO. 46**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the terms "outsourcing foreclosure or related functions." Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects on the ground that the Request seeks information beyond the relevant time period. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 47**

All contracts between Wells Fargo and each third-party provider who worked on and/or provided any service related to the Garcias' loan modification application that is the subject of the July 26, 2019 letter (*Exhibit B* to Plaintiffs' Complaint).

**RESPONSE TO REQUEST NO. 47**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case . Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to the Request as vague and ambiguous as to the terms "each third-party provider who worked on and/or provided any service related to the Garcias' loan modification application that is the subject of the July 26, 2019 letter."

31

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 48**

Wells Fargo's policies and procedures to perform appropriate due diligence on potential and current third-party provider qualifications, expertise, capacity, reputation, complaints, information security, document custody practices, business continuity, and financial viability. For purposes of this request, "third-party provider" refers to any third-party who worked on and/or provided any service related to Wells Fargo's loss mitigation and loan modification process, foreclosures and bankruptcies, from July 1, 2010 to April 18, 2020.

**RESPONSE TO REQUEST NO. 48**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 49**

Wells Fargo's policies and procedures to ensure adequacy of third-party provider staffing levels, training, work quality, and workload balance. For purposes of this request, "third-party provider" refers to any third-party who worked on and/or provided any service related to Wells Fargo's loss mitigation and loan modification process, foreclosures and bankruptcies, from July 1, 2010 to April 18, 2020.

**RESPONSE TO REQUEST NO. 49**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to the Request as vague and ambiguous as to the terms "adequacy of third-party provider staffing levels, training, work quality, and workload balance." Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 50**

Wells Fargo's policies and procedures to ensure the accuracy of work performed by third-party providers. For purposes of this request, "third-party provider" refers to any third-party who worked on and/or provided any service related to Wells Fargo's loss mitigation and loan modification process, foreclosures and bankruptcies, from July 1, 2010 to April 18, 2020.

**RESPONSE TO REQUEST NO. 50**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to the Request as vague and ambiguous as to the terms "accuracy of work performed by third-party providers." Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 51**

All documents containing findings and/or conclusions from Wells Fargo's review of the automated mortgage loan modification software used by Wells Fargo between February 1, 2008 and April 20, 2018.

**RESPONSE TO REQUEST NO. 51**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extend that it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 52**

All documents containing findings and/or conclusions from Wells Fargo's discovery of the error in its mortgage modification software that led to Wells Fargo wrongly denying mortgage modifications between February 1, 2008 and April 20, 2018.

**RESPONSE TO REQUEST NO. 52**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it seeks documents

protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent it seeks confidential and proprietary information.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 53**

All documents produced by Wells Fargo in response to discovery regarding liability that are not borrower specific in the case of *Hernandez, et al. v. Wells Fargo & Company, et al.*

**RESPONSE TO REQUEST NO. 53**

Defendant also objects to this Interrogatory on the ground that documents produced by Defendant in the *Hernandez, et al. v. Wells Fargo & Company, et al.* action are prohibited from disclosure by a protective order. Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the term "liability." Defendant further objects to this Request on the grounds that it assumes facts not in evidence.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 54**

All documents regarding any claim submitted by Wells Fargo against a private mortgage insurance ("PMI") policy on the Garcia mortgage loan.

**RESPONSE TO REQUEST NO. 54**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 55**

All documents regarding the payment of any claim submitted by Wells Fargo against a private mortgage insurance ("PMI") policy on the Garcia mortgage loan.

**RESPONSE TO REQUEST NO. 55**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 56**

All documents regarding any invoice or claim submitted for payment by Wells Fargo to Fannie Mae, Freddie Mac or the Federal Housing Administration relative to the Garcia mortgage loan.

**RESPONSE TO REQUEST NO. 56**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 57**

All documents regarding any payment Wells Fargo received from Fannie Mae, Freddie Mac or the Federal Housing Administration relative to the Garcia mortgage loan.

**RESPONSE TO REQUEST NO. 57**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 58**

All documents supporting Your denial of paragraph 31 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 58**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground

that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 59**

All documents supporting Your denial of paragraph 32 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 59**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 60**

All documents supporting Your denial of paragraph 33 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 60**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground

that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 61**

All documents supporting Your denial of paragraph 34 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 61**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, documents supporting this defense. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 62**

All documents supporting Your denial of paragraph 35 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 62**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground

that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, documents supporting this defense. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

## REQUEST FOR PRODUCTION NO. 63

All documents supporting Your denial of paragraph 36 of Plaintiff's Complaint.

## RESPONSE TO REQUEST NO. 63

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 64

All documents supporting Your denial of paragraph 37 of Plaintiff's Complaint.

## RESPONSE TO REQUEST NO. 64

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it

seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 65**

All documents supporting Your denial of paragraph 47 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 65**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 66**

All documents supporting Your denial of paragraph 48 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 66**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground

41

that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 67**

All documents supporting Your denial of paragraph 49 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 67**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 68**

All documents supporting Your denial of paragraph 50 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 68**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 69**

All documents supporting Your denial of paragraph 51 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 69**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

43

**REQUEST FOR PRODUCTION NO. 70**

All documents supporting Your denial of paragraph 52 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 70**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 71**

All documents supporting Your denial of paragraph 53 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 71**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

44

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 72

All documents supporting Your denial of paragraph 54 of Plaintiff's Complaint.

## RESPONSE TO REQUEST NO. 72

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## REQUEST FOR PRODUCTION NO. 73

All documents supporting Your denial of paragraph 75 of Plaintiff's Complaint.

