**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ANDREW J. MAXWELL, not individually, but as Trustee for the estate of Eduardo Garcia and Julia Escamilla, now known as Julia Garcia; EDUARDO GARCIA; JULIA GARCIA; and their minor children, individually,** ) ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | No. 20 C 2402 |
| **WELLS FARGO BANK, N.A.,** ) ) | Judge Rebecca R. Pallmeyer |
| **Defendant.** ) | |

**ORDER**

Plaintiff's motion to compel [50] is granted in part and denied in part. Wells Fargo is directed to furnish additional discovery responses as directed herein within 21 days. Further telephone status conference is set for February 9, 2022 at 11:30 a.m. Members of the public and media will be able to call in to listen to this hearing. Instructions and a link to the conference number are located on Judge Pallmeyer's website. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

**STATEMENT**

Plaintiff Maxwell is Trustee for the bankruptcy estate of Eduardo and Julia Garcia, who allege in this lawsuit that Wells Fargo improperly denied their request for a loan modification of their home mortgage. A class action lawsuit was filed to challenge Wells Fargo's practices (referred to herein as the "*Hernandez* litigation"), but the Garcias opted out in favor of bringing this individual case. Discovery is ongoing, and Maxwell now moves to compel further answers to the interrogatories he has submitted in this case. As explained here, the motion is granted in part and denied in part.

1. Plaintiff has requested the names of individuals who furnished information responsive to the interrogatories in this case—a standard request, to which Defendant nevertheless initially objected. More recently, Defendant furnished a supplemental answer in which it identified just one individual as a person with knowledge of the circumstances surrounding denial of the Garcias' loan modification. At a hearing on this motion, Wells Fargo's attorney acknowledged that it "may not necessarily be the case" that only one person has knowledge of the relevant circumstances and would testify at a trial in this case. The court recognizes that a request for a list of trial witnesses would be premature. What Plaintiff has requested, however, is a list of persons who have information responsive to the interrogatories. That request is not premature. Wells Fargo's objection is overruled, and Wells Fargo is warned that individuals whose names are not disclosed in response to discovery will be barred from providing information

in support of a motion for summary judgment or testifying at trial.

2. For similar reasons, Wells Fargo's objections to responding to Interrogatory 4 (which seeks the names of persons involved in servicing the Garcias' loan) and Interrogatory No. 5 (seeking the names of third-party providers of such servicing) are overruled.

3. Wells Fargo has answered Interrogatory No. 6 "subject to and without waiving objections." It is not clear that Wells Fargo has complied with FED. R. CIV. P. 34(b)(1)(C), which requires a statement of whether any responsive materials are being withheld on the basis of the objection. Counsel for Wells Fargo instead stated on the record that the objection is withdrawn.

4. Interrogatory 7 asks Wells Fargo to identify the date upon which Wells Fargo first became aware of an error in its mortgage loan modification tool. Wells Fargo objected on grounds of privilege, but has not explained why the date on which certain information was disclosed is privileged. The objection is overruled.

5. Interrogatories 8 and 9 seek an explanation of the manner in which Wells Fargo determined the amount of checks it sent to the Garcias years after their loan modification request was denied. Plaintiff's counsel noted that other borrowers who were alleged victims of Wells Fargo's failure to allow refinancing received checks in different amounts. Wells Fargo has objected on privilege grounds, but the court believes that an explanation of the reasons for the differences may well be relevant to the Garcias' claims. The objection is overruled.

6. In interrogatories 11 through 20, Plaintiff seeks information in support of Wells Fargo's responses to allegations in the complaint.

- In paragraph 31 of the complaint, Plaintiff alleged that Wells Fargo failed to detect system errors in a tool it used to determine the availability of refinancing. Defense counsel explained that the basis for denial of that allegation is that Plaintiff is incorrect about the time frame.

- Wells Fargo has explained its denial of paragraph 32 of the complaint.

- Paragraph 33 is an allegation that Wells repeatedly violated HAMP and other regulatory requirements. That allegation is a conclusion of law; Wells Fargo's objection to the interrogatory seeking an explanation of the denial is sustained.

