UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW J. MAXWELL, not individually, but as Trustee for the estate of Eduardo Garcia and Julia Escamilla (nka Julia Garcia); EDUARDO GARCIA; JULIA GARCIA; BYRON GARCIA; and MIRIAHM GARCIA, individually, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No. 1:20-cv-02402 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Honorable Heather K. McShain |

## JOINT STATUS REPORT

1. **Current Status**. The Parties are currently working on fact discovery issues. The status of written discovery and document productions are as follows:

   a. **Plaintiff's Interrogatories**.

   **Parties' Position:**

   In keeping with the Court's November 9, 2021 Order (Dkt. No. 53), Wells Fargo served verified supplemental interrogatory responses on Plaintiff on December 14, 2021.

   b. **Plaintiff's Requests for Production**.

   **Plaintiff's Position:**

   Wells Fargo previously produced 1466 pages of documents that were loan specific to the Garcias' mortgage loan account. In addition, Wells Fargo made an initial production of documents previously produced in the *Hernandez* class action.

   **Defendant's Position:**

   Pursuant to the Court's November 9, 2021 Order (Dkt. No. 53) and the December 3, 2021 status hearing, on December 9, 2021, Wells Fargo produced documents that were previously produced in the *Hernandez v. Wells Fargo & Co.*, No. C 18-07354 WHA (N.D.

Cal. June 3, 2019) ("*Hernandez*") litigation that do not contain redactions of personally identifying information. Following that production, on December 13, 2021, Plaintiff identified 37 additional documents and requested that Defendant produce those documents as they were redacted in the *Hernandez* litigation. Defendant has agreed to produce those documents in redacted form to account for borrower-specific information, except for two documents that Plaintiff identified that were clawed back on privilege grounds in the *Hernandez* action. Defendant has informed Plaintiff that for certain of those documents, Defendant has added further redactions to ensure that borrower-specific information has been redacted, beyond what was redacted in their production in the *Hernandez* litigation.

**Status of Document Production:**

The Parties agree that this resolves the dispute regarding Defendant's production of documents from the *Hernandez* litigation.

c. **Plaintiff's Requests for Admission**.

**Parties' Position:**

As stated in the Court's November 9, 2021 Order (Dkt. No. 53), in light of the Court's ruling, Plaintiff withdrew his remaining discovery requests, including those related to Plaintiff's Requests for Admission.

d. **Extension of the Fact Discovery Deadline Until February 9, 2022.**

**Plaintiff's Position:**

Plaintiff's counsel understood the Court to have extended the discovery deadline pending further orders of the Court to allow Plaintiff's counsel time to review the documents produced, identify the documents they intended to use in this case, and notify Wells Fargo of those documents.

Plaintiff's counsel understood the Court granted them until February 9, 2022, to complete this task. Plaintiff's counsels' understanding was the Court would provide an additional short period of time for depositions beyond February 9, 2022.

Wells Fargo has asked to take party discovery from the Garcias after they are substituted back into the case as real parties in interest. Plaintiff's counsel has only asked that Wells Fargo not duplicate any prior discovery requests made to the Garcias.

**Defendant's Position:**

Wells Fargo believes that fact discovery should be extended to February 9, 2022, in the event that Eduardo and Julia Garcia's counsel move to have them promptly substituted as plaintiffs in this case (as further described in Section 2(a) below). If that occurs, Wells

Fargo plans to take fulsome party discovery, rather than third party discovery, which is limited to document requests.

2. **Real Parties in Interest**.

   a. **The Bankruptcy Case.**

   **Plaintiff's Position:**

   The Bankruptcy case is complete, save for the entry of the administrative order formally closing the case. The Bankruptcy is fully administered, all claims, costs and expenses have been paid and a surplus has been returned to the Garcias.

   Plaintiff's counsel has prepared an unopposed motion to substitute the Garcias back into the case as the proper party plaintiffs and real parties in interest. The Bankruptcy case has been administered fully without need for the administration of this lawsuit to satisfy the creditors of the estate and the costs of administration. By operation of 11 USC 554(c), all rights in this action revert to the Garcias as if they had never been vested in the bankruptcy trustee at the time of the closing of the case.

