UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANDREW J. MAXWELL,** not individually, but as Trustee for the estate of Eduardo Garcia and Julia Escamilla (nka Julia Garcia); **EDUARDO GARCIA**; **JULIA GARCIA**; **BYRON GARCIA**; and **MIRIAHM GARCIA**, individually, <br><br> Plaintiffs, <br><br> v. <br><br> **WELLS FARGO BANK, N.A.**, <br><br> Defendant. | Case No. 1:20-cv-02402 <br><br> Honorable Rebecca R. Pallmeyer <br><br> Honorable Heather K. McShain |

**EDUARDO AND JULIA GARCIA'S UNOPPOSED MOTION TO BE SUBSTITUTED AS THE PLAINTIFFS AND REAL PARTIES IN INTEREST**

Eduardo and Julia Garcia (together the "Garcias") move this Court for an order substituting them as Plaintiffs and Real Parties in Interest in place of the Chapter 7 Bankruptcy Trustee, and in support thereof state as follows:

1. This matter was originally filed by the Garcias in conjunction with Andrew J. Maxwell, as Trustee of the Garcias' Chapter 7 Bankruptcy Estate ("Trustee").

2. At the time that this case was filed, the Garcias' Chapter 7 Bankruptcy Case No. 11-22208 had been reopened by the Garcias to disclose the voluntary remediation payments of $24,500 made by Wells Fargo, and this cause of action against Wells Fargo. Both the payments and the cause of action were property of the Bankruptcy Estate.

1

3. Reopening the Bankruptcy case allowed the Chapter 7 Trustee to administer these assets under the Code and to pay the Garcias' creditors in full from the proceeds of the Wells Fargo voluntary remediation payments.

4. The Garcias brought this action along with the Bankruptcy Trustee because they believed they were entitled to the residue to be paid after payment of all creditors in the underlying bankruptcy case.

5. Wells Fargo objected and moved to dismiss the Garcias as plaintiffs on the basis that, among other things, the Chapter 7 Trustee was the only real party in interest.

6. In its March 31, 2021, Memorandum Opinion and Order on Defendant's Motion to Dismiss, this Court held that only the Trustee had standing to pursue the claims in the Complaint.

7. On November 10, 2021, the Trustee filed his Trustee's Final Report (Bankr. Dkt. 57), Application of Trustee's Counsel for Allowance of Compensation and Reimbursement of Expenses (Bankr. Dkt. 58), Trustee's Application for Compensation and Reimbursement of Expenses (Bankr. Dkt. 59) and Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object (Bankr. Dkt. 60) (Bankr. Dkts. 57-60, attached hereto as *Group Exhibit A*). Per the Trustee's Final Report, of the $24,500 in administered assets, a surplus of $10,808.51 remained and will be returned to the debtors.

8. No objections to the Trustee's Final Report were filed.

9. On December 8, 2021, the Bankruptcy Court approved the Application of Counsel for the Trustee for Allowance of Compensation and Reimbursement of Expenses (Bankr. Dkt. 62) and the Trustee's Application for Compensation and Reimbursement of Expenses (Bankr. Dkt. 63) (Bankr. Dkts. 62-63, attached hereto as *Group Exhibit B*).

10. The administration of the case is complete. All claims, costs, and expenses have been paid and a surplus has been returned to the Garcias. The only step left in the bankruptcy case is the formality of the entry of an order closing the re-opened case.

11. "Pursuant to 11 U.S.C. § 726(a)(6), any funds remaining in the bankruptcy estate in excess of payments on creditors' claims and administrative expenses are, by law, to be returned to the debtor." *In re Sharif*, 446 B.R. 870, 884 (Bankr. N.D. Ill. 2011).

12. In addition, "abandonment arises from 11 U.S.C. § 554(c), under which scheduled property that is not otherwise administered at the time of the closing of a case is considered abandoned to the debtor." *Lulay Law Offices v. Rafter*, 579 B.R. 827, 834 (N.D. Ill. 2017) (internal citations and quotes omitted). This district is split as to whether abandonment under 11 U.S.C. § 554(c) takes effect once a case is closed or merely upon the filing of a No Asset or No Distribution report. *Id.* at 834-35 (citing cases).

13. "Abandonment is one means for a claim to leave the bankruptcy estate. If the bankruptcy trustee abandons a claim, title to the claim reverts to the debtor as if she owned it continuously and the bankruptcy never happened. This means that a debtor whose claim is abandoned at any stage in the bankruptcy process is considered to have retained title to it without interruption, regardless of the fact that it was within the trustee's control for some period of time." *Lulay Law Offices*, 579 B.R. . at 832.

14. Since the Trustee has clearly indicated abandonment of this lawsuit, and because the asset, this lawsuit, is not necessary for the administration of the bankruptcy estate, the Court should order that Eduardo and Julia Garcia be substituted as the parties' plaintiff and the real parties in interest in this case.

15. Defendant Wells Fargo does not oppose the substitution of Eduardo and Julia Garcia into this case as Plaintiffs and Real Parties in Interest, in accordance with applicable law, so long as Eduardo and Julia Garcia do not oppose Defendant's serving party discovery on them.[1]

WHEREFORE, Eduardo and Julia Garcia respectfully request that this Court enter an order substituting them in as Plaintiffs and removing Trustee Andrew J. Maxwell as Plaintiff, and any other just and equitable relief.

Dated: December 21, 2021     *Respectfully submitted,*

**EDUARDO GARCIA and JULIA GARCIA**

By: */s/ Nick Wooten*
Nicholas H. Wooten
NICK WOOTEN, LLC
5125 Burnt Pine Drive
Conway, Arkansas 72034
(833) 937-6389
nick@nickwooten.com

Rusty A. Payton,
PAYTON LEGAL GROUP
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Salvador J. Lopez
ROBSON & LOPEZ, LLC
180 W. Washington Street, Suite 700
Chicago, Illinois 60602
(312) 523-2166
lopez@robsonlopez.com

*Counsel for the Plaintiffs*

---

[1] In the event the bankruptcy court does not for some reason enter an order closing the bankruptcy case, Wells Fargo reserves its rights to raise the appropriate challenges at that time.

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing **EDUARDO AND JULIA GARCIA'S UNOPPOSED MOTION TO BE SUBSTITUTED AS THE PLAINTIFFS AND REAL PARTIES IN INTEREST** was served via the Court's Electronic Filing System on all parties and counsel of record on the following date.

Dated: December 21, 2021        By: */s/ Nick Wooten*
                   One of Plaintiffs' Attorneys