# GROUP EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| In re: | Eduardo Garcia | § | Case No. 11-22208 |
| | Julia Escamilla | § | |
| | | § | |
| Debtor(s) | | § | |

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on 05/26/2011. The undersigned trustee was appointed on 02/07/2020.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of        $        24,500.00

    Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 135.85 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemption paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1] | $        24,364.15 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

_____
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6.  The deadline for filing non-governmental claims in this case was 05/29/2020 and the deadline for filing governmental claims was 05/29/2020.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,119.15.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,119.15, for a total compensation of $2,119.15.[2]   In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $57.75, for total expenses of $57.75.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:  __10/12/2021_____          By:  __/s/ Andrew J. Maxwell_____
                                                                             Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit A

Page: 1

| Case Number: | 11-22208 JPC | | Trustee: | Andrew J. Maxwell |
|---|---|---|---|---|
| Case Name: | Eduardo Garcia | | Filed (f) or Converted (c): | 05/26/11 (f) |
| | Julia Escamilla | | §341(a) Meeting Date: | 07/08/11 |
| Period Ending: | 10/12/21 | | Claims Bar Date: | 05/29/20 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | 1994 Ford Pickup | 950.00 | 0.00 | | 0.00 | FA |
| 2 | 2003 Nissan Altima | 5,000.00 | 0.00 | | 0.00 | FA |
| 3 | 2003 Misubishi Eclipse in posession of debtors' son, Byron Garcia | 1,500.00 | 0.00 | | 0.00 | FA |
| 4 | Bedroom furniture and TV | 600.00 | 0.00 | | 0.00 | FA |
| 5 | Men's clothing and Women's clothing | 200.00 | 0.00 | | 0.00 | FA |
| 6 | Wedding Bands | 500.00 | 0.00 | | 0.00 | FA |
| 7 | Checking account with Bank of America | 600.00 | 0.00 | | 0.00 | FA |
| 8 | Savings account with Bank of America | 100.00 | 0.00 | | 0.00 | FA |
| 9 | Savings account with Credit Union | 300.00 | 0.00 | | 0.00 | FA |
| 10 | 403b held with employer | 10,000.00 | 0.00 | | 0.00 | FA |
| 11 | Debtors claims against America's Servicing Company/ Wells Fargo Bank, N.A. for actual, statutory, and punitive damages, emotional distress, attorneys fees and costs, for its wrongful actions in the servicing of Debtors mortgage per amended schedule 2-26-20 after case reopened to pursue claim against Wells Fargo.  $3050 wild card exemption claimed. | Unknown | 1.00 | | 24,500.00 | 0.00 |
| **TOTALS** (Excluding Unknown Values) | | **$19,750.00** | **$1.00** | | **$24,500.00** | **$0.00** |

**Major activities affecting case closing:**
-per special counsel, partial settlement that would pay creditors 100%; would need court approval 4-1-21
-Case filed in NDIL in April 2020 (1:20-cv-02402), case in motion stage. No specific dates as of 8-20
3-10-20: special counsel employed to pursue litigation
-2-29-20 filed app to employ attorneys for 3-10, circulated proposed declaration for comment in regard to employment of special counsel and reviewed retainer agreements; order entered auth employ special counsel.
-reopened 2-20 for case against Wells Fargo mortgage.  Initial asset report filed 2-26-20 based on proposed special counsel report..

**Initial Projected Date of Final Report (TFR):** June 30, 2022          **Current Projected Date of Final Report (TFR):** June 30, 2022

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

Page: 2

| | |
|---|---|
| October 12, 2021 | /s/ Andrew J. Maxwell |
| Date | Andrew J. Maxwell |

