UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDUARDO GARCIA and JULIA GARCIA, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:20-cv-02402 |
| | ) | |
| v. | ) | |
| | ) | Honorable Rebecca R. Pallmeyer |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | Honorable Heather K. McShain |
| Defendant. | ) | |

## JOINT STATUS REPORT

1. **Current Status**. The Parties are currently working on fact discovery issues. The Parties report the status of remaining discovery, as follows:

   a. **Remaining Discovery**

   **Plaintiffs' Position:**

   On January 11, 2022, Wells Fargo served 22 first interrogatories and 13 second requests for production of documents on Eduardo Garcia, and 21 first interrogatories and 14 second requests for production of documents on Julia Garcia. Plaintiffs and their counsel are working diligently to fully respond to the discovery by the due date.

   Plaintiffs' counsel team is attempting to identify any critical Wells Fargo employee fact witnesses who may not have been deposed in *Herndandez* while creating the document set for this trial from the *Hernandez* document production.

   The Parties continue to discuss Wells Fargo providing the deposition transcripts from the *Hernandez* matter in lieu of any further deposition testimony from the Wells Fargo employees deposed in *Hernandez*. Production of those transcripts should seriously limit the scope and number of any employee depositions needed in this case.

   Plaintiffs have reserved the right to conduct employee depositions and a 30(b)(6) deposition, if necessary. These decisions will be made after the document set is created and Wells Fargo decides regarding the production of prior testimony from *Hernandez*.

   The parties have taken several depositions of the Garcias' "friends and family" witnesses. More are scheduled. The parties are collaborating to complete the depositions of necessary medical providers. The parties have faced some resistance from Elmhurst regarding the scheduling of providers but anticipate resolution of that issue.

**Defendant's Position:**

Plaintiffs did not move the court to reconsider the court's August 27, 2021 ruling that the Garcia children's claims were derivative of their parents (Dkt. No. 62) and have confirmed that they no longer wish to pursue the adult children's claims. Defendant's counsel requested that Plaintiffs update their $20,000,000 damages stated in their Rule 26(a)(1) initial disclosures in light of the Garcia children's claims being officially dropped from the case. *See* Fed. R. Civ. P. 26(e)(1)(A) ("a party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect)." Defendant's counsel also requested that Plaintiffs provide a "computation of each category of damages claimed by" Mr. and Mrs. Garcia pursuant to Fed. R. Civ. P. 26(a)(1)(A).

Relatedly, the Parties continue to discuss whether Mr. and Mrs. Garcia intend to proceed on their allegations claiming harm due to "watching the struggles of their children that followed the loss of their Family Home." *See* Compl. ¶ 115(S)(h). As the Garcia children's claims are no longer at issue in this case, Defendant believes that there may no longer be a need for certain third-party discovery relating to the Garcia children. If Mr. and Mrs. Garcia do intend to proceed with these allegations of harm premised on the alleged suffering of their children, then certain discovery, including regarding their school records, may continue to be relevant and within the proper scope of discovery. This is especially true given that Defendant does not have a computation of Plaintiffs' claimed $20M in damages and how much of those damages can be derived from the Garcia children's alleged suffering.

The Parties have agreed to produce the deposition transcripts from the *Hernandez* action. Wells Fargo agrees to produce them based on Plaintiffs' representation that they will not seek to re-depose the same witnesses in this action. As to the *Hernandez* 30(b)(6) deposition transcript specifically, Wells Fargo agrees to produce them based on Plaintiffs' representation that they will not seek testimony on any topic that has been previously covered by the prior *Hernandez* 30(b)6 testimony. Wells Fargo agrees to be bound by that deposition testimony.

b. **Wells Fargo's Request for an IME of Plaintiffs**.

**Plaintiffs' Position:**

Plaintiffs' counsel team has requested that Wells Fargo provide a proper notice, compliant with Rule 35, setting forth their proposed IME.

