# Exhibit 3

**Parker, Chris**

| | |
|---|---|
| **From:** | Salvador J. Lopez <lopez@robsonlopez.com> |
| **Sent:** | Friday, April 1, 2022 3:54 PM |
| **To:** | Obi, Shawn |
| **Cc:** | Nick Wooten; Parker, Chris; Sandy Flores; Rusty Payton; Linnea Pedelty; Smedley, Angela A. |
| **Subject:** | Re: Garcia vs Wells Fargo |

Shawn,

7.5 hours is just not reasonable. The Garcias in good faith agreed to submit themselves to the IMEs based on your representation of an approximate two hour exam. If Defendant is unwilling to choose a doctor with an exam of a more reasonable length, then go ahead and file your motion.

Thanks.


*For a faster response please ensure to cc paralegal Sandy Flores at* ***sflores@robsonlopez.com***.
**.....**
Salvador J. Lopez
*Attorney at Law*
<span style="color:red">**PLEASE NOTE NEW MAILING ADDRESS:**</span>
**116 S. Western Avenue**
**Unit 12247**
**Chicago, IL 60612**

Robson & Lopez LLC
A CONSUMER PROTECTION LAW FIRM
**These numbers do NOT receive text messages.**
o: (312) 523 2166 *
d: (312) 523 2021*
f:  (312) 277 6891
*Office line is recommended. If calling D*irect line please allow up to 48 business hours for a response. Note that these numbers are **_NOT_** text message capable.*
www.robsonlopez.com

**LEGAL NOTICE. If you are not the individual for whom this email was intended, notify the sender and then delete the email.** Robson & Lopez LLC directed this communication to, and intended it for the sole use of, the individual or entity to which the sender intended to send it to. It may contain information that is confidential, protected by the attorney-client privilege, and/or exempt from disclosure under applicable law. If you are not the intended recipient, *you are hereby notified* that any distribution, dissemination, or copying of this communication is strictly prohibited. If you have received this communication in error, please contact the sender immediately, and then delete or destroy the material in its entirety.  In accordance with Section 528(b)(2) of the United States Bankruptcy Code, readers of this e-mail are advised that Robson & Lopez LLC is a DEBT RELIEF AGENCY.

On Tue, Mar 29, 2022 at 11:54 PM Obi, Shawn <SObi@winston.com> wrote:

Sal,

We understand that the series of tests involved is standard for Dr. Hartman and that each test has a fixed number of questions, therefore, the tests themselves cannot be shortened.  We will not be engaging another examiner.  Please let

us know by the end of the week if Plaintiffs are withdrawing their consent to this IME so that we have time to file a motion to compel.

Thanks,

Shawn


**Shawn R. Obi**
**Partner**
Winston & Strawn LLP
T: +1 213-615-1700
D: +1 213-615-1763
F: +1 213-615-1750
winston.com
*Admitted to practice in California*

WINSTON
&STRAWN
LLP

---

**From:** Salvador J. Lopez <lopez@robsonlopez.com>
**Sent:** Monday, March 28, 2022 10:23 AM
**To:** Obi, Shawn <SObi@winston.com>
**Cc:** Nick Wooten <nick@nickwooten.com>; Parker, Chris <CParker@winston.com>; Sandy Flores <sflores@robsonlopez.com>; Rusty Payton <info@payton.legal>; Linnea Pedelty <linnea@nickwooten.com>; Smedley, Angela A. <ASmedley@winston.com>
**Subject:** Re: Garcia vs Wells Fargo


Shawn,


Plaintiffs agreed to an IME based on your prior representation of an approximate 2 hour exam. The new details you provided reflect an exam of 6-7.5 hours. That is excessive and unnecessary, especially considering that Wells Fargo has all of the Garcias' medical records for these doctors to review in advance. If this doctor is unable to adjust their exam time to two hours, then Wells Fargo should switch to a different doctor that is able to.


Please advise.


***For a faster response please ensure to cc paralegal Sandy Flores at sflores@robsonlopez.com.***

.....

