# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO GARCIA and JULIA GARCIA,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 1:20-cv-02402<br><br>Judge Rebecca Pallmeyer<br><br>Judge Heather K. McShain |

**JULIA GARCIA'S RESPONSES TO DEFENDANT WELLS FARGO BANK, N.A.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Julia Garcia ("Julia"), by and through her undersigned counsel, hereby submits the following responses and objections to the Second Set of Requests for Production of Documents propounded by Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure. Julia reserves the right to supplement her responses and will produce any documents which may become available in response to these Requests.

**SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Over the course of more than ten years since Wells Fargo wrongly denied the Garcias for a loan modification, the Garcias are no longer in possession of all of their documents. They had to dispose of boxes of documents because of the short notice to vacate the property and had little time to pack and limited storage space in the Brookfield apartment they rented. Furthermore, after losing their house, the Garcias had no reason to believe there was a need to keep all of the documents for ten or more years.

The Garcias previously produced documents labeled GARCIA 00001-02003; BYRON'S SCHOOL RECORDS 00001-00041; MIRIAHM'S SCHOOL RECORDS 00001-00210; JULIA'S

1

MED RECS 00001-03322; EDUARDO'S MED RECS 00001-00853; BYRON'S MED RECS 00001-00292; and MIRIAHM'S MED RECS 00001-00840. The Garcias supplement their production of documents with GARCIA 02004-02118 and JULIA'S MED RECS 03323-03691.

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Identified in or Relating to Your responses to Defendant's First Set of Interrogatories.

**RESPONSE:** Where applicable, *see* Julia Garcia's Answers to Defendant's First Set of Interrogatories identifying the documents.

**REQUEST FOR PRODUCTION NO. 2:**

All non-privileged Documents Identified in Andrew J. Maxwell's Supplemental Initial Disclosures or relied upon in preparing those Supplemental Initial Disclosures.

**RESPONSE:** As stated in ¶2 of Plaintiff's Rule 26(a) Supplemental Initial Disclosures, the Garcias have produced all non-privileged Documents in their possession that were identified or replied upon in Plaintiff's Supplemental Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents that Refer or Relate to You or Your Children's search for housing after the foreclosure of the Mortgage, Including but not limited to the email correspondence sent by Your Child, Byron Garcia, while looking for a place to live.

**RESPONSE:** As clearly stated in Julia's Response to Wells Fargo's First Set of Requests for Production of Documents, Request No. 9, at this time, the Garcias have no documents that refer or relate to their or their Children's search for housing after the foreclosure of the Mortgage. The Garcias will testify as to the significant time and financial investment made in finding new housing after they were evicted with a short notice to vacate the Property. Byron will testify to the time he

spent personally looking for a place to live, calling landlords, sending emails, and filling out applications. As clearly stated in Byron's Responses to Wells Fargo's First Set of Request for Production of Documents, Request Nos. 5-10, Byron has no documents responsive to this Request.

In order to vacate the property in such a short time, the Garcias had to give away or sell most of their furniture and appliances because they didn't have time or space to move them to the Brookfield apartment. They had to dispose of documents because of limited time to pack and limited storage space in an apartment.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents or Communications that Refer or Relate to Your tenancy at the Brookfield Apartment, as defined in the Complaint and alleged in paragraphs 91–94 of the Complaint, Including all Documents or Communications that Refer or Relate to any rental payments made and the Brookfield Apartment pet policy

**RESPONSE:** Julia objects to this Request on the basis that Wells Fargo has subpoenaed documents responsive to this Request from Frank Adorno, Jr. and that it has been more than ten years since Wells Fargo foreclosed on the Family Home, so it would be unreasonable for Wells Fargo to expect Julia to have saved such documents. Subject to and without waiving this objection, *see* GARCIA 01736 (letter to property owner of Brookfield rental property) previously produced by the Garcias. The Garcias have no other documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents or Communications that Refer or Relate to Your employment records or employee performance evaluations since January 26, 2006.

**RESPONSE:** *See* GARCIA 01731-01735 (Julia Garcia's work evaluation for 01/2010 to 12/2010); GARCIA 01323-01370; 01372-01421 (Julia Garcia's paystubs 2007-2011); GARCIA

3

01562 (Julia Garcia's 2009 W-2); and GARCIA 01575 (Julia Garcia's 2010 W-2), previously produced. *See* GARCIA 02004-02005 (Julia Garcia's 2012 W-2), GARCIA 02085, 02114 (Julia Garcia's 2018 and 2019 1099-MISC).

**REQUEST FOR PRODUCTION NO. 6:**

All Documents or Communications that Refer or Relate to any professional references that You listed Regarding Your employment, Including any applications for new employment or any applications for any promotion(s).

**RESPONSE:** Julia objects to this Request on the basis that it does not state a specific time frame. Julia further objects to this Request on the basis that its reference to "any professional references" is broad and confusing in the context of this Request. Subject to and without waiving this objection, Julia has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications that Refer or Relate to the termination of Your employment and the reason(s) for the termination of Your employment since January 26, 2006.

