**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **EDUARDO GARCIA** and **JULIA GARCIA**, <br><br> Plaintiffs, <br><br> v. <br><br> **WELLS FARGO BANK, N.A.,** <br><br> Defendant. | Case No. 1:20-cv-02402 <br><br> Hon. Rebecca R. Pallmeyer <br><br> **ORAL ARGUMENT REQUESTED** |

**DECLARATION OF STACIE C. KNIGHT IN SUPPORT OF DEFENDANT'S MOTION FOR A PROTECTIVE ORDER PRECLUDING DEPOSITIONS OF ITS FORMER CHIEF EXECUTIVE OFFICERS**

I, Stacie C. Knight, hereby declare as follows:

1. I am an attorney licensed to practice in the State of North Carolina, have been admitted *pro hac vice* in the State of Illinois, and am Of Counsel with Winston & Strawn LLP, counsel for Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") in the above-captioned matter.

2. **Exhibit A** is a true and correct copy of Plaintiffs' Fourth Supplemental Rule 26(a) Disclosures.

3. **Exhibit B** is a true and correct copy of Wells Fargo's 2011 Consent Order with the OCC and 2013 Amendment thereto, and the 2015 Consent Order amending the 2011 Consent Order and 2013 Amendment to the 2011 Consent Order, including signature pages.

4. **Exhibit C** are true and correct copies of the Rule 30(b)(6) notice in *Hernandez* and excerpts from the Rule 30(b)(6) deposition transcript of Wells Fargo senior executive Carmen Bell from *Hernandez v. Wells Fargo* (No. 3:18-cv-7354-WHA, N.D. Cal.).

5. **Exhibit D** is a true and correct copy of Exhibit 399 to the Rule 30(b)(6) deposition of Wells Fargo senior executive Carmen Bell from *Hernandez v. Wells Fargo* (No. 3:18-cv-7354-WHA, N.D. Cal.), which was produced to Plaintiffs in this case.

6. A search of the approximately 11,000 documents produced in *Hernandez* and also produced to Plaintiffs in this case yielded five documents with Mr. Stumpf's name on them, and 21 documents with Mr. Sloan's name on them.

7. The documents containing Mr. Stumpf's name are three organization charts and two sets of meeting minutes. The meetings were to discuss Wells Fargo's remediation plan. Mr. Stumpf did not attend. Instead, the meeting attendants discussed whether it would be appropriate for Mr. Stumpf to be the signatory on customer letters related to the remediation (which, ultimately, he was not). None of the produced documents relates to Wells Fargo's consent orders with the OCC.

8. Of the 21 documents containing Mr. Sloan's name, only one email chain relates to Mr. Sloan's testimony before the Committee on Financial Services for the U.S. House of Representatives, which is the topic about which Plaintiffs apparently wish to question Mr. Sloan. See id. Mr. Sloan was not included on that email chain. Instead, another Wells Fargo senior executive, Carmen Bell, who was deposed in *Hernandez*, forwarded a fact sheet regarding the remediation plan to Wells Fargo's corporate communications team for potential use in preparing Mr. Sloan for his testimony. There is no unique information in the fact sheet. The remaining documents with Mr. Sloan's name on them are (1) three copies of a generic, company-wide email blast regarding Wells Fargo's August 3, 2018 10-Q filing; (2) minutes from the July 20, 2018 meeting of Wells Fargo's Regulatory Compliance Oversight Committee, where other attendees gave an update on Wells Fargo's remediation plan; (3) minutes from the August 23, 2018 meeting

of Wells Fargo's Regulatory Compliance Oversight Committee, where Mr. Sloan gave a general description of the remediation plan; (4) an email from Mr. Sloan to former Wells Fargo Board member Betsy Duke forwarding a copy of an attorney-client privileged memo and two PowerPoint slides that were exhibits at Carmen Bell's Rule 30(b)(6) deposition and were produced to Plaintiffs in this case; and (5) multiple copies of two email chains that include attorney-client privileged emails sent by or to Mr. Sloan, all relating to the Wells Fargo's 10-Q filings. The contents of those privileged emails have been withheld.

9. **Exhibit E** contains true and correct copies of the forbearance agreement offered to Plaintiffs in 2009 and resulting denial letter.

10. **Exhibit F** is a true and correct copy of the transcript from the March 8, 2022 Status Conference.

I hereby declare under the penalty of perjury that the foregoing statements made by me are true and correct.

Dated: May 12, 2022                     /s/ *Stacie C. Knight*
                                                                                            Stacie C. Knight

**Certificate of Service**

The undersigned, an attorney, hereby certifies that on the 12th day of May, 2022, the foregoing Declaration of Stacie C. Knight in Support of Defendant's Motion for a Protective Order Precluding Depositions of its Former Chief Executive Officers was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois, and was served by operation of that Court's electronic filing system on all parties of record.

Dated:  May 12, 2022                              */s/ Stacie C. Knight*
                                                                 Stacie C. Knight