# Exhibit F

```
            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

EDUARDO GARCIA and JULIA    )
GARCIA,                     )
                            )   Docket No. 20 C 2402
           Plaintiffs,      )
                            )
       vs.                  )
                            )
WELLS FARGO BANK, N.A.,     )   Chicago, Illinois
                            )   March 8, 2022
           Defendant.       )   10:30 a.m.


           TRANSCRIPT OF PROCEEDINGS - Status
   BEFORE THE HONORABLE CHIEF JUDGE REBECCA R. PALLMEYER

APPEARANCES:

For the Plaintiffs:     ROBSON & LOPEZ LLC
                        BY:  MR. SALVADOR J. LOPEZ
                        116 South Western Avenue, Unit 12247
                        Chicago, Illinois  60612

                        NICK WOOTEN, LLC
                        BY:  MR. NICK H. WOOTEN
                        4935 Bay Hill Drive
                        Conway, Arizona  72034

For the Defendant:      WINSTON & STRAWN LLP
                        BY:  MS. ANGELA SMEDLEY
                        200 Park Avenue
                        New York, New York  10166

                        WINSTON & STRAWN LLP
                        BY:  MR. CHRISTOPHER PARKER
                        35 West Wacker Drive
                        Chicago, Illinois  60601


Court Reporter:         FRANCES WARD, CSR, RPR, RMR, FCRR
                        Official Court Reporter
                        219 S. Dearborn Street, Suite 2524A
                        Chicago, Illinois  60604
                        (312) 435-5561
                        frances_ward@ilnd.uscourts.gov
```

```
 1            (The following proceedings were had telephonically:)
 2            THE CLERK:  20 CV 2402, Garcia, et al. versus Wells
 3   Fargo Bank for status.
 4            THE COURT:  Good morning.
 5            This is Judge Pallmeyer.
 6            I wonder if I can get your appearances for the
 7   record.  We will begin with the plaintiffs.
 8            MR. WOOTEN:  Your Honor, Nick Wooten for the
 9   Garcias.
10            THE COURT:  Good morning, Mr. Wooten.
11            MR. LOPEZ:  Good morning, your Honor.
12            THE COURT:  And for defendant?
13            MR. LOPEZ:  I'm sorry, your Honor.  Good morning.
14            Salvador Lopez, also on behalf of the plaintiffs.
15            THE COURT:  Thank you, Mr. Lopez.  Sorry to cut you
16   off.
17            Okay.  And for the defendant?
18            MS. SMEDLEY:  Good morning, your Honor.
19            You have Angela Smedley on behalf of Wells Fargo
20   Bank.
21            MR. PARKER:  Good morning, your Honor.
22            Chris Parker for Wells Fargo Bank as well.
23            THE COURT:  Good morning to you.
24            Okay.  We have -- I received a status report from
25   the parties earlier and, in addition, more recently, a motion
```

1  that I understand is opposed by the plaintiff to set the case
2  for trial.
3         Why don't we begin with a status report and any
4  outstanding discovery issues that I can resolve, if possible,
5  over the phone.
6         MR. WOOTEN:  Your Honor, this is Nick Wooten for
7  the Garcias.
8         As we represented, once we got our hands on the
9  *Hernandez* materials, things came into focus pretty quickly.
10        We are very deep into the process of isolating the
11 documents that we want to use for the trial of this matter.
12 We are still hoping to get them out by the 15th.  We may be a
13 day or two beyond that, but we are making a lot of progress.
14 I feel like we are close.
15        THE COURT:  Great.
16        MR. WOOTEN:  And we got the witness transcripts
17 that involve a number of the key players that were employees.
18 They have also been helpful.  We have got the 30(b)(6)
19 transcript.  All those things eliminate a number of things we
20 normally would need to do.
21        So we do feel like we could be ready for trial very
22 quickly.  We don't really feel like we need a lot else.
23        We are debating internally about the possibility of
24 taking one other employee deposition that did not get taken
25 in the class.  But other than that, we pretty much could be

1 ready very quickly.

2 As far as depositions and things, we have been
3 making a lot of progress. A lot have been taken. A lot are
4 scheduled to be taken over the next few days, before the end
5 of the month.

6 The only issue that's out there is, the defendants
7 have requested to have our clients examined by doctors of
8 their choosing. We have been discussing the parameters of
9 that. We have finally kind of gotten enough details to
10 evaluate that request. From our perspective -- I mean,
11 that's normally not something that we would agree to, but
12 it's also not something that we are going to create a fight
13 over to extend the amount of time it would take to get the
14 case in the courtroom.

