# EXHIBIT 5



# Attorney Fee Calculation Error – CIT 6214

**Executive Summary**

July 2018



Together we'll go far

0

# Overview

- Modification guidelines are set by the investors, in this case the GSE's and Treasury, Wells Fargo is responsible for strict adherence to underwrite to the guidelines, any deviation to the guidelines could result in repurchase risk.

- One of the main factors in a modification in calculating the modification options and determining a customer's ability to successfully make monthly payments in the future is housing to income (HTI) ratio, the allowable HTI to qualify for an investor program is clearly stated in the guidelines, it is a exact number, there is no range or ability to deviate. No application modifications require a payment decrease to qualify. (details in appendix)

- Attorney fees that have been incurred due to being in foreclosure, are one of the components that goes into the modification calculation which include certain state maximums allowed, defined by the investor. Investors guidelines typically capitalized the attorney fees.

- This issue impacted customers whose loans were owned by the GSEs and evaluated for any modification and customers whose loans were owned by Wells Fargo and private investors and were evaluated for a HAMP modification. While Wells Fargo and private investors normally waive attorney's fees during a modification process, the US Treasury HAMP program required that attorney's fees be capitalized

- From April 2010 to October 2015 the Home Preservation Application (HPA) tool, among other underwriting processes, was intended to use a state fee matrix to ensure attorney's fees for foreclosure costs did not exceed a certain threshold for each state. However, HPA was incorrectly programmed to add the maximum allowable attorney's fees to the actual attorney's fees already incurred. This resulted in the capitalized amount being inflated by the maximum amount of attorney's fees that were allowed in that state.

- The calculation resulted in the inflated capitalized amount being added to the principal balance. When the revised principal balance, including the inflated capitalized amount, is amortized over the revised term of the loan, the payment is higher than it should have been. This caused the HTI ratio to be overstated, which could have resulted in the customer's modification application being denied, when it should have been approved (example p. 3).

1

CONFIDENTIAL WF_HERNANDEZ_00106022

# Executive Summary Continued

- For the no application modifications requiring a payment change to be eligible, due to the calculation error the payment increased, causing a decline. When adjusting for the actual attorney fee's the payment decreased making the customer eligible. (example p.4)

- No customers were charged fees, nor paid fees, inappropriately. This calculation error only impacted the modification decision. When a customer was approved for a modification, the settlement process (similar to a loan origination closing) recalculated the attorney's fees correctly. .

- Reviewed 194,194 customers who were denied during this time period and found 646 customers who denied or deemed ineligible incorrectly due to the calculation error. (prevalidation) (details on p.5)

- Remediation recommendation is built off a previous remediation in 2016 (FHA-escrow), in which the framework was based on Independent Foreclose Review payout structure. In addition we will offer a mediation option for customers. (details on p.6)

**Redacted - BEP - OCC; BEP - FRB; BEP - CFPB**

2

2

CONFIDENTIAL WF_HERNANDEZ_00106023

# Actual Customer Example which demonstrates how the overstatement of attorney fee's impact outcome of decision

Example:
State – NY
State Fee Matrix Amount = $6,021
Hamp Tier 2 Program- Post Mod HTI 42% or lower
Recoverable Fees in system of record at time of decision = $3,648.33

| Amounts Capitalized in Decision | Amount |
|---|---|
| Delinquent Interest | $33,561.99 |
| Deliquent Escrow | $18,967.28 |
| Attorney Fee's (recoverable expenses) | $9,669.33 |
| Total amount to be capitalized | $62,198.60 |

= $3,648.33 (actual)+ $6,021 (state max)

| Information on modification | Decision with incorrect Attorney Fees | Decision using actual attorney fees | Difference |
|---|---|---|---|
| Pre-Mod Unpaid Principal Balance | $289,484.19 | $289,484.19 | |
| Capitalized Amount: | $62,198.60 | $56,177.60 | ($6,021) |
| Unpaid Principal Balance (add capitalized amount to UPB) | $351,682.79 | $345,661.79 | |
| Rate: | 4.50% | 4.50% | |
| Term: | 480 | 480 | |
| Principal & Interest | $1,581.04 | $1,553.97 | |
| Escrow: | $959.78 | $959.78 | |
| Pricipal, Interest, Taxes, Insurance | $2,540.82 | $2,513.75 | ($27.07) |
| Housing to Income Ratio | 42.08% | 41.63% | -0.45% |

1. Decision with the calculation error had $9,669.33 in recoverable (attorney fees) included in the capitalized amount which was overstated by $6,021 due to adding state max allowable. This resulted in a Housing to Income (HTI) ratio of 42.08%, the max allowable for HAMP program was 42%, hence denied.

2. When re-calculate using the correct attorney fees of $3,648.33 (9669.33-$6,021 state max) the DTI is now 41.63%, within the HAMP guidelines, making this an approved loan.

