IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO GARCIA and JULIA GARCIA, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No. 1:20-cv-02402 <br><br> Hon. Rebecca R. Pallmeyer |

## DECLARATION OF PETER M. ROSS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Peter M. Ross, hereby declare as follows:

1. I have over thirty-five years of experience in virtually all aspects of mortgage banking. I have been the senior servicing officer for three firms which, at the time, were among the largest servicing operations in the industry. I have overseen mortgage origination operations with full senior officer authority. For the last nineteen years, in my role as Partner of Performance Mastery Institute and Founder and President of PMR Consulting Group, I have gained in-depth knowledge of the operations of more than thirty mortgage banking firms and mortgage industry vendor firms. Many of my servicing assignments involved operating and direct management of my clients' default functions in the context of mortgage servicing.

2. During the financial crisis, acting as a member of a senior default team at MetLife Mortgage, I led the efforts of a top-ten mortgage servicer to develop new procedures to handle the substantial increase in borrowers' requests for assistance to avoid foreclosure. I assessed the nature of the financial distress being experienced by MetLife's customers and developed a triage process to streamline borrower requests and identify the loss mitigation options most appropriate

for each borrower. When the federal government announced the HAMP program, I created and implemented the new process flows necessary to accept, process, and approve the substantial volume of HAMP applications we received. I also redesigned the loss mitigation processes for short sales and deeds-in-lieu of foreclosure. To handle the tremendous volume increase, I investigated, negotiated, and then oversaw an outsourcing relationship that increased HAMP processing capacity. As part of the senior default team, I regularly attended division-wide meetings and brainstormed solutions for other default areas such as collections, foreclosure and bankruptcy.

3. Based on my firsthand experience, I am familiar with the best practices of leading mortgage servicers within the industry, particularly as it pertains to loss mitigation operations.

4. I have personal knowledge of the matters set forth herein, and if called upon as a witness I could competently testify thereto.

5. I have been retained by the Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), as an expert in this case to review Wells Fargo's actions concerning the Plaintiffs' loan modification requests in the context of the broader financial crisis and changes to loan modification processes during that time. In particular, I have been asked to:

   a. Discuss the servicing loss mitigation environment of the financial crisis during which HAMP was introduced;
   b. Discuss the requirements of HAMP, including the criteria for approving HAMP loan modifications;
   c. Explain the error that caused Wells Fargo to decline the Garcias' HAMP loan modification application ("HPA Tool Error");
   d. Assess Wells Fargo's efforts to detect and remediate the HPA Tool Error in the context of industry standard practices;
   e. Evaluate Wells Fargo's efforts to ensure the Garcias kept their home;

    f.   Discuss, based on my experience, the general likelihood that borrowers who obtained trial HAMP modifications were able to avoid eventual foreclosure.

6.   Attached hereto as Exhibit A is a true and correct copy of the expert report I prepared in this case on behalf of Wells Fargo in connection with its Motion for Summary Judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of June in 2022 in Fort Erie, Ontario Canada.

_____
Peter M. Ross

## Certificate of Service

The undersigned, an attorney, hereby certifies that on the 10th day of June, 2022, the foregoing Declaration of Peter M. Ross in Support of Defendant's Motion for Summary judgment was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois, and was served by operation of that Court's electronic filing system on all parties of record.

Dated: June 10, 2022         /s/ *Christopher Parker*
                             Christopher Parker