**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EDUARDO GARCIA and JULIA GARCIA, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No. 1:20-cv-02402 <br><br> Hon. Rebecca R. Pallmeyer |

**DECLARATION OF ROBERT FERGUSON IN SUPPORT OF DEFENDANT**
**WELLS FARGO BANK N.A.'S MOTION FOR SUMMARY JUDGMENT**

I, Robert Ferguson, hereby declare:

1.      I am a Lending Operations Manager for Wells Fargo Home Mortgage, which is a division of Wells Fargo Bank, N.A ("Wells Fargo"). I have worked for Wells Fargo Home Mortgage for approximately 18 years. My job responsibilities include leading the employees responsible for working with in-house and outside counsel on litigated matters, to review documents and to verify discovery responses. I also appear on behalf of Wells Fargo at settlement conferences, mediations, depositions, and trials. Except where otherwise indicated, I have personal knowledge of the matters set forth below and could and would testify competently thereto.

2.      As part of my job responsibilities for Wells Fargo, I am familiar with the types of records maintained by Wells Fargo in connection with the loan at issue in this litigation. Also as part of my job responsibilities for Wells Fargo, I have authority to access the records maintained by Wells Fargo in connection with the loan at issue in this litigation.

3.      During, and in the aftermath of, the 2008 economic crisis, Wells Fargo was faced with a significant increase in demand for loss mitigation, which included loan modifications. On June 30, 2018, Wells Fargo announced that an internal review had identified two errors in its loan modification decisioning process, both of which led to the erroneous denials of trial payment plans or trial modifications for certain borrowers. All told, those errors affected 3,082 loan modification decisions. In connection with these errors, Wells Fargo began a voluntary remediation program. Eduardo Garcia and Julia Garcia participated in that process, receiving $24,500.

4.      A true and correct copy of the Note Eduardo and Julia Garcia signed is attached hereto as Exhibit A[1].

5.      Based on my review of records (a) made at or near the time recorded; (b) made by someone with knowledge—or from information transmitted by someone with knowledge—of the contents of each document; (c) kept in the regular course of Wells Fargo's regularly conducted business activity; and (d) made as part of a routine practice of Wells Fargo's regularly conducted business activity:

      a.      Wells Fargo reviewed the Garcias for loss mitigation nine separate times during the life of their loan.

      b.      The Garcias fell behind on their mortgage payments beginning in December 2006. As a result of their default, Wells Fargo offered the Garcias a Temporary Forbearance Agreement, which the Garcias accepted. A copy of the Temporary Forbearance Agreement, dated February 20, 2007, is attached hereto as Exhibit B.[2] On September 11, 2007, the Garcias completed the requirements of the Temporary Forbearance Agreement which brought their loan current.

---

[1] WF_GARCIA_00000298 – 301
[2] WF_GARCIA_00002975 – 2976

2

c.      As of at least February 2008, the Garcias again fell behind on their mortgage payments.

d.      On March 27, 2008, the Garcias were considered and denied for a loan modification because their monthly expenses exceeded their monthly income.

e.      On September 30, 2008, the Garcias were offered a Special Forbearance Plan. They were required to pay $3,140 on October 15, 2008, $3,207.54 on November 15, 2008, $3,207.54 on December 15, 2008, and $8,087.14 on February 15, 2008. The Garcias made only the first payment on this plan on October 15, 2008. A copy of the Special Forbearance Plan is attached hereto as Exhibit C.[3]

f.      The Garcias made no payments on their loan after October 15, 2008. At that time, the loan was due for the September 1, 2008, payment.

g.      On August 26, 2009, the Garcias were offered a Special Forbearance Plan. The Plan required the Garcias to pay $4,130.92 on September 10, 2009, $3,152.38 on October 10, 2009, $3,152.38 on November 10, 2009, and $3,152.38 on December 10, 2009. The Garcias failed to make any payments on this plan. A copy of the Special Forbearance Plan is attached hereto as Exhibit D.[4]

h.      On January 6, 2010, the Garcias were denied a loan modification because they failed to send in the requested documents and information.

i.      On March 27, 2010, the Garcias were approved for a modified payment plan, which would have reduced their monthly payments from around $3,100 to $1,871.60. The Garcias declined this plan. A copy of that plan is attached hereto as Exhibit E.[5]

---

[3] WF_GARCIA_00002978 – 2979
[4] WF_GARCIA_00002983 – 2985
[5] WF_GARCIA_00002993 – 3001

3

j.      On April 22, 2010, the Garcias applied for a HAMP trial loan modification. A copy of their application is attached hereto as Exhibit F.[6] Wells Fargo evaluated the Garcias for this trial loan modification and determined they were ineligible on August 24, 2010. The calculation error in the HPA tool affected that decision.

k.      On December 1, 2010, the Garcias were denied a loan modification because they failed to send in the requested documents and information.

l.      On February 7, 2011, the Garcias were denied a loan modification because their monthly expenses exceeded their monthly income.

m.      On February 18, 2011, the property securing the Garcia's loan was sold to a third-party at a foreclosure sale. The winning bid was 144,500.00 by Deutsche Bank National Trust Company as Trustee for Morgan Stanley IXIS Real Estate Capital Trust. At the time of the foreclosure sale, the Garcia's unpaid principal balance was $218,440 and the Garcias were 30 months behind on their mortgage payments. A copy of the report of foreclosure sale and distribution is attached hereto as Exhibit G.[7]

n.      On May 26, 2011, the Garcias filed for Chapter 7 bankruptcy. A copy of their bankruptcy filing is attached hereto as Exhibit H.[8]

o.      On July 26, 2019, Wells Fargo sent the Garcias an initial remediation letter. A copy of that letter is attached hereto as Exhibit I.[9]

p.      On November 18, 2019, Wells Fargo sent the Garcias a second remediation letter. A copy of that letter is attached hereto as Exhibit J.[10]

---

[6] WF_GARCIA_00003002 – 3012
[7] WF_GARCIA_00003083 – 3087
[8] GARCIA_00061 – 00109
[9] GARCIA_00007 – 10
[10] GARCIA_00011 – 12

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of June 2022.

DocuSigned by:

*Robert Ferguson*

E81E3E6D28ED4EE...

Robert Ferguson
Loan Administration Manager
Assistant Vice President

5

Respectfully submitted,

WINSTON & STRAWN LLP


By:    */s/ Shawn Obi*
        Shawn Obi
        333 South Grand Avenue, 38th Floor
        Los Angeles, CA 90071-1543
        Tel:    213-615-1700
        Fax:    213-615-1750
        Email: sobi@winston.com

        Attorneys for
        Wells Fargo Bank, N.A

**<u>Certificate of Service</u>**

The undersigned, an attorney, hereby certifies that on the 10th day of June, 2022, the foregoing Declaration of Robert Ferguson in Support of Defendant's Motion For Summary Judgment was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois, and was served by operation of that Court's electronic filing system on all parties of record.

Dated:  June 10, 2022                              */s/ Shawn R. Obi*
                                               Shawn R. Obi