# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDUARDO GARCIA and <br> JULIA GARCIA, <br><br>            Plaintiffs, <br> vs. <br><br> WELLS FARGO BANK, N.A., <br><br>            Defendant. | Case No.: 1:20-cv-02402 <br><br> Honorable Rebecca R. Pallmeyer <br><br><br> JURY TRIAL DEMANDED |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' JURY VERDICT FORM 4 ON REPREHENSIBILITY

Plaintiffs respectfully submit this brief memorandum in support of their proposed verdict form 4 regarding reprehensibility as a finding of fact by the Jury.

Before the Court is the Plaintiffs' verdict form 4, reproduced herein, with Wells Fargo's objection to the use of the verdict form, as follows:

## **VERDICT FORM 4**

Instructions:

You have decided that Wells Fargo should be punished by an award of punitive damages in this case. The law requires you to make a specific factual finding regarding the degree of reprehensibility of Wells Fargo's conduct in this case. The Courts have devised a numbered scale to measure reprehensibility in a quantifiable way to ensure that every civil defendant has the reprehensibility of their conduct determined by a jury using the same standard. With these instructions in mind, please review the Reprehensibility Scale below and answer the question below the Scale.

The Reprehensibility Scale

| Only Slightly | | Moderately | | Significantly | | Extremely | | Outrageously |
|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |

Using the appropriate number from the Reprehensibility Scale, please answer this question:

1) How reprehensible is Wells Fargo's conduct as proven at trial by the Garcias?

_____ (enter a number from 1-9, date and sign below, and proceed to Verdict Form 5)

Date: _____

| _____ | _____ | _____ |
|---|---|---|
| JUROR | JUROR | JUROR |
| _____ | _____ | _____ |
| JUROR | JUROR | JUROR |
| _____ | _____ | _____ |
| JUROR | JUROR | JUROR |
| _____ | _____ | _____ |
| JUROR | JUROR | JUROR |

Wells Fargo's objection is stated as follows:

**Objection(s): Question is wholly irrelevant, prejudicial, and misstates the law. IPI 35.00 provides no such "reprehensibility scale." Plaintiffs have not cited to any source to support this "reprehensibility scale." Question is vague, improperly suggestive, and likely to confuse the jurors.** *Chlopek v. Fed. Ins. Co.*, **499 F.3d 692, 701 (7th Cir. 2007) ("[T]he verdict form must accurately, adequately, and clearly state the relevant issues, and [a]mbiguous, biased, misleading, or confusing questions may warrant reversal.") (internal quotes omitted).**

## GARCIAS' RESPONSE IN OPPOSITION TO THE OBJECTION

There is a festering wound rotting in the body of our punitive damages jurisprudence that is offensive to the Garcias' rights secured by the Seventh Amendment. In the recent case of *Saccameno v. United States Bank Nat'l Ass'n,* the Seventh Circuit wrote "Ocwen's conduct was reprehensible, but not to an extreme degree." See, 943 F.3d 1071, 1088 (7th Cir. 2019). The Seventh Circuit went on to compare the conduct in *Saccameno* to the conduct in *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 901 F.3d 1282, 1288-89 (11th Cir. 2018) ultimately stating "Ocwen's conduct was less reprehensible than that in *McGinnis* and thus warrants a smaller punishment." *Saccameno,* 1088. With that ruling, the Circuit Court of Appeals engaged in judicial fact-finding regarding the degree of reprehensibility of Ocwen's conduct without the benefit of any such fact-finding by the duly empaneled *Saccameno* jury.

The Supreme Court has held "[p]erhaps the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the

defendant's conduct. As the Court stated nearly 150 years ago, exemplary damages imposed on a defendant should reflect "the enormity of his offense."'" *BMW of N. Am. v. Gore*, 517 U.S. 559, 575, 116 S. Ct. 1589, 1599 (1996). However, no jury finding was made in *Gore* on the degree of reprehensibility of the Defendants' conduct. The Seventh Circuit has also written "[t]he first and most important guidepost is the reprehensibility of the defendant's conduct[.]" *Saccameno v. United States Bank Nat'l Ass'n*, 943 F.3d 1071, 1086 (7th Cir. 2019).

At trial, both Plaintiff and Defendant are entitled to factual findings by a jury of their peers. Rule 49(a) authorizes this Court to require a jury to return a special verdict in the form of a special written finding on each issue of fact. Rule 49(a)(1) further states that the Court may do so by "(A) submitting written questions susceptible of a categorical or other brief answer; (B) submitting written forms of the special findings that might properly be made under the pleadings and evidence; or (C) using any other method that the court considers appropriate." Further, under Rule 49(a)(2), the Court "must give the instructions and explanations necessary to enable the jury to make its findings on each submitted issue." Rule 49(a)(3) makes clear that a waiver can occur if a party fails to demand submission of any fact issue to the jury. Rule 49(b) authorizes a similar approach by general verdict with answers to written questions. The animating purpose of a Rule 49(a) special verdict is "to avoid confusion, appellate uncertainty and need for additional proceedings by identifying bases on which jury rendered its verdict." *Stewart & Stevenson Services, Inc. v. Pickard*, 749 F.2d 635, CCH Prod. Liab. Rep. ¶ 10332, 1984 U.S. App. LEXIS 15703

(11th Cir. 1984). A District Court has considerable discretion as to the nature and scope of issues to be submitted to jury in form of special verdict questions. *Perzinski v. Chevron Chemical Co.*, 503 F.2d 654, 1974 U.S. App. LEXIS 6817 (7th Cir. 1974); *Hibma v. Odegaard*, 769 F.2d 1147, 1985 U.S. App. LEXIS 21024 (7th Cir. 1985)).