## RESPONSE TO REQUEST NO. 73

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, documents supporting this defense. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 74**

All documents supporting Your denial of paragraph 82 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 74**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 75**

All documents supporting Your denial of paragraph 84 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 75**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further

objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan File for the Garcias. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 76**

All documents supporting Your denial of paragraph 91 that Wells Fargo "forced [the Garcias] to move out of the Family Home."

**RESPONSE TO REQUEST NO. 76**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity. Defendant further objects to this Request on the basis that it seeks documents not in Defendant's possession, custody, or control.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 77**

All documents supporting Your denial of paragraph 113 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 77**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground

47

that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity. Defendant further objects to this Request on the ground that it implies a legal conclusion.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 78**

All documents supporting Your denial of paragraph 114 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 78**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, documents supporting this defense. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 79**

All documents supporting Your denial of paragraph 125 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 79**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and

Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity. Defendant further objects to this Request on the ground that it implies a legal conclusion.

To the extent responsive, non-privileged documents exist, Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, documents supporting this defense. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 80**

All documents supporting Your denial of paragraph 126 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 80**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the ground that it implies a legal conclusion. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 81**

All documents supporting Your denial of paragraph 127 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 81**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and

Defendant's investigation continues.  Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.  Defendant further objects to this Request on the ground that it implies a legal conclusion.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 82**

All documents supporting Your denial of paragraph 129 of Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 82**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case.  Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues.  Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.  Defendant further objects to this Request on the ground that it implies a legal conclusion.

To the extent responsive, non-privileged documents exist, Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, documents supporting this defense.  Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 83**

All documents supporting Your Second Defense, No Actual or Proximate Injury.

**RESPONSE TO REQUEST NO. 83**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case.  Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and

Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

Subject to and without waiving these objections, Defendant responds as follows: the defenses it intends to raise regarding "No Actual or Proximate Injury" are still under investigation and will be disclosed at the appropriate stage of this litigation as discovery proceeds. Defendant reserves the right to supplement this response as appropriate in the future. To the extent responsive, non-privileged documents exist, Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, documents supporting this defense. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

## REQUEST FOR PRODUCTION NO. 84

All documents supporting Your Fifth Defense, Lack of Deception or Misrepresentation.

## RESPONSE TO REQUEST NO. 84

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

Subject to and without waiving these objections, Defendant responds as follows: the defenses it intends to raise regarding "Lack of Deception or Misrepresentation" are still under investigation and will be disclosed at the appropriate stage of this litigation as discovery proceeds. Defendant reserves the right to supplement this response as appropriate in the future. To the extent responsive, non-privileged documents exist, Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI

protocol, documents supporting this defense. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

## REQUEST FOR PRODUCTION NO. 85

All documents supporting Your Sixth Defense, that Wells Fargo "at all times acted in good faith and honesty in fact."

## RESPONSE TO REQUEST NO. 85

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

Subject to and without waiving these objections, Defendant responds as follows: the defenses it intends to raise regarding it "at all times acted in good faith and honesty in fact" are still under investigation and will be disclosed at the appropriate stage of this litigation as discovery proceeds. Defendant reserves the right to supplement this response as appropriate in the future. To the extent responsive, non-privileged documents exist, Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, documents supporting this defense. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

## REQUEST FOR PRODUCTION NO. 86

All documents supporting Your Sixth Defense, that Wells Fargo "always observed reasonable commercial standards of fair dealing in the trade, when dealing with the Garcias."

**RESPONSE TO REQUEST NO. 86**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it implies a legal conclusion. Defendant further objects on the ground that the Request is premature at this stage in the litigation, given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

Subject to and without waiving these objections, Defendant responds as follows: the defenses it intends to raise regarding it "always observed reasonable commercial standard of fair dealing in the trade, when dealing with the Garcias" are still under investigation and will be disclosed at the appropriate stage of this litigation as discovery proceeds. Defendant reserves the right to supplement this response as appropriate in the future. To the extent responsive, non-privileged documents exist, Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, documents supporting this defense. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

**REQUEST FOR PRODUCTION NO. 87**

Please produce a copy of each and every document and record relied upon in responding to any of the Interrogatories, Requests for Production of Documents and Requests for Admission.

**RESPONSE TO REQUEST NO. 87**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects on the ground that the Request is premature at this stage in the litigation,

given that discovery is ongoing and Defendant's investigation continues. Defendant further objects to this Request to the extent it seeks documents that have not been specified with reasonable particularity.

To the extent responsive, non-privileged documents exist, Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, documents and records relied upon in responding to any of the Interrogatories, Requests for Production of Documents, and Requests for Admission. Defendant intends to begin production after entry of an appropriate protective order regarding confidentiality.

Dated: August 6, 2021                     Respectfully submitted,

                                          /s/ Angela A. Smedley
                                          Angela A. Smedley (*pro hac vice*)
                                          Winston & Strawn LLP
                                          200 Park Avenue
                                          New York, NY 10166
                                          Phone: 212-294-6700
                                          Fax: 212-294-4700
                                          asmedley@winston.com

                                          Shawn R. Obi (*pro hac vice*)
                                          Winston & Strawn LLP
                                          333 South Grand Avenue
                                          Los Angeles, CA 90071
                                          Phone: 213-615-1700
                                          Fax: 213-615-1750
                                          sobi@winston.com

                                          *Counsel for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of August 2021, the foregoing was served upon the following:

Rusty A. Payton
Payton Legal Group
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Salvador J. Lopez
Robson & Lopez, LLC
180 W. Washington Street, Suite 700
Chicago, Illinois 60602
(312) 525-2166
lopez@robsonlopez.com

Nicholas H. Wooten
Nick Wooten, LLC
5125 Burnt Pine Drive
Conway, Arkansas 72034
(833) 937-6389
nick@nickwooten.com

*Attorneys for Plaintiff*

/s/ *Angela A. Smedley*