- Paragraph 36 of the complaint includes an allegation that Wells Fargo sent a letter to the Garcias making certain admissions. Wells Fargo has denied this allegation on the basis that other portions of paragraph 36 constitute legal conclusions. Wells Fargo is directed to explain its basis for denying that it sent the letter or, in the alternative, amend its answer to the complaint to acknowledge that it did send the letter but denies legal conclusions.

- Paragraph 47 of the Complaint alleged that Wells Fargo discovered an error in its mortgage modification software in October 2015. Wells Fargo denied this allegation and has explained its refusal to provide information supporting that denial by saying that the error at issue is irrelevant to the Garcia's case. The court is uncertain that the date on which Wells Fargo discovered an error is irrelevant. The court is also uncertain why the irrelevance of the issue would support Wells Fargo's decision to deny its truth. Wells Fargo has agreed to supplement its answer to the related Interrogatory 15 as well as to Interrogatory 16, which seeks

        an explanation of the basis for Wells Fargo's denial the allegation (paragraph 52 of the complaint) that Wells Fargo discovered additional errors affecting hundreds of borrowers three years later.

- Wells Fargo's objections to interrogatories 17, 18, and 19 are sustained, as the corresponding complaint allegations are conclusions of law.

- Wells Fargo will supplement its response to Interrogatory 20 and 21, which seeks information concerning Wells Fargo's good faith defense.

7. Wells Fargo's objections to Interrogatories 22 and 23, which seek a witness list and a list of trial exhibits, are sustained.

8. Plaintiff urges that some 54 fact witnesses were identified in the *Hernandez* class action, in which hundreds of individuals made claims that Plaintiff Maxwell contends are similar to the Garcias. Interrogatory 24 asks for a list of witnesses deposed in the *Hernandez* class action. To the extent this is a request for trial witnesses in this case it is premature, but the court expects that Wells Fargo will promptly identify individuals that provided information responsive to the interrogatories apart from the single individual that has been identified.

9. Plaintiff has again offered to withdraw its discovery requests in this case in return for "cloned discovery"—that is, disclosure of the documents and information relevant to the *Hernandez* class action. Wells Fargo stands on its objection to cloned discovery and insists the issues in this case differ from those in *Hernandez*. Wells Fargo has not explained the nature of those differences, however, nor has Wells Fargo explained why, if the issues differ, Plaintiff in this case would be satisfied by a review of the *Hernandez* discovery. The court directs that the list of 54 individuals be produced for Plaintiff's review on an "attorneys' eyes only" basis. Plaintiff will contact opposing counsel before seeking interviews with or deposing any individuals on the list.

10. By way of Interrogatory 25, Plaintiff seeks production of some 100,000 non-borrower-specific documents already assembled in digital form and Bates-stamped for production in the *Hernandez* case. Plaintiff is committed to prompt review of those documents and identification of those he would use for this litigation. Wells Fargo objects to the production on grounds of overbreadth and burden, an objection that on its face has merit. In this case, however, because the documents have already been assembled and digitized, it appears to the court that it is Plaintiff, not Wells Fargo, who would be burdened by the requested production. As the court understands the *Hernandez* case, it was filed by a class of borrowers who alleged they were denied loan modification applications under circumstances similar to those at issue here. The Garcias were members of the classbut opted out. Unless Wells Fargo stipulates to liability, Plaintiff here too will be required to show that Wells Fargo's conduct violated the Garcias' rights. Documents showing when Wells Fargo was aware or could have become aware of a loan servicing error could be useful to that effort or relevant to the claim for damages. As Plaintiff notes, Wells Fargo reviewed the documents in connection with their production in the *Hernandez* case and surely screened them at that time for privilege. Plaintiff also insists that *Hernandez* counsel has assured him that the documents at issue are not "borrower-specific.": The court is mindful of its responsibility to monitor proportionality in discovery. That responsibility includes avoiding unnecessary briefing of the overbreadth objection in this case. Wells Fargo's objection to production of these documents is therefore overruled.

11. In light of that ruling, Plaintiff has withdrawn his remaining discovery requests. Wells Fargo is directed to furnish additional discovery responses as directed herein within 21 days. Further telephone status conference is set for February 9, 2022 at 11:30 a.m.

ENTER:

Dated: November 9 2021

_____
REBECCA R. PALLMEYER
United States District Judge

4