   In addition, Plaintiff's counsel is discussing whether to file their motion for reconsideration related to the Court's ruling on the now-adult Garcia children's status as proper plaintiffs. Plaintiff's counsel intends to make that decision and file that motion, if it is to be filed, within 21 days.

   **Defendant's Position:**

   On December 14, 2021, Defendant's counsel responded to Plaintiff's counsel and stated that Defendant will not oppose if Plaintiff files a motion to substitute Julia and Eduardo Garcia as plaintiffs, so long as Plaintiff's counsel does not oppose Defendant's serving of party discovery on Julia and Eduardo Garcia if they are substituted into the case. To the extent that Plaintiff's counsel moves for reconsideration of the Court's order stating that Byron and Miriahm are not appropriate plaintiffs in this case, Defendant also informed Plaintiff that Defendant plans to oppose that motion and agrees with the Court's August 27, 2021 order stating that the Garcia children's claims are derivative of their parents' claims.

   b. **Party Discovery.**

   **Plaintiff's Position:**

   Plaintiff's counsel team believes that some depositions of Wells Fargo and a few key employees may be needed to prepare the case for trial. These should be able to be completed within 30 days of February 9, 2022.

   Further, Wells Fargo had several employees deposed and also submitted to 30(b)(6) examinations in the *Hernandez* matter. Wells Fargo's production of those transcripts might obviate the need for, or seriously limit the scope of, any depositions needed in this case.

**Defendant's Position:**

On December 14, 2021, Defendant's counsel notified Plaintiff's counsel that if Plaintiff's counsel moves to substitute Eduardo and Julia Garcia as plaintiffs, Defendant reserves the right to serve written party discovery on them, as Defendant was previously limited to serving them with third party document requests. Defendant's counsel also stated that while Defendant would not re-serve documents requests that were previously propounded on Eduardo and Julia Garcia in connection with third party subpoenas, Defendant reserves the right to serve additional, distinct document requests. Defendant's counsel also informed Plaintiff's counsel that Defendant plans to schedule the Garcias' depositions (along with those of the Garcia adult children Byron and Miriahm) in the event formal substitution has occurred and party discovery on Eduardo and Julia Garcia is complete.

3. **Proportionality**.

   **Plaintiff's Position:**

   If the case is tried, Plaintiff's counsel expects to seek a seven-figure compensatory award for each of the Garcias, and a nine-figure punitive damages award against Wells Fargo.

   **Defendant's Position:**

   Wells Fargo disputes that Plaintiff and/or the Garcias are entitled to damages or that punitive damages are warranted in this case.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Dated: December 17, 2021  *Respectfully submitted*,

*/s/ Nick Wooten*  
Nicholas H. Wooten  
NICK WOOTEN, LLC  
5125 Burnt Pine Drive  
Conway, Arkansas 72034  
Phone: (833) 937-6389  
nick@nickwooten.com  

Rusty A. Payton  
PAYTON LEGAL GROUP  
20 North Clark Street, Suite 3300  
Chicago, Illinois 60602  
Phone: (773) 682-5210  
info@payton.legal  

Salvador J. Lopez  
ROBSON & LOPEZ, LLC  
180 W. Washington Street, Suite 700  
Chicago, Illinois 60602  
Phone: (312) 523-2166  
lopez@robsonlopez.com  

*Counsel for the Plaintiff*

*/s/ Shawn R. Obi*  
Shawn R. Obi  
WINSTON & STRAWN LLP  
333 S. Grand Avenue  
Los Angeles, California 90071  
Phone: (213) 615-1700  
Fax: (213) 615-1750  
sobi@winston.com  

Angela A. Smedley  
WINSTON & STRAWN LLP  
200 Park Avenue  
New York, New York 10166-4193  
Phone: (212) 294-6700  
Fax: (212) 294-4700  
asmedley@winston.com  

Christopher Parker  
WINSTON & STRAWN LLP  
35 West Wacker Drive  
Chicago, Illinois 60601  
Phone: (312) 558-8103  
Fax: (312) 558-5700  
cparker@winston.com  

*Counsel for Defendant*