**Form 2**

**Cash Receipts and Disbursements Record**

Exhibit B

Page: 1

| | | | | | | |
|---|---|---|---|---|---|---|
| **Case Number:** | 11-22208 JPC | | | **Trustee:** | Andrew J. Maxwell | |
| **Case Name:** | Eduardo Garcia | | | **Bank Name:** | Signature Bank | |
| | Julia Escamilla | | | **Account:** | ******3132 - Checking | |
| **Taxpayer ID#:** | **-***7076 | | | **Blanket Bond:** | $5,000,000.00 (per case limit) | |
| **Period Ending:** | 10/12/21 | | | **Separate Bond:** | N/A | |

| 1<br>Trans.<br>Date | 2<br>Check or<br>Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform<br>Tran. Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 06/16/21 | Asset #11 | wells fargo bank NA | check 0004523242 per TO o/c | 1129-000 | 14,500.00 | | 14,500.00 |
| 06/16/21 | Asset #11 | wells fargo bank NA | check 0004523243 | 1129-000 | 10,000.00 | | 24,500.00 |
| 06/30/21 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 15.71 | 24,484.29 |
| 07/30/21 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 39.24 | 24,445.05 |
| 08/31/21 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 41.79 | 24,403.26 |
| 09/30/21 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 39.11 | 24,364.15 |

|  | | | |
|---|---|---|---|
| **ACCOUNT TOTALS** | 24,500.00 | 135.85 | $24,364.15 |
| Less: Bank Transfers | 0.00 | 0.00 | |
| **Subtotal** | 24,500.00 | 135.85 | |
| Less: Payment to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$24,500.00** | **$135.85** | |

| | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | | | |
| **Checking # ******3132** | 24,500.00 | 135.85 | 24,364.15 |
| | $24,500.00 | $135.85 | $24,364.15 |

# Exhibit C
# Claims Register
### Case: 11-22208-JPC    Eduardo Garcia

Total Proposed Payment: $24,364.15     Claims Bar Date: 05/29/20

| Claim Number | Claimant Name / Category, Priority | Claim Type / Date Filed | Claim Ref. / Notes | Amount Filed / Allowed | Paid to Date / Proposed | Claim Balance |
|---|---|---|---|---|---|---|
| | Andrew J. Maxwell - Maxwell Law Group | Admin Ch. 7 | | $10.65 | $0.00 | $10.65 |
| | 3010 N. California Avenue Chicago, Chicago, IL 60618 | 06/16/21 | | $10.65 | $10.65 | |
| | 3120-00   Attorney for Trustee Expenses (Trustee Firm), 200 | | | | | |
| | Andrew J. Maxwell | Admin Ch. 7 | | $57.75 | $0.00 | $57.75 |
| | 3010 N. California Avenue Chicago, IL 60618 | 10/11/21 | | $57.75 | $57.75 | |
| | 2200-00   Trustee Expenses, 200 | | | | | |
| | Andrew J. Maxwell | Admin Ch. 7 | | $2,119.15 | $0.00 | $2,119.15 |
| | 3010 N. California Avenue Chicago, IL 60618 | 10/12/21 | | $2,119.15 | $2,119.15 | |
| | 2100-00   Trustee Compensation, 200 | | | | | |
| | Andrew J. Maxwell - Maxwell Law Group | Admin Ch. 7 | | $5,850.00 | $0.00 | $5,850.00 |
| | 3010 N. California Avenue Chicago, Chicago, IL 60618 | 10/12/21 | | $5,850.00 | $5,850.00 | |
| | 3110-00   Attorney for Trustee Fees (Trustee Firm), 200 | | | | | |
| 1 | T Mobile/T-Mobile USA Inc | Unsecured | | $414.49 | $0.00 | $414.49 |
| | by American InfoSource as agent 4515 N Santa Fe Ave Oklahoma City, OK 73118 | 03/06/20 | | $414.49 | $414.49 | |
| | 7100-00   General Unsecured § 726(a)(2), 610 | | | | | |
| 1-I | T Mobile/T-Mobile USA Inc | Unsecured | | $8.31 | $0.00 | $8.31 |
| | by American InfoSource as agent 4515 N Santa Fe Ave Oklahoma City, OK 73118 | 10/12/21 | | $8.31 | $8.31 | |
| | 7990-00   Surplus Cases Interest on Unsecured Claims (including priority), 640 | | | | | |
| 2 | Atlas Acquisitions LLC (GE Capital - Sam's Club) | Unsecured | | $4,995.13 | $0.00 | $4,995.13 |
| | 294 Union St. Hackensack, NJ 07601 | 05/27/20 | | $4,995.13 | $4,995.13 | |
| | 7100-00   General Unsecured § 726(a)(2), 610 | | | | | |
| 2-I | Atlas Acquisitions LLC (GE Capital - Sam's Club) | Unsecured | | $100.16 | $0.00 | $100.16 |
| | 294 Union St. Hackensack, NJ 07601 | 10/12/21 | | $100.16 | $100.16 | |
| | 7990-00   Surplus Cases Interest on Unsecured Claims (including priority), 640 | | | | | |
| SURPLUS | Eduardo Garcia and Julia Escamilla | Unsecured | | $10,808.51 | $0.00 | $10,808.51 |
| | 407 Beach Ave | 10/12/21 | | $10,808.51 | $10,808.51 | |
| | La Grange Park, IL 60526 | | | | | |
| | 8200-00   Surplus Funds Paid to Debtor § 726 (a)(6) (incl pmts to shareholders & ltd part), 650 | | | | | |
| | | | Case Total: | $24,364.15 | $0.00 | $24,364.15 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