Plaintiffs' counsel team has not yet taken a position as to whether the Plaintiffs will consent to or contest the IME. That decision cannot be made without understanding the scope of the examination sought.

**Defendant's Position:**

Defendant intends to seek the independent medical examinations of Eduardo Garcia and Julia Garcia pursuant to Fed. R. Civ. P. 35 in light of the nature of the non-economic damages allegations in the Complaint. Defendant will work with Plaintiffs on a mutually agreeable time for those examinations and proposes a meet and confer to discuss the manner and scope of these examinations.

c. **Further Extension of the Fact Discovery Deadline.**

**Plaintiffs' Position:**

Plaintiffs hope to avoid any further extension of the fact discovery deadline. The Plaintiffs would like to have a trial setting as soon as possible.

**Defendant's Position:**

Defendant does not seek an additional extension of the fact discovery deadline at this time, but as the parties contemplated in their January 20, 2022 Joint Motion For Extension Of Fact Discovery Cutoff, another extension may become necessary "based on scheduling conflicts that may arise regarding third party deponents and whether briefing on the independent medical examinations will become necessary." *See* Dkt. No. 64.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Dated: February 9, 2022　　　　　　　　　　*Respectfully submitted*,

*/s/ Nick Wooten*　　　　　　　　　　　　*/s/ Shawn R. Obi*
Nicholas H. Wooten　　　　　　　　　　　Shawn R. Obi
NICK WOOTEN, LLC　　　　　　　　　　　WINSTON & STRAWN LLP
5125 Burnt Pine Drive　　　　　　　　　　333 S. Grand Avenue
Conway, Arkansas 72034　　　　　　　　　Los Angeles, California 90071
Phone: (833) 937-6389　　　　　　　　　　Phone: (213) 615-1700
nick@nickwooten.com　　　　　　　　　　Fax: (213) 615-1750
　　　　　　　　　　　　　　　　　　　　sobi@winston.com
Rusty A. Payton
PAYTON LEGAL GROUP　　　　　　　　　Angela A. Smedley
20 North Clark Street, Suite 3300　　　　　WINSTON & STRAWN LLP
Chicago, Illinois 60602　　　　　　　　　　200 Park Avenue
Phone: (773) 682-5210　　　　　　　　　　New York, New York 10166-4193
info@payton.legal　　　　　　　　　　　　Phone: (212) 294-6700
　　　　　　　　　　　　　　　　　　　　Fax: (212) 294-4700
Salvador J. Lopez　　　　　　　　　　　　asmedley@winston.com
ROBSON & LOPEZ, LLC
180 W. Washington Street, Suite 700　　　 Christopher Parker
Chicago, Illinois 60602　　　　　　　　　　WINSTON & STRAWN LLP
Phone: (312) 523-2166　　　　　　　　　　35 West Wacker Drive
lopez@robsonlopez.com　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　Phone: (312) 558-5600
*Counsel for the Plaintiff*　　　　　　　　　Fax: (312) 558-5700
　　　　　　　　　　　　　　　　　　　　cparker@winston.com

　　　　　　　　　　　　　　　　　　　　Stacie C. Knight
　　　　　　　　　　　　　　　　　　　　WINSTON & STRAWN LLP
　　　　　　　　　　　　　　　　　　　　300 South Tryon Street
　　　　　　　　　　　　　　　　　　　　Charlotte, North Carolina 28202
　　　　　　　　　　　　　　　　　　　　Phone: (704) 350-7712
　　　　　　　　　　　　　　　　　　　　sknight@winston.com

　　　　　　　　　　　　　　　　　　　　Marjon Y. Momand
　　　　　　　　　　　　　　　　　　　　WINSTON & STRAWN LLP
　　　　　　　　　　　　　　　　　　　　101 California Street
　　　　　　　　　　　　　　　　　　　　San Francisco, California 94111
　　　　　　　　　　　　　　　　　　　　Phone: (415) 591-1542
　　　　　　　　　　　　　　　　　　　　MMomand@winston.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*