Salvador J. Lopez

*Attorney at Law*

**PLEASE NOTE NEW MAILING ADDRESS:**

**116 S. Western Avenue**

**Unit 12247**

**Chicago, IL 60612**

# Robson & Lopez LLC

A CONSUMER PROTECTION LAW FIRM

**These numbers do NOT receive text messages.**

o: (312) 523 2166 *

d: (312) 523 2021*

f:  (312) 277 6891

*Office line is recommended. If calling D*irect line please allow up to 48 business hours for a response. Note that these numbers are <u>NOT</u> text message capable.*

www.robsonlopez.com

_____

**LEGAL NOTICE. If you are not the individual for whom this email was intended, notify the sender and then delete the email.**  Robson & Lopez LLC directed this communication to, and intended it for the sole use of, the individual or entity to which the sender intended to send it to. It may contain information that is confidential, protected by the attorney-client privilege, and/or exempt from disclosure under applicable law. If you are not the intended recipient, *you are hereby notified* that any distribution, dissemination, or copying of this communication is strictly prohibited. If you have received this communication in error, please contact the sender immediately, and then delete or destroy the material in its entirety.  In accordance with Section 528(b)(2) of the United States Bankruptcy Code, readers of this e-mail are advised that Robson & Lopez LLC is a DEBT RELIEF AGENCY.

On Fri, Mar 25, 2022 at 6:08 PM Obi, Shawn <SObi@winston.com> wrote:

Counsel,

Due to issues with the schedule, we will be working with Dr. Hartman (cv attached), instead of Dr. Panova.   His office is located at 216 South Jefferson Street, Suite 302, Chicago, Illinois 60661.  Other details regarding the exam are included below.  We'll have dates for the IMEs to you soon for both Dr. Hartman and Dr. Conte.  If you can provide dates that will work for Plaintiffs that we can consider, that may facilitate scheduling.

Thank you,

Shawn

- These are forensic neuropsychological and psychological evaluations that include interview, measures of symptom endorsement, health-related concerns, history, motivation, cognition, personality and affect.  Depending upon various factors, approximately 5-20 tests will be administered. Individual tests range from 5-90 minutes, and clients are allowed appropriate ad hoc breaks and a 45-60 minute lunch break.  All tests will be generally accepted objective procedures and most patients find the procedures interesting.

- The examination typically takes from about 6-7.5 hours with breaks.  There is a comfortable waiting room for a relative or spouse to wait, or the examinee can attend without company.  The office is non-smoking in a "no-gun" building.  There is a kiosk to the left of the front building door where the clients will be able to buzz Dr. Hartman's office and be let in.

- It is requested that clients bring any medications they are currently taking for review.  If any medications cause sedation, tranquilization or muscle relaxation, it is requested that the first dose of those medications be postponed until noon.  All non-sedating medications can be taken per usual.  Antidepressant medications can be taken per usual.   Clients should bring eyeglasses if worn, along with lunch money and parking money, if applicable.

- Interview and assessment take place on a single day and Dr. Hartman personally performs all procedures.  Tests are non-invasive and administered via questionnaire, paper and pencil and/or computer.  No computer literacy is needed.

- Patients with a history of, or suspected elevated blood pressure will have blood pressure measured with an electronic cuff.  Patients with history of pulmonary impairments may have their blood oxygen measured with a fingertip sensor.  If the client has flu-like symptoms within 2-weeks of the scheduled evaluation, and/or has been diagnosed with COVID-19, they must bring written clearance from their treating physician.  Masks are currently not required within Chicago but may be worn optionally.

**Shawn R. Obi**

**Partner**

Winston & Strawn LLP

T: +1 213-615-1700

D: +1 213-615-1763

F: +1 213-615-1750

winston.com

*Admitted to practice in California*

WINSTON
&STRAWN
LLP

---

**From:** Salvador J. Lopez <lopez@robsonlopez.com>
**Sent:** Wednesday, March 16, 2022 3:17 PM
**To:** Obi, Shawn <SObi@winston.com>
**Cc:** Nick Wooten <nick@nickwooten.com>; Parker, Chris <CParker@winston.com>; Sandy Flores <sflores@robsonlopez.com>; Rusty Payton <info@payton.legal>; Linnea Pedelty <linnea@nickwooten.com>; Smedley, Angela A. <ASmedley@winston.com>
**Subject:** Re: Garcia vs Wells Fargo

Shawn,

In the interest of not delaying the trial, the Garcias will agree to the IMEs. Please provide a list of available dates/times for the exams. Alternatively, you can provide a name/number at the medical facility and we will assist the Garcias in getting them scheduled. Please note that Mr. Garcia will require interpretation services.