**RESPONSE:** Julia objects to this Interrogatory on the basis that it has been more than ten years since Wells Fargo foreclosed on the Family Home, so it would be unreasonable for Wells Fargo to expect Julia to have saved such documents. Subject to and without waiving said objection, Julia does not have documents responsive to this Interrogatory, but she will testify that she was suffering with deteriorating physical and mental health and the stress and demands of her work were worsening her condition, so in September 2012 she chose to resign.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents or Communications with any healthcare providers that Refer or Relate to the original diagnosis and treatment of Your medical conditions as alleged in paragraphs

4

115(T)(a), (b), and (c) of the Complaint. ¶115(T)(a)(b)(c) refer to Wells Fargo's harms drastically affected Julia's physical and mental health - (a) diagnosed with Major Depressive Disorder; (b) diagnosed with fibromyalgia; (c) began suffering extreme migraines

**RESPONSE:** Julia objects to this Request on the basis that she has produced all medical records in her possession, and furthermore, Wells Fargo has issued subpoenas for all of Julia's medical records. Subject to and without waiving this objection, Julia was diagnosed with Major Depressive Disorder in or about 2008 (*see* JULIA'S MED RECS 02438). She was diagnosed with fibromyalgia in or about 2005 (*see* JULIA'S MED RECS 01971). She was diagnosed with migraines in or before 2011 (*see* JULIA'S MED RECS 01706). As stated throughout Julia's medical records, these conditions were aggravated by stress, in particularly the stress caused by Wells Fargo's harm to the Garcias. In addition to the extreme stress, the fibromyalgia was further aggravated by the lifting, packing and living out of boxes when the Garcias lost their home (*see* JULIA'S MED RECS 01689).

**REQUEST FOR PRODUCTION NO. 9:**

All Documents or Communications with any mental healthcare providers that Refer or Relate to Your mental health since January 26, 2006.

**RESPONSE:** Julia objects to this Request on the basis that she has previously produced medical records in her possession, and furthermore, Wells Fargo has issued subpoenas for all of Julia's medical records. Subject to and without waiving this objection, Julia, refers Wells Fargo to JULIA'S MED RECS 00001 – 03691. Additionally, Julia will testify about the impact that Wells Fargo's actions had on her mental health and will also testify about the cultural stigma and social barriers that are a deterrent for Hispanics to seeking mental health treatment.

5

**REQUEST FOR PRODUCTION NO. 10:**

All Documents or Communications with any healthcare provider that Refer or Relate to Your inability to operate a motor vehicle as a result of Your medical conditions or required medications as alleged in paragraph 115(T)(e).

**RESPONSE:** Julia objects to this Request on the basis that she has previously produced medical records in her possession, and furthermore, Wells Fargo has issued subpoenas for all of Julia's medical records. Subject to and without waiving said objection, Julia responds that her doctors advised her in approximately 2008 or 2009, that driving was a stressor to her neck and back pain, and that she should not drive while taking some of the pain medication. However, at one point around this time she suffered a migraine while driving on the expressway and nearly got into a major accident. This terrified her and left her traumatized. In the years since, she has driven only one time out of necessity.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents or Communications with the Department of Motor Vehicles that Refer or Relate to Your inability to operate a motor vehicle as a result of Your medical conditions or required medications as alleged in paragraph 115(T)(e).

**RESPONSE:** See response to Request for Production No. 10.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents or Communications that Refer or Relate to the post-secondary education of Your Child, Byron Garcia, at National Louis University, Including application and admissions Documents, scholarship Documents, registration Documents, disciplinary Documents, room and board Documents, academic performance Documents, graduation Documents, and withdrawal Documents.

6

**RESPONSE:** Julia objects to this Request on the basis that Wells Fargo has subpoenaed all records from National Louis University that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents or Communications that Refer or Relate to the post-secondary education of Your Child, Byron Garcia, at DePaul University or College of DuPage, Including application and admissions committee Documents, and scholarship Documents.

**RESPONSE:** During his junior year of high school, Byron told his parents that he wanted to attend DePaul University. His parents told him that if he was accepted into DePaul, they would do whatever they needed to do to pay for his college, even if it meant selling the house. Byron kept that hope until Wells Fargo denied the Garcias' loan modification application and foreclosed on the property, and Byron lost hope of attending DePaul, or any other school that would have required financial assistance from his parents. Julia will also testify about her belief that if Byron could have attended DePaul University, or College of DuPage at the in-district tuition rate, Byron would chosen these schools and would have graduated.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents or Communications that Refer or Relate to the post-secondary education of Your Child, Miriahm Garcia, Including application and admissions Documents, scholarship Documents, registration Documents, disciplinary Documents, room and board Documents, academic performance Documents, graduation Documents, and withdrawal Documents.

**RESPONSE:** *See* GARCIA 01880, 02026, 02047 (tax documents pertaining to National Louis University for Miriahm).

Dated: March 7, 2022  *Respectfully submitted*,

/s/ Nick Wooten
Nick Wooten
NICK WOOTEN, LLC
5125 Burnt Pine Drive
Conway, Arkansas 72034
(833) 937-6389
nick@nickwooten.com

Rusty A. Payton,
PAYTON LEGAL GROUP
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Salvador J. Lopez
ROBSON & LOPEZ, LLC
180 W. Washington Street, Suite 700
Chicago, Illinois 60602
312-523-2166
lopez@robsonlopez.com

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on March 7, 2022, a copy of the foregoing **Julia Garcia's Responses to Defendant Wells Fargo Bank, N.A.'s Second Set of Requests for Production of Documents** was served via electronic means on:

Scott P. Glauberman
Christopher Parker
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
sglauber@winston.com
cparker@winston.com

Angela A. Smedley
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Asmedley@winston.com

Shawn R. Obi
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Sobi@winston.com

*Counsel for Defendant*


          */s/ Nick Wooten*
          Nick Wooten