15 THE COURT: Got it.

16 All right. Anything from defendant?

17 MS. SMEDLEY: Yes, your Honor.

18 We agree with plaintiffs that we have made a fair
19 amount of progress with especially third-party depositions.
20 We have been working cooperatively, the parties, to try to
21 get those scheduled as soon as possible.

22 The one area where we are running into a little bit
23 of friction has just been scheduling the rest of the -- well,
24 the doctor subpoenas. And I think we had a note to you in
25 our status report about this. But just because of the

1  doctors' schedules, they have not had a lot of availability
2  thus far.
3  Just this morning, we received notice that we have
4  been able to get one on the calendar, but the rest we are
5  still working on.  And plaintiffs have been trying to assist
6  with this as well.  It's just a matter, I think, of the
7  doctors -- you know, their busy schedules, and we are trying
8  to be as flexible as possible.  But we still have several of
9  those to take, as well as the plaintiffs' deposition, and I
10 think a couple of other third-party fact witnesses as well.
11 In addition to that, I think the one thing that --
12 we may get to this later, but in terms of setting a trial
13 date, we do intend to have a couple of experts on behalf of
14 Wells Fargo.  So we would like to make sure that we carve out
15 some time for a bit of expert discovery, as well as we would
16 appreciate the opportunity to file a dispositive motion
17 before we actually get to the trial date.
18 So I think -- oh, the only other thing.
19 Mr. Wooten was referring to -- when he said,
20 doctors of defendant's choosing, he was referring to the
21 Rule 35 independent medical examinations that we are looking
22 to set up.  It sounds like we will be on the same page about
23 this in terms of going forward.  So it sounds like it
24 shouldn't be a problem.
25 But we do anticipate -- you know, those aren't on

1    the calendar yet, so we will just need a little bit of time
2    to fit those in as well.
3              But I think that covers just about all of it.
4              THE COURT:  What would be the nature of the
5    dispositive motion argument?
6              MS. SMEDLEY:  I think that the primary focus will
7    be damages, although we will -- we do have an industry expert
8    to opine -- that we expect to opine on liability issues.  But
9    I do think the primary focus will be on damages.
10             A lot of what we are finding so far with our -- the
11   depositions that we have already taken is that it does look
12   like, you know, there may be some areas in which we can
13   narrow the scope of damages.  So I do think that will
14   probably be the primary focus of a dispositive motion.
15             THE COURT:  Okay.  The reason I was asking that
16   question was to determine whether and to what extent it would
17   be something that would delay trial.  I guess I'm not sure
18   that the damages discovery should delay trial by any great
19   length.
20             Obviously, damages are really important to
21   settlement, but Mr. Wooten's report suggests that he believes
22   settlement is just not going to happen in this case.
23             In any case, I do think it makes sense for us to
24   set a trial date.  And the reason I say that is, because of
25   the pandemic, a lot of -- there was a lot of -- kind of a

1   bottleneck on getting cases tried.  And unless we get them on
2   the calendar, we are going to get pushed back really pretty
3   far on this case.
4          I can't give you a date, for example, in the next
5   couple of months anyway, but I would like to get it on the
6   calendar, say, for the fall so that we have a date to aim for
7   and we kind of focus the mind on getting some of this
8   discovery all complete in time.
9          Why don't I ask you to consult with one another and
10  choose dates.
11         How long a trial do you expect this would go?  I
12  was thinking a week, but you probably have a better idea than
13  I do.
14         MR. WOOTEN:  Your Honor, based on my experience
15  with these cases, I would think that it is a case we could
16  start on Monday, strike the jury, get through the openings,
17  and probably start a little testimony and be done by Friday
18  would be my expectation.
19         THE COURT:  All right.  Is that consistent with the
20  defendant's view of how this case would be tried?
21         MS. SMEDLEY:  I think that sounds about right.
22         THE COURT:  All right.  Then what I am going to
23  ask --
24         MS. SMEDLEY:  Judge --
25         THE COURT:  Sure.  Go ahead.