3. The payment difference between an the denial and approval is $27.07 with a .45% change in HTI

3

3

CONFIDENTIAL

WF_HERNANDEZ_00106024

# Actual Customer Example of no application modification
Requires payment to decrease from current to qualify

**Example:**
*State – ID*
*State Fee Matrix Amount = $2,847*
*FNMA No Application Program - Payment Reduction*
*Recoverable Fees in system of record at time of decision = $0*

| Amounts Capitalized in Decision | Capitized Amount used in Decision | Capitized Amount using actual Attorney Fees |
|---|---|---|
| Delinquent Interest | $4,286.01 | $4,286.01 |
| Deliquent Escrow | $1,239.41 | $1,239.41 |
| Attorney Fees (recoverable expenses) | $2,847.00 ① | $0.00 |
| Total amount to be capitalized | $8,372.42 | $5,525.42 |

1. Decision with the calculation error had $2847 in recoverable (attorney fees) included in the capitalized amount which was overstated by $2,847 due to adding state max allowable. This resulted in a payment increase, of $6.56 which caused the denial.

2. When re-calculate using the correct attorney fees of $0 (0-$2,847 state max) the payment decreases by $6.47, meets the requirement of no application modification.

| Information on modification | Pre Modification | Decision with incorrect Attorney Fees | Decision using actual attorney fees | Variance |
|---|---|---|---|---|
| Pre-Mod Unpaid Principal Balance | $172,163.68 | $172,163.68 | $172,163.68 | |
| Capitalized Amount: | - | ① $8,372.42 | ② $5,525.42 | ($2,847) |
| Unpaid Principal Balance (add capitalized amount to UPB) | - | $180,536.10 | $177,689.10 | |
| Rate: | 2.75% | 4.625% | 4.625% | |
| Term: | 279 | 480 | 480 | |
| Principal & Interest | $819.63 ① | $826.19 | ② $813.16 | ($6.47) ② |
| Escrow: | $160.68 | $160.68 | $160.68 | |
| Pricipal, Interest, Taxes, Insurance | $980.31 | $986.87 | $973.84 | ($6.47) |

4

4

# Details on the 646 Customers

- Of the 646 customers there are two types of modifications:

  - 255 Customer completed an application (engaged with WF) and were denied due to the calculation error

  - 391 customers who were eligible to received a GSE no application solicitation but didn't due to the calculation error. This a GSE program where if a customer is delinquent and meets certain criteria a modification offer is sent to them unsolicited. In these cases the customer was deemed not eligible and did not receive the offer.

- There are 5 categories in which a customer falls into: completed foreclosure, completed liquidation, paid in full, service transferred and still current active mortgage with WF

| Decline Due to Calculation Error | Completed Application Reviews | No Application Modification Reviews | Total |
|---|---|---|---|
| Completed Foreclosure | 113 | 265 | 378 |
| Completed Liquidation* | 46 | 24 | 70 |
| Paid in Full | 30 | 54 | 84 |
| Service Transferred | 27 | 24 | 51 |
| Active Accounts** | 39 | 24 | 63 |
| Total Denied or Ineligible | 255 | 391 | 646 |

\* Includes Short Sales and Deeds in Lieu of Foreclosure
\*\* Foreclosure Holds in Place

Data subject to final LOB and WFAS validation

- % of loans by investor

  - 81% GSE (Fannie/Freddie)

  - 17% private loans (typically WF services these like owned asset, however they were eligible for Treasury HAMP program during this time

  - 2% owned asset, customers who were eligible for the Treasury Hamp Program

- Of the 646 loans the average changes when correcting the error are:

  - $21.75 payment change

  - 1.30% HTI change

  - $4,325 overstatement of attorney fee

5

5

CONFIDENTIAL WF_HERNANDEZ_00106026

# Remediation Recommendation

- The remediation recommendation is based off of a similar remediation in 2016, FHA-Escrow, in which:
  - The Independent Foreclosure Review used in the National Mortgage Settlement provided a relative starting point which was approved by regulators and industry standard.
  - Recognizing the housing market had changed significant since 2012, an accelerator was added to the IFR payouts
- Remediation Amounts:
  - $15,000 for customers that ended in foreclose sale, completed a short sale or deed in lieu of foreclosure or service transferred and ended in same status. ($6,000 in IFR)
  - $5,000 for customers that paid in full. ($2,000 in IFR)
  - Customers who are still active will be offered modification with terms they should have received at time of incorrect decision. If the customer accepts the modification, we will adjust their account to lower their principal balance to the same point it would have been if the modification had been approved.
- Customers credit reporting and tax implications will be reviewed and corrected.
- Customers who are no longer active will be offered a mediation option.
- $10M accrual booked in June, 2018

6

6

# Appendix

7

7

CONFIDENTIAL

WF_HERNANDEZ_00106028

# Program Requirements

| Investor | Program Name | Housing to Income Ratio or Payment Reduction Requirements |
|---|---|---|
| Fannie / Freddie | No application modification | Requires a payment reduction |
| Freddie | FHLMC Mod | HTI has to be > 10% and < 55% |
| FNMA | FNMA New Mod | HTI has to be > 10% and < 55% |
| FNMA/Freddie/Bank and Private | Hamp Tier 1 | HTI of 31% |
| FNMA/Freddie/Bank and Private | Hamp Tier 2 | HTI between 25%-42% |
| Bank and Private | Non Hamp Bank and Private | HTI based on income level one of 31% / 34% / 38% |
| Bank and Private | Cap to Reinstate | HTI of 38% or less |

8

8

CONFIDENTIAL					WF_HERNANDEZ_00106029