Since the degree of reprehensibility is the most important guidepost to determine reasonableness of a punitive damages award, both Garcias and Wells Fargo are entitled to a special verdict form making a fact finding on the degree of reprehensibility. From this dilemma, Garcias' counsel crafted the "Saccameno" scale of Reprehensibility. This verdict form is intended to eliminate an appellate court's wandering to and fro seeking incomplete or partial fact patterns that might compare haphazardly to the facts on appeal in each case. This will also eliminate the need for appellate court fact-finding when determining the reprehensibility of a defendant's conduct.

By creating a special verdict form that allows a jury to rank the reprehensibility of conduct on a familiar numbered scale, with 1 being only slightly reprehensible, and 9 being unacceptable in a civilized society, the Court can plot a definite point where the jury determined the conduct fell based on the evidence submitted. The higher the number, the higher punitive damages should be appropriate under the case law. The lower the number, the lower the punitive damages that should be sustained. This scale can then be used in both the post-trial motion process and the appellate process.

Because the degree of reprehensibility of Wells Fargo's conduct is a fact that can be determined by a jury, and because it is susceptible to a system of determination that is uniform and based on existing case law describing the extremes of reprehensibility, verdict form 4 is a proper special verdict form. If Wells Fargo would like fewer adjectives to describe the conduct, then the Court could simply set the poles of reprehensibility with the terms "minimally reprehensible" as stated in *Int'l Union of Operating Eng'rs, Local 150 v. Lowe Excavating Co.*, 225 Ill. 2d 456, 490, 312 Ill. Dec. 238, 259, 870 N.E.2d 303, 324 (2006) as the low side of the scale and "extremely reprehensible[]" as stated in *Sommerfield v. Knasiak*, 967 F.3d 617, 623 (7th Cir. 2020) for the high side of the scale. Such that the scale would appear like this:

The Reprehensibility Scale

Minimally                                                                                 Extremely

1      2      3      4      5      6      7      8      9

Regardless of which scale is used, the basic point is the same. Courts engage in little more than sophistry or divination when they attempt to determine a jury's findings on reprehensibility. At least a trial court engaged in the practice has the benefit of sitting through the trial and seeing the witnesses and hearing the testimony in person. Appellate courts do nothing more than peruse a cold, dead transcript, much like a Monday morning quarterback reading the sports page.

The Garcias are entitled to a finding of fact on this point. The Reprehensibility Scale creates a simple and straightforward way for a jury to make a finding of fact on this highly critical issue that can be uniformly adopted such that Courts can base

their comparison of ratios and verdicts to similarly scored reprehensibility rather than judicial divination of what seems "about right" for a given case.

## CONCLUSION

Based on the foregoing, the Garcias request a special verdict form as set out in Verdict Form 4 to determine the degree of reprehensibility of Wells Fargo's conduct in this case.

Dated: June 2, 2023.

| | |
|---|---|
| */s/ Nick Wooten*<br>Nicholas H. Wooten<br>DC LAW, PLLC<br>1012 W. Anderson Lane<br>Austin, Texas 78757<br>Phone: (512) 910-3285<br>Fax: (512) 220-1801<br>nick@texasjustice.com<br><br>Salvador J. Lopez<br>ROBSON & LOPEZ, LLC<br>121 S. Western Avenue<br>Unit 1<br>Chicago, Illinois 60612<br>Phone: (312) 523-2166<br>lopez@robsonlopez.com<br><br>*Counsel for Plaintiffs* | Rusty A. Payton<br>DC LAW, PLLC<br>20 North Clark Street, Suite 3300<br>Chicago, Illinois 60602<br>Phone: (773) 682-5210<br>rusty@chicagojustice.law |

## CERTIFICATE OF SERVICE

Plaintiff's Counsel certifies that on June 2, 2023, he caused the foregoing proposed Jury Verdict Forms to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

/s/ *Nick Wooten*

Nicholas H. Wooten
DC Law, PLLC
1012 W. Anderson Lane
Austin, Texas 78757
Phone: (512) 910-3285
Fax: (512) 220-1801
nick@texasjustice.com

Rusty A. Payton
Payton Legal Group
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
Phone: (773) 682-5210
info@payton.legal

Salvador J. Lopez
Robson & Lopez, LLC
180 W. Washington Street, Suite 700
Chicago, Illinois 60602
Phone: (312) 523-2166
lopez@robsonlopez.com

*Counsel for Plaintiffs*