| | |
|---|---|
| Case No.: | 11-22208-JPC |
| Case Name: | Eduardo Garcia |
| Trustee Name: | Andrew J. Maxwell |

**Balance on hand:**      $    24,364.15

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| NONE | | | | | |

Total to be paid to secured creditors:    $     0.00
Remaining balance:    $    24,364.15

Application for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Andrew J. Maxwell | 2,119.15 | 0.00 | 2,119.15 |
| Trustee, Expenses - Andrew J. Maxwell | 57.75 | 0.00 | 57.75 |
| Attorney for Trustee, Fees - Andrew J. Maxwell - Maxwell Law Group | 5,850.00 | 0.00 | 5,850.00 |
| Attorney for Trustee, Expenses - Andrew J. Maxwell - Maxwell Law Group | 10.65 | 0.00 | 10.65 |

Total to be paid for chapter 7 administration expenses:    $    8,037.55
Remaining balance:    $    16,326.60

Application for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| NONE | | | |

Total to be paid for prior chapter administration expenses:    $     0.00
Remaining balance:    $    16,326.60

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| NONE | | | | |

**UST Form 101-7-TFR (05/1/2011)**

| | | |
|---|---|---|
| Total to be paid for priority claims: | $ | 0.00 |
| Remaining balance: | $ | 16,326.60 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $5,409.62 have been allowed and will be paid _pro rata_ only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.000 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | T Mobile/T-Mobile USA Inc | 414.49 | 0.00 | 414.49 |
| 2 | Atlas Acquisitions LLC (GE Capital - Sam's Club) | 4,995.13 | 0.00 | 4,995.13 |

| | | |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 5,409.62 |
| Remaining balance: | $ | 10,916.98 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claims dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| **NONE** | | | | |

| | | |
|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 10,916.98 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| **NONE** | | | | |

**UST Form 101-7-TFR (05/1/2011)**

| | | |
|---|---|---|
| Total to be paid for subordinated claims: | $ | 0.00 |
| Remaining balance: | $ | 10,916.98 |

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.19% pursuant to 11 U.S.C. § 726(a)(5).  Funds available for interest are $108.47.  The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $10,808.51.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Eduardo Garcia and Julia Escamilla, | ) | No. 11-22208 |
| | ) | Hon. Jacqueline P. Cox |
| Debtors. | ) | Chapter 7 |
| | ) | |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION
(Appendix to Rule 607)