Thanks.

***For a faster response please ensure to cc paralegal Sandy Flores at sflores@robsonlopez.com.***

**.....**

Salvador J. Lopez

*Attorney at Law*

**PLEASE NOTE NEW MAILING ADDRESS:**

**116 S. Western Avenue**

**Unit 12247**

**Chicago, IL 60612**

# Robson & Lopez LLC

A CONSUMER PROTECTION LAW FIRM

**These numbers do NOT receive text messages.**

o: (312) 523 2166 *

d: (312) 523 2021*

f:  (312) 277 6891

*Office line is recommended. If calling D*irect line please allow up to 48 business hours for a response. Note that these numbers are NOT text message capable.*

www.robsonlopez.com

_____

**LEGAL NOTICE. If you are not the individual for whom this email was intended, notify the sender and then delete the email.**  Robson & Lopez LLC directed this communication to, and intended it for the sole use of, the individual or entity to which the sender intended to send it to. It may contain information that is confidential, protected by the attorney-client privilege, and/or exempt from disclosure under applicable law. If you are not the intended recipient, *you are hereby notified* that any distribution, dissemination, or copying of this communication is strictly prohibited. If you have received this communication in error, please contact the sender immediately, and then delete or destroy the material in its entirety.  In accordance with Section 528(b)(2) of the United States Bankruptcy Code, readers of this e-mail are advised that Robson & Lopez LLC is a DEBT RELIEF AGENCY.

On Sun, Mar 6, 2022 at 11:00 PM Obi, Shawn <SObi@winston.com> wrote:

Counsel,


Further to our meet and confer on Friday, below are the additional details regarding the Rule 35 independent medical exams Wells Fargo intends to seek in connection with the physical and mental health issues Mr. and Mrs. Garcia allege in the Complaint.  Please let us know if there is any further information we can provide that will help your clients make a decision re whether they oppose or not.   We'd like to get this process underway shortly, particularly if motion practice is going to be necessary. We look forward to hearing from you.


Dr. Juliana Panova (Mental Exam)

-Conditions: Mrs. Garcia's Major Depressive Disorder, as alleged in Compl. Para. 115(T)(a); Mr. Garcia's mental health, as alleged Compl. Para. 115 (U).

-Manner/Scope: A written assessment and clinical interview. Approximately 2 hours

-Location: 5250 Old Orchard Road, Suite 300, Skokie, Illinois 60077

-Date and time: to be agreed on by the parties


[Dr. William Conte](Physical Exam) (Physical Exam)

- Conditions: Mrs. Garcia's fibromyalgia and migraines, as alleged in Compl. Para. 115(T)(b)(c).

-Manner/scope: An interview and neurological assessment. The neurological assessment will not be invasive, but consists of a sensory exam. Approximately 1- 1 ½ hours

-Location: 200 E. 89th Avenue - Pavilion B Merrillville, IN 46410

-Date and time: to be agreed on by the parties


Thanks,

Shawn


**Shawn R. Obi**
**Partner**
Winston & Strawn LLP
T: +1 213-615-1700
D: +1 213-615-1763
F: +1 213-615-1750
winston.com
*Admitted to practice in California*



**From:** Nick Wooten <nick@nickwooten.com>
**Sent:** Wednesday, February 9, 2022 12:26 PM
**To:** Obi, Shawn <SObi@winston.com>
**Cc:** Parker, Chris <CParker@winston.com>; Salvador J. Lopez <lopez@robsonlopez.com>; Sandy Flores <sflores@robsonlopez.com>; Rusty Payton <info@payton.legal>; Linnea Pedelty <linnea@nickwooten.com>; Smedley, Angela A. <ASmedley@winston.com>
**Subject:** Re: Garcia vs Wells Fargo

Shawn,

I think what you have proposed is reasonable. I am walking into another meeting (virtually anyway). Let me take a look at my schedule and propose some times to discuss the open matters. While we are not through analyzing the Herndandez documents. I believe we are getting our arms around the issues. I have a trial the week of February 21. As soon as that ends, I am putting my full attention into the identification of a document set for this case. Once that is done, we should all have a decent understanding of what other discovery we will need.