1      MS. SMEDLEY:  Sorry.  I just wanted to clarify,
2 Judge.
3      We do not oppose setting a trial date, you know,
4 wholesale.  We are just -- the timeline that was proposed by
5 plaintiffs is, I think, what we are not on the same page
6 about.  So that's all that our opposition is really for.
7      THE COURT:  Understood.
8      Okay.  Well, then why don't I ask the two of you to
9 confer -- the four of you, I should say -- to confer about
10 trial dates and propose dates -- give me three different
11 weeks that you would be available after about, let's say,
12 late August.  Between late August and the end of the year, if
13 you could find three different weeks that everybody is
14 available, we will see if we can get those on our calendar as
15 well.
16      MR. WOOTEN:  All right.
17      MS. SMEDLEY:  Sounds good.
18      THE COURT:  All right.  Any other issues that we
19 should address right now, or should I simply put it over for
20 another status report in about 60 days?
21      MR. WOOTEN:  I'm not aware of any other issues,
22 your Honor.
23      THE COURT:  I am going to say that -- if there will
24 be a dispositive motion, I am going to suggest that I would
25 probably need to see any such motion no later than the end of

1  May if we want a realistic opportunity to get it ruled on
2  before trial.
3       MR. WOOTEN:  And, your Honor, as you mentioned, I
4  discussed the dispositive motion issue with my colleagues
5  when they mentioned it to me.  And as your Honor is well
6  aware, that takes up a lot of time and effort on the parties'
7  behalf in a case where I don't really think the factual
8  issues related to liability are in any dispute at all,
9  really.  So that portion of it concerns me a little bit,
10 trodden ground that's more or less already admitted.
11      If the issue is damages, we already have made a
12 couple of concessions, since the children agreed not to push
13 to be brought back into the case, to try to help the case
14 move faster.  We have been talking to our colleagues.
15      So if it's just a matter of one particular element
16 or one particular point or something, I mean, quite honestly,
17 that's not going to affect the overall value of the case in
18 front of a jury, in our mind.
19      So if it's something that we could agree on, we are
20 certainly happy to look at their concern to avoid the time
21 and the cost of that type of process.  I got the impression
22 that it was just something that they -- a box they felt like
23 they needed to check in the process.  So that was my concern.
24      MS. SMEDLEY:  I would disagree with that
25 characterization.

```
 1              I mean, we do think that it's not just damages in
 2   itself and narrowing the scope.  But we do have some -- there
 3   are some issues in terms of causation with the basis for
 4   plaintiffs' case and then the type -- the damages
 5   specifically that they are claiming as a result.
 6              And we do -- our client does feel that there are
 7   very viable arguments there that we would like to present to
 8   the Court.
 9              I heard you say end of May, Judge, for the
10   dispositive motion.
11              THE COURT:  Correct.
12              MS. SMEDLEY:  Would there be any wiggle room to
13   move that into June -- to the end of June, just because we
14   are worried about finishing these fact depositions, and then
15   we would hope for a few weeks to exchange expert discovery
16   with plaintiff and then move right into the summary judgment
17   phase.  A date in June might be very helpful for that.
18              THE COURT:  All right.  Well, why don't we make it
19   the end of the second week in June, then, mid-June.
20              Just so I am a little bit more specific here, let
21   me look at my calendar.  So we would be talking about no
22   later than June 10th.
23              MS. SMEDLEY:  Okay.
24              THE COURT:  All right. And then I will just set a
25   date, we will say, 60 days from now -- in other words, early
```

1  May -- for a further written status report.  That would be --
2  why don't we say May 6th.
3              MR. WOOTEN:  Your Honor, just for, I guess,
4  administrative housekeeping purposes, I guess I don't think
5  there would be any opposition from either side for you to
6  continue discovery until that date.
7              We will continue to work as if it's the end of the
8  month.  Like I said, we have been working furiously and
9  scheduling furiously and will continue to do so.  But I
10 wouldn't want anybody to be caught up on that deadline if
11 there was something that needed to roll a day or two past it.
12             THE COURT:  That sounds fine.  All right.  Good.
13             MS. SMEDLEY:  We appreciate that.  Thank you.
14             THE COURT:  All right.  Thank you.  Good luck.
15             MR. WOOTEN:  Thank you, your Honor.
16             MS. SMEDLEY:  Thank you, your Honor.
17             MR. LOPEZ:  Thank you, your Honor.
18         (An adjournment was taken at 10:44 a.m.)
19                      *    *    *    *    *
20 I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
21
22 /s/ Frances Ward_____March 30, 2022.
   Official Court Reporter
23 F/j
24
25