Name of Applicant:  ANDREW J. MAXWELL AND MAXWELL LAW GROUP

Authorized to Provide
Professional Services to:  ANDREW J. MAXWELL, TRUSTEE

Date of Order Authorizing Employment:  March 10, 2020

Period for Which
Compensation is Sought:  through the end of the case

Amount of Fees Sought: $5,850.00

Amount of Expense
Reimbursement Sought: $10.65

This is: an Interim Application ____; a Final Application  X

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and
expenses incurred herein is: $5,860.65

Applicant: Andrew J. Maxwell and Maxwell Law Group

BY:____/s/ Andrew J. Maxwell_____
(Local Bankruptcy Rules as adopted 24 June 1994: Page 107)

EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                              )
                                    )
Eduardo Garcia and Julia Escamilla, )      No. 11-22208
                                    )      Hon. Jacqueline P. Cox
          Debtors.                  )      Chapter 7

**APPLICATION OF TRUSTEE'S COUNSEL FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Andrew J. Maxwell and Maxwell Law Group (collectively "Applicant"), counsel for the

estate in this case, pursuant to §330, Title 11 U.S.C, and applicable Federal Rules of Bankruptcy

Procedure, submits this Application of Trustee's Counsel For Allowance of Compensation and

Reimbursement of Expenses ("Application").  In support of the Application, Applicant states the

following:

1.      This case was commenced by the Debtor filing a voluntary petition for relief under

Chapter 7 of the Bankruptcy Code on May 26, 2011.  Debtor is represented by counsel.

2.      Andrew J. Maxwell ("Maxwell" or "Trustee") was appointed as Chapter 7 Trustee,

qualified, and acted as such.  The first meeting of creditors was scheduled for July 8, 2011, and

the Debtors appeared for examination by the Trustee.  Trustee filed a no distribution report on or

about July 11, 2011; the Debtors were granted a discharge on or about September 7, 2011; and the

case was closed on or about September 12, 2011.

3.      Debtors filed a motion to reopen the case (docket 19) on January 28, 2020, which

the Court granted (docket 24) by order docketed February 6, 2020.  By letter docketed February

7, 2020 (docket no. 26), the United States Trustee appointed Maxwell as trustee in the reopened

case.

4.      On February 26, 2020, Debtors filed amended Schedules A/B and C (docket 27).

Debtors assert they have a cause of action arising out of acts and omissions prior to the commencement date of this case by Wells Fargo Mortgage, an affiliate (collectively, "Wells Fargo"), or others (the "Asset") for its actions in improperly denying Debtors a HAMP Modification and foreclosing on their home in 2010. The Asset is property of the estate pursuant to Section 541(a)(5)(A), Title 11 U.S.C. (the "Bankruptcy Code") that could benefit the creditors of the estate.  The Asset is currently the subject of a lawsuit in the District Court for the Northern District of Illinois, currently pending under case number 1:20-cv-02402 (the "Lawsuit").  The Trustee has employed special counsel to pursue the Asset/Lawsuit.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. The Application is a core proceeding pursuant to 28 U.S.C. §157(b) (2) (A).  Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

6.      By order dated March 10, 2020, this Court authorized the employment of Applicant to serve as counsel for the Trustee (docket 30, 36).  Applicant has received $ -0- in previously awarded compensation and reimbursement of expenses.  Applicant requests allowance in the amount of $5,850.00 as compensation for legal services rendered on behalf of the estate, and reimbursement of actual and necessary expenses in the amount of $10.65**.**

7.      Applicant assisted the Trustee's investigation into the various assets and undertook to protect the interests of the estate in those assets, including determining the legal rights of the Trustee and working with attorneys for the Debtor in the bankruptcy case and in the Asset (action against Wells Fargo).