Thanks,

Nick

Nick Wooten, LLM, CAM, MFP, CWM, AFA, CPM

Nick Wooten, LLC

5125 Burnt Pine Drive

Conway, Ar. 72034

833-937-6389

[nick@nickwooten.com](mailto:nick@nickwooten.com)

Honorary Global Advisor USA

American Academy of Financial Management



On Wed, Feb 9, 2022 at 1:56 PM Obi, Shawn <SObi@winston.com> wrote:

Nick,

We received the letter from Elmhurst's attorney earlier today and they indicated that they'll follow up with potential dates on which the doctors, including Dr. Pillai, could be made available for deposition.  We will let you know once we have those dates.

Regarding the Hernandez deposition transcripts, we will produce them based on your representation that you will not seek to re-depose the same witnesses. As to the Hernandez 30(b)(6) deposition transcript, we agree to produce them based on your representation that you will not seek testimony on any topic that has been previously covered by the prior Hernandez 30(b)6 testimony. Wells agrees to be bound by that prior testimony.  Just to be clear, the parties are required under the rules to meet and confer on 30(b)(6) topics and we reserve all rights to object as appropriate at that time, should Plaintiffs seek a 30(b)(6) deposition in this case.

Regarding the IME, we'd work with Plaintiffs on timing of those and we can meet and confer to further discuss proposed scope/manner, etc. of the exams.  Do you have time next week?  Tuesday outside 11 am to 1 pm PST, Wednesday outside 2 to 3 pm PST or any time Friday would work well.

I also wanted to follow up on our request that you provide a "computation of each category of damages claimed by" Mr. and Mrs. Garcia as required under Rule 26(a)(1)(A).  In order to evaluate the scope of discovery, we'd ask that you do so, including identifying what portion of the damages sought are attributable to "watching the struggles of their children that followed the loss of their Family Home" (Compl. ¶ 115(S)(h)).

Thanks,

Shawn

**Shawn R. Obi**
**Partner**
Winston & Strawn LLP
T: +1 213-615-1700
D: +1 213-615-1763
F: +1 213-615-1750
winston.com

9

*Admitted to practice in California*



**From:** Nick Wooten <nick@nickwooten.com>
**Sent:** Thursday, February 3, 2022 10:39 AM
**To:** Obi, Shawn <SObi@winston.com>
**Cc:** Parker, Chris <CParker@winston.com>; Salvador J. Lopez <lopez@robsonlopez.com>; Sandy Flores
<sflores@robsonlopez.com>; Rusty Payton <info@payton.legal>; Linnea Pedelty <linnea@nickwooten.com>;
Smedley, Angela A. <ASmedley@winston.com>
**Subject:** Re: Garcia vs Wells Fargo


Shawn,


Please see my comments below in blue. Happy to meet and confer regarding any or all of these issues.


Thanks,


Nick


Nick Wooten, LLM, CAM, MFP, CWM, AFA, CPM

Nick Wooten, LLC

5125 Burnt Pine Drive

Conway, Ar. 72034

833-937-6389

nick@nickwooten.com

Honorary Global Advisor USA

American Academy of Financial Management

On Thu, Feb 3, 2022 at 10:46 AM Obi, Shawn <SObi@winston.com> wrote:

Nick,

Dr. Anita Pillai was served along with the other Elmhurst personnel.  Our office spoke briefly with an attorney representing Elmhurst earlier this week who indicated that she'll be following up with a letter of representation.  We will let you know when we get that letter so we can move forward with deposition scheduling. Again, glad to jump in and try to assist with scheduling if we can be of assistance. We have been told that Pillai is leaving Elmhurst so we should make her scheduling a priority.

Regarding the Wells Fargo employee deposition transcripts from *Hernandez*, Wells Fargo is willing to consider voluntarily producing the transcripts based on your representation that doing so would obviate the need to depose those same witnesses in this case.  Please confirm that is your position. Confirmed. However, we cannot agree that we will not need a 30b6 deposition of Wells Fargo. To the extent any topic has been previously covered by prior 30(b)6 testimony in *Hernandez*, and Wells agrees to be bound by that prior testimony, we could exclude examination on any such covered topic. This would substantially shorten the length of any further 30(b)6 testimony by Wells Fargo. Also, we cannot exclude the remote possibility that we may need employee depositions from one or more Wells Fargo witnesses. We are just not yet in a position to be able to say conclusively we can go to trial without any other employee testimony.