Applicant prepared, filed, and presented the Application to Employ Attorneys for the estate which was granted by this Court (dockets 30, 36).  Applicant prepared, filed, and presented the Application to Employ Special Counsel to pursue the Action which was granted by this Court (dockets 32, 37).  Applicant reviewed the complaint and the docket in the Action in

order to protect the estate, and monitored the Action[1]

As more particularly set forth in the Trustee's Motion for Turnover of Funds ("Turnover Motion")(docket 43), prior to the bankruptcy case being reopened, Wells Fargo had tendered certain payments to Debtors totaling $24,500 without requiring waiver of Debtors' rights in the Action. After the case was reopened and Trustee reappointed, Applicant prepared, filed, and presented the Turnover Motion in order to obtain the reissue of those funds to the estate as property of the estate.  After objection by Wells Fargo (docket 48) and hearing, this Court granted the Turnover Motion (docket 54).  Wells Fargo made payment to the Trustee pursuant to the order granting the Turnover Motion.[2]

8.     Applicant prepared and will file and present this Application for Allowance of compensation.  Special counsel will be paid out of any recovery in the Action and will not be paid out of the bankruptcy estate.  To the extent necessary, Applicant assisted Trustee in the review of claims, including the claim objection filed by Debtors (docket 39) and to determine whether it was advisable to abandon the Action prior to a court order granting the Trustee's Final Report to be filed in this case.[3]  Applicant has assisted and will continue to assist Trustee in responding to inquiries from the United States Trustee, Debtor, and creditors.  As a result of Trustee's and Applicant's efforts, there should be 100% distribution to filed claims with some surplus returned to Debtors at the end of this case.

9.     Attached hereto as an exhibit is an itemized statement ("Time Detail") of the legal

---

[1] This also included, at Debtors' counsel's request, Trustee appearing at a status conference in the Action in August 2021.  Applicant did not charge these as legal services.
[2] The funds received from Wells Fargo appear to be sufficient to pay all timely filed claims in this Case in full, as well as the costs of administration (excluding any fees or costs to special counsel).

[3]  The Action would be abandoned as property of the estate pursuant to Section 554©, Title 11 U.S.C., upon approval of the Trustee's Final Report and the closing of the case after distribution.

services rendered.  The Time Detail reflects the legal services rendered, the person who performed

those services and a description of the work performed.  The time expended by Trustee's attorneys

is sub-divided in the Time Detail into categories of services as follows:

(1) Employment and Payment of Professionals, Agents and Employees:  services to
obtain authorization for Trustee's employment of attorneys, appear in court to
present the employment applications, prepare final fee application to seek allowance
and authorization for payment of professionals; $1,215.00
(2) Turnover:  services to obtain funds from Wells Fargo, preparation of Turnover
Motion and draft orders, response to Wells Fargo objection, revision of draft order
after court hearing     $1,800.00
(3) Litigation:  services to obtain authorization for Trustee's employment of multiple
special counsel (including multiple declarations) (Messrs. Lopez, Payton, Wooten),
review special counsel retainer agreements, review draft complaint in the Action,
monitor the Action   $2,160.00
(4) General:  services provided on general matters and services not amenable to categorization
Within other categories, or in regard to multiple categories, in particular appearance in court
for the status of reopening the case and presentation of general and special counsel
employment applications; $675.00

The total compensation sought for each category of service is set forth on the Time Detail.

Some recorded time entries were not charged for; those items are also shown on the Time

Detail.  Some services were not recorded as time entries.  Applicant, in conjunction with the

Trustee, made every effort to properly characterize the services as attorney or trustee

services no matter what person performed the services.  Applicant also made every effort to

not seek compensation for excess time spent on several projects.

10.     Applicant's personnel[4] who rendered legal services, the billable time expended by

each, and each person's hourly rate(s) during the Application Period is set forth in the time detail

attached hereto.

---

[4] **Billing Codes:**
Andrew J. Maxwell (AJM 12) Staff Rate (SR or SR-11), attorney (The "Staff Rate" is for services
performed by attorneys but which arguably could have been performed by a paralegal at a lower
billing rate, therefore a paralegal billing rate was charged for those services)
Laura A. Koran (LAK) , legal asst

11.     Attached and made a part of the Time Detail is an itemized statement of the actual expenses necessarily incurred by the Applicant totaling $10.65, for which reimbursement is also sought. Each expense for which reimbursement is sought is not included in "overhead" used to calculate the hourly rates charged, and such expenses are charged at the same or higher rates to clients other than bankruptcy trustees.  Each expense is specifically charged to a particular client matter - there is no pro-ration of "overhead" charges such as the maintenance of photocopy machine or the rental of a postage meter.

12.     Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

13.     At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

14.     Trustee's attorneys believe this Application and the detailed statement attached hereto comports with applicable case law regarding compensation of professionals.  See: In re Continental Illinois Securities Litigation, 962 F.2d 566 (7th Cir. 1992); In re Covent Guardian Corp., 103 B.R. 937 (Bankr.N.D.Ill. 1989); In re Pettibone Corporation, 74 B.R. 293 (Bankr.N.D.Ill. 1987); and In re Wildman, 72 B.R. 700 (Bankr.N.D.Ill. 1987).

15.     Notice of this Application will be provided as part of the Trustee's Notice of Final Report to the Debtors' bankruptcy attorney of record, Debtors, special counsel, the United States Trustee, attorneys for Wells Fargo, all creditors, and any others having registered to receive electronic notices in this case.

**WHEREFORE**, Applicant requests that it be awarded reasonable compensation in the amount of **$5,850.00** for legal services rendered and reimbursement of actual and necessary

expenses of **$10.65** incurred by Applicant on behalf of the Trustee in this case, and such other relief

that this Court deems just and fair.

> RESPECTFULLY SUBMITTED,
> Andrew J. Maxwell and Maxwell Law Group
> By: _/s/ Andrew J. Maxwell_
> One of the Attorneys for Trustee

Andrew J. Maxwell (ARDC#1799150)
**Maxwell Law Group**
3010 N. California Ave.
Chicago, IL 60618
312/368-1138

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                )
                                      )
Eduardo Garcia and Julia Escamilla,   )       No. 11-22208
                                      )       Hon. Jacqueline P. Cox
                 Debtors.             )       Chapter 7


**TRUSTEE'S APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**


        NOW COMES ANDREW J. MAXWELL, Trustee herein, pursuant to 11 U.S.C. §330, and
requests allowances of $2,119.15 as compensation and $57.75 for reimbursement of expenses, $0
amount of which has previously been paid.


I. COMPUTATION OF COMPENSATION
        Total disbursements to parties in interest, excluding the Debtor, but including holders of
secured claims are $13,691.49. Pursuant to 11 U.S.C. §326, compensation should be computed as
follows:


| | | |
|---|---|---|
| 25% of the First $5,000.00 | $1,250.00 | ($1,250.00 max.) |
| 10% of next $45,000.00 | $869.15 | ($4,500.00 max.) |
| 05% of next $950,000.00 | $0.00 | ($47,500.00 max.) |
| 03% of balance | $0.00 | |

TOTAL COMPENSATION                       $2,119.15
EXPENSES: COPY, POSTAGE, SUPPLIES FOR NOTICE AND DISTRIBUTION: $57.75.


        The undersigned certifies under penalty of perjury that no agreement or understanding
exists between the undersigned and any other person for sharing of compensation prohibited by
the Bankruptcy Code. No payments have previously been made or promised to the undersigned in
any capacity in connection with the above captioned case, except as previously authorized and
approved by the Bankruptcy Court.


                                        _/s/ Andrew J. Maxwell_____
                                        Trustee


Andrew J. Maxwell
c/o **Maxwell Law Group**
3010 N. California Ave.
Chicago, IL 60618
312/368-1138

## PROFESSIONAL FEES AND EXPENSES

|  | Previously Allowed | Pending Compensation Applications | Fees & Expenses Total |
|---|---|---|---|
| Trustee's Attorneys | 0 | 5,860.65 | 5,860.65 |
| Trustee's Accountants | 0 | 0 | 0 |
| Any Other Professional Financial Consultant 103,775.49 | 0 | 0 | 0 |
| Trustee's Other Professionals Special counsel not being compensated out of the bankruptcy estate |  |  |  |
| Debtor's Attorney |  |  |  |
| Debtor's Accountant |  |  |  |
| TOTAL |  | 5,860.65 | 5,860.65 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | Eduardo Garcia | § | Case No. 11-22208 |
| | Julia Escamilla | § | |
| | | § | Hon. Jacqueline P. Cox |
| Debtor(s) | | § | |
| | | § | **Hearing Date: 12/7/2021** |
| | | § | **Hearing Time: 1:00** |
| | | § | **Room No.: By ZoomGov Meeting** |

# NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Andrew J. Maxwell, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

Clerk, U S Bankruptcy Court
219 S. Dearborn Street
7th Floor
Chicago, IL  60604

**The Final Report and Applications will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the Application, you must do the following:

**To appear by video,** use link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is: **161 273 2896** and the passcode is: **778135**. The meeting ID, Passcode and Rules for Zoom Motion Calls can also be found on the judge's page on the court's web site.

**Any person wishing to object** to any fee application that has not already been approved or to the Final Report, must file a written objection within twenty one (21) days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee.

**If you object to the Final Report or any of the Applications** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Final Report and Applications will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Applications in advance without a hearing.

**UST Form 101-7-NFR (10/1/2010)**

Date Mailed:  11/12/2021                By:    /s/ Andrew J. Maxwell
                                                                                                                          Trustee

Andrew J. Maxwell
3010 N. California Avenue
Chicago, IL  60618
(312) 368-1138
maxwelllawchicago@yahoo.com

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | Eduardo Garcia | § Case No. 11-22208 |
| | Julia Escamilla | § |
| | | § |
| Debtor(s) | | § |

### SUMMARY OF TRUSTEE'S FINAL REPORT
### AND APPLICATION FOR COMPENSATION

*The Final Report shows receipts of*  $  24,500.00

*and approved disbursements of*  $  135.85

*leaving a balance on hand of* [1]  $  24,364.15

**Balance on hand:**  $  24,364.15

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | | **NONE** | | | |

Total to be paid to secured creditors:  $  0.00
Remaining balance:  $  24,364.15

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Andrew J. Maxwell | 2,119.15 | 0.00 | 2,119.15 |
| Trustee, Expenses - Andrew J. Maxwell | 57.75 | 0.00 | 57.75 |
| Attorney for Trustee, Fees - Andrew J. Maxwell - Maxwell Law Group | 5,850.00 | 0.00 | 5,850.00 |
| Attorney for Trustee, Expenses - Andrew J. Maxwell - Maxwell Law Group | 10.65 | 0.00 | 10.65 |

Total to be paid for chapter 7 administration expenses:  $  8,037.55
Remaining balance:  $  16,326.60

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| NONE | | | |

Total to be paid for prior chapter administration expenses: $ 0.00
Remaining balance: $ 16,326.60

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| NONE | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 16,326.60

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $5,409.62 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.000 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | T Mobile/T-Mobile USA Inc | 414.49 | 0.00 | 414.49 |
| 2 | Atlas Acquisitions LLC (GE Capital - Sam's Club) | 4,995.13 | 0.00 | 4,995.13 |

Total to be paid for timely general unsecured claims: $ 5,409.62
Remaining balance: $ 10,916.98

UST Form 101-7-NFR (10/1/2010)

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| NONE | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 10,916.98

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| NONE | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 10,916.98

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.19% pursuant to 11 U.S.C. § 726(a)(5).  Funds available for interest are $108.47.  The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $10,808.51.

UST Form 101-7-NFR (10/1/2010)

Prepared By:  /s/ Andrew J. Maxwell
_____
                                              Trustee

Andrew J. Maxwell
3010 N. California Avenue
Chicago, IL  60618
(312) 368-1138
maxwelllawchicago@yahoo.com


**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.