As to the Rule 35 IMEs, we are seeking two examinations of Mrs. Garcia (a mental examination and a physical examination) and one examination of Mr. Garcia (a mental examination) in light of the nature of their noneconomic damages allegations. See, e.g., Compl. ¶ 115 (T), (U).  One examiner will be qualified to assess the mental conditions alleged by both Plaintiffs, and the other will be qualified to assess the physical conditions alleged by Mrs. Garcia (i.e., fibromyalgia and migraines).  We understand that the examinations will take place in person at each examiner's office and will include a written assessment and clinical interview. The examiner would also review Mr. and Mrs. Garcia's prior medical records. We anticipate this process (examinations, review of records, and completion of report) will take at least three and a half weeks.  Please let us know if there are any other details you would like to discuss.  We are happy to further meet and confer. Shawn, the rule requires we be given information regarding the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it. This was the information that I previously requested. I would assume you already have identified your examiners and have provided them with our client's prior medical records. We are particularly interested in manner, conditions, and scope of the examination as those terms would be critical for our explanation to our clients and to take an informed position.

In the event you do not have IME providers already selected, we could likely ask the Court to appoint truly independent treaters, in the appropriate fields, from somewhere like Northwestern, assuming Wells Fargo is willing to bear those costs. Again, I assume that Wells Fargo already has their horses in the barn on this issue, so I would also assume there is no interest in appointing truly independent treaters to evaluate the Garcias. Please correct me if I am wrong.

Finally, the relevance of the school records depends on the allegations upon which you intend to proceed.  Will you be updating Plaintiffs' computation of damages in their initial disclosures?  We request that you provide a "computation of each category of damages claimed by" Mr. and Mrs. Garcia as required under Rule 26(a)(1)(A). If

the Garcias are no longer claiming harm due to "watching the struggles of their children that followed the loss of their Family Home" (Compl. ¶ 115(S)(h)), we may no longer need to pursue the school records. Shawn, I do not believe that harm resulting from "watching the struggles of their children that followed the loss of their Family Home" necessarily entails school records. I also don't believe that the types of harms suffered by the Garcias in this heading would exclude school records. I would propose that you go forward with your examination of the Garcia family. If the testimony given makes school records relevant, we can then execute a release and allow you to reconvene any necessary deposition to address the school records. We can also consider a stipulation regarding that discrete issue if testimony puts the records "at issue" and the Garcias are not comfortable executing the release.

Thanks,

Shawn

**Shawn R. Obi**
**Partner**
Winston & Strawn LLP
T: +1 213-615-1700
D: +1 213-615-1763
F: +1 213-615-1750
winston.com
*Admitted to practice in California*



---

**From:** Nick Wooten <nick@nickwooten.com>
**Sent:** Monday, January 31, 2022 1:30 PM
**To:** Obi, Shawn <SObi@winston.com>; Parker, Chris <CParker@winston.com>; Salvador J. Lopez <lopez@robsonlopez.com>; Sandy Flores <sflores@robsonlopez.com>; Rusty Payton <info@payton.legal>; Linnea Pedelty <linnea@nickwooten.com>; Smedley, Angela A. <ASmedley@winston.com>
**Subject:** Garcia vs Wells Fargo

Shawn and Chris,

I am writing to update you regarding the status of the release for school records. We have discussed this issue and cannot find any relevance for this request given that the children are no longer plaintiffs in the case.

As to Dr. Pillai, we would like to know if she has been served yet. We have been informed she may be leaving Elmhurst. If she has not been served, then please let us know as she is an important witness.

Also, we are still awaiting information with respect to the requirements under Rule 35 for an IME so that we can further evaluate our position on your request.

We also have not heard from you regarding whether you will produce the deposition transcripts from the Hernandez litigation of the Wells Fargo employees and corporate representatives.

Thanks,

Nick

Nick Wooten, LLM, CAM, MFP, CWM, AFA, CPM

Nick Wooten, LLC

5125 Burnt Pine Drive

Conway, Ar. 72034

833-937-6389

nick@nickwooten.com

Honorary Global Advisor USA

American Academy